UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 27 2000

Michael M. Milby, Clerk

| | |
|---|---|
| ARTHUR GOCHMAN AND MOLLY GOCHMAN § § § | |
| Plaintiffs § § | |
| VS. § § | CIVIL ACTION NO._____ |
| § § | |
| KEN OAKLEY, THE CITY OF PORT ARANSAS, TEXAS, URBAN ENGINEERING, AND STANLEY A. STARRETT, JR. § § § § § | C-00-126 |
| Defendants § | |

## NOTICE OF REMOVAL TO FEDERAL COURT

NOW COMES **the CITY OF PORT ARANSAS, TEXAS, KEN OAKLEY, AND STANLEY A. STARRETT, JR.** Defendants in the above-entitled and numbered cause, and files this their Notice of Removal and in support thereof would show the Court the following:

I.

This lawsuit was originally filed by Plaintiffs in the 94th Judicial District Court of Nueces County, Texas ("State Court") in Cause No. 99-1336-C, styled <u>Arthur Gochman and Molly Gochman vs. Stanley A. Starrett, Jr.</u>, alleging claims under the U.S. Constitution and 42 U.S.C. § 1983, necessitating removal under the Court's federal question jurisdiction.

II.

Plaintiffs allege they were subjected to violations of their rights protected by the U.S. Constitution and 42 U.S.C. § 1983. Plaintiffs' allegations are more fully set out in Plaintiffs' First Amended Petition. There exists a federal question regarding violation of the Plaintiffs' rights under the United States Constitution and 42 U.S.C. § 1983.

III.

This Court, therefore, has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331, and removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) and (b).

IV.

This Notice of Removal is filed with this Court within 30 days after receipt of Plaintiffs' First Amended Petition which alleges Plaintiffs' causes of action for violation of rights under the United States Constitution, and 42 U.S.C. § 1983.

V.

Plaintiffs made a jury demand in their state court Petition.

VI.

Promptly after filing this Notice of Removal, written notice of such filing is being given to all parties as required by law.

WHEREFORE, Defendants pray that the above-entitled action be removed from the 94th Judicial District in Nueces County, Texas to this Court.

Respectfully submitted,

By _____
James F. McKibben, Jr.
State Bar No. 13713000
Federal I.D. No. 914

**ATTORNEY-IN-CHARGE FOR DEFENDANT
CITY OF PORT ARANSAS**


**OF COUNSEL**

**BARGER, HERMANSEN, McKIBBEN & VILLARREAL, L.L.P.**
One Shoreline Plaza
800 North Shoreline Blvd.
Suite 2000 - North Tower
Phone (361) 882-6611
Fax (361) 866-8039


Fred Dreiling
State Bar No.06115100
LAW OFFICES OF FRED D. DREILING
Bank of America
500 North Water St. - Suite 714
Corpus Christi, Texas 78471
(361) 883-0186
(361) 882-4112 - Facsimile

**ATTORNEY FOR DEFENDANTS
KEN OAKLEY and ANDREA OAKLEY**


Jorge C. Rangel
State Bar No. 16543600
The Law Offices of Jorge C. Rangel, P.C.
P.O. Box 2683
Corpus Christi, Texas 78403-2683
(361) 883-8500
(361) 883-2611 - Facsimile

**ATTORNEY FOR DEFENDANT
STANLEY A. STARRETT, JR.**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed to the following counsel of record in accordance with the Texas Rules of Civil Procedure this 27 day of March, 2000.

Mr. Max J. Luther, III
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas    78470-0165

Mr. Michael Gene Morris
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411

Mr. Ed Cogburn
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046

Mr. E.R. Fleuriet
The Fleuriet Schell Law Firm LLP
621 E. Tyler
Harlingen, Texas 78550

Mr. Jorge C. Rangel
The Law Offices of Jorge C. Rangel, P.C.
P.O. Box 2683
Corpus Christi, Texas 78403-2683

James F. McKibben, Jr.

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN AND | § | |
| MOLLY GOCHMAN | § | |
| | § | |
| VS. | § | |
| | § | 1.    CIVIL ACTION NO._____ |
| | § | |
| KEN OAKLEY, THE | § | |
| CITY OF PORT ARANSAS, TEXAS, | § | |
| URBAN ENGINEERING, AND | § | |
| STANLEY A. STARRETT, JR. | § | |

## LIST OF STATE COURT PLEADINGS

### CAUSE NO. 99-01336-00-D-C

1.    Citation of Stanley A. Starrett, Jr. (3/12/99)

2.    Original Answer: Stanley A. Starrett, Jr. (4/27/99)

3.    Plaintiff's First Amended Petition (2/23/00)

4.    Citation of Ken Oakley (2/29/00)

5.    Citation City of Port Aransas (2/29/00)

6.    Citation of Urban Engineering (2/29/00)

### CAUSE NO. 99-01591-00-D-H

7.    Citation of Ken Oakley (4/9/99)

8.    Citation of City of Port Aransas (4/9/99)

9.    Original Answer of City of Port Aransas (4/27/99)

10.   Citation of Ken Oakley (08/05/99)

11.   Defendant's First Amended Answer and Original Counterclaim (1/25/00)

12.   Plaintiff's First Amended Petition for Injunction an Mandamus (2/23/00)

13.   Citation of Urban Engineering (2/29/00)

14.   Citation of Stanley Starrett, Jr. (2/29/00)

15.   Order Granting the Plaintiff's, Arthur Gochman and Molly Gochman's Agreed Motion to Consolidate (3/20/00)

1

RUN DATE 03/17/2000
RUN TIME 1:40 PM

     *  *  *  C L E R K ' S  E N T R I


GOCHMAN, ARTHUR, ET AL

VS

OAKLEY, KEN, ET AL


* * * DOCKET ENTRIES * * *

* * * DOCUMENTS FILED * * *

| Date | Entry |
|---|---|
| 04/07/1999 | ORIGINAL PETITION FILED |
| 04/07/1999 | CIVIL CASE INFO SHEET/FF |
| 04/07/1999 | REQ FOR SVC SHEET/FF |
| 04/09/1999 | CITATION (PU): KEN OAKLEY |
| 04/09/1999 | SERVED: |
| 04/09/1999 | CITATION (PU): PORT ARANSAS, CITY OF |
| 04/09/1999 | SERVED: 04/13/99    FILED: 04/15/99 |
| 04/27/1999 | ORIGINAL ANSWER: PORT ARANSAS, CITY OF |
| 08/04/1999 | MTN F SUB SVC/CZ |
| 08/04/1999 | SVC INFO SHEET/CZ |
| 08/05/1999 | CITATION (PU): KEN OAKLEY |
| 08/05/1999 | SERVED: 08/18/1999    FILED: 08/25/1999 |
| 09/10/1999 | ORIGINAL ANSWER: KEN OAKLEY |
| 10/27/1999 | OBJT T DATE O ORAL DEPO |
| 10/28/1999 | OBJTN T DATE O ORAL DEPO/LP |
| 11/10/1999 | RULE 11 AGRMNT/GG |
| 11/18/1999 | NOTC O INT TK ORAL DEPO O STEVEN THOMPSON/GG |
| 11/30/1999 | PLT ARTHUR GOCHMAN & MOLLY GOCHMAN MTN T CONSOLIDATE/GG |
| 12/21/1999 | NOTC D/T INT TK ORAL DEPO O KEN OAKLEY/GG |
| 12/30/1999 | REPTR CERTF DEPO O STEVEN THOMPSON/GG |
| 01/25/2000 | DFT'S 1ST AMNDED |
| 01/25/2000 | COUNTER CLAIM: KEN OAKLEY |
| 02/16/2000 | NOTC D/T O INTENT T TK ORAL DEPO O KEN OAKLEY/AG |
| 02/23/2000 | PLTS' 1ST AMD PTN F INJUNCTION & MANDAMUS/GC (FS |
| 02/29/2000 | LTR T CT MGR/GG |
| 02/29/2000 | CITATION (PU): URBAN ENGINEERING |
| 02/29/2000 | SERVED: 03/01/2000    FILED: 03/02/2000 |
| 02/29/2000 | CITATION (PU): STANLEY A. STARRETT, JR. |
| 02/29/2000 | SERVED: |
| 03/10/2000 | MTN F SUBS CNSL/GG |

Case 2:00-cv-00126   Document 1   Filed in TXSD on 03/27/2000   Page 7 of 79

*   *   *   FROM 01/01/1901   THRU 03/17/2000        99-01891-00-0-H

(10)                                    FILED:   04/07/1999

OTHER CIVIL CAUSES

Citation for Personal Service - NON-RESIDENT NOTICE

Lit. Seq. # 5.003.01

No. 99-01891-00-0-H

T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
KEN OAKLEY
7400 WEST ARROWHEAD, CLUB HOUSE DIRVE #3042
GLENDALE, ARIZONA  85308

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION FOR INJUNCTION AND MANDAMUS

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 347th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said _____ PETITION _____ was filed on _____ APRIL 07, 1999 _____.  A copy of same accompanies this citation.

The file number of said suit being No. 99-01891-00-0-H.
The style of the case is:

GOCHMAN, ARTHUR, ET AL
VS.
OAKLEY, KEN, ET AL

Said petition was filed in said court by _____ MAX J. LUTHER, III _____
(Attorney for _____ PLAINTIFF _____), whose address is
805 NORTH CARANCAHUA, SUITE 1350, CORPUS CHRISTI, TEXAS  78470-0165

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 9th day of _____ APRIL _____, A.D. 1999.

COPY ONLY
NOT VALID FOR SERVICE

_____ OSCAR SOLIZ _____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By:_____, Deputy
_____ GRACIE CANTU _____

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County,

By _____ Deputy

-------------------------------------------------------------------------------

# A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at _____ o'clock ___.M., on the _____ day of _____, 19___.

Executed at _____ in _____ County, Texas at

_____ o'clock ___.M., on the _____ day of _____, 19___, by delivering to

_____ defendant, in person, a

true copy of the Citation together with the accompanying _____ copy(ies) of the

_____ Petition attached thereto and I endorsed

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 19___.

_____

_____ County, Texas

by _____
    Process Server

_____

Authorized Person – Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of

_____, 19___.

Notary Public – State of Texas
in and for _____

Commission expires:_____

Citation for Personal Service - RESIDENT     (P)(U)    · ORIG

Lit. Seq. # <u>5.004.01</u>

## No. <u>99-01891-00-0-H</u>

# T H E   S T A T E   O F   T E X A S

    NOTICE TO _____<u>DEFENDANT</u>_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
<u>THE CITY OF PORT ARANSAS TEXAS</u>
<u>MAY BE SERVED BY SERVING THE CITY SECRETARY</u>
<u>CITY HALL</u>
<u>PORT ARANSAS, NUECES COUNTY, TEXAS</u>
the _____<u>DEFENDANT</u>_____ , GREETING:

    You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' ORIGINAL PETITION FOR INJUNCTION AND MANDAMUS</u>
_____
_____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>Honorable District Court, 347th Judicial District</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____<u>PETITION</u>_____ was filed on <u>APRIL 07, 1999</u> . A copy of same accompanies this citation.

The file number of said suit being No. <u>99-01891-00-0-H</u>.
The style of the case is:

GOCHMAN, ARTHUR, ET AL
<u>VS.</u>
OAKLEY, KEN, ET AL

Said petition was filed in said court by _____<u>MAX J. LUTHER, III</u>_____
(Attorney for _____PLAINTIFF_____ ), whose address is
<u>802 NORTH CARANCAHUA, SUITE 1350, CORPUS CHRISTI TX  78470-0165</u>

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the <u>9th</u> day of <u>APRIL</u> , A.D. <u>1999</u>.



<u>OSCAR SOLIZ</u> , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: <u>Gracie Cantu</u> , Deputy
       GRACIE CANTU

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

---

FEES serving 1 copy

Total....... $_____     Sheriff/constable _____ County, TEXAS

Fees paid by:_____     By _____ Deputy

---

### A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at 4:00 o'clock P.M., on the 12 day of April, 19 99.

Executed at 710 Ave A Port Aransas in Nueces County, Texas at

3:00 o'clock P.M., on the 12 day of April, 19 99, by delivering to

the City of Port Aransas TX by serving the City _____ defendant, in person, a

Secretary Esther Arzola

true copy of the citation together with the accompanying 1 copy(ies) of the

Citation w/Original Petition for Injunction Petition attached thereto and I endorsed

and mandamus

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this 13 day of April, 19 99.

PCP  PROFESSIONAL CIVIL PROCESS  CP17
P.O. BOX 101293
CORPUS CHRISTI, TEXAS 78430-1293
(512) 884-1657

_____ County, Texas

by _____
   Process Server

Charles Allen
**Authorized Person - Printed Name**

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on 13 day of

April, 19 99.

_____
Notary Public - State of Texas
in and for Nueces

Commission expires: 9-14-2002

CNPDF - www.fgdo.com

## CAUSE NO. 99-1891-00-0-H

| | | |
|---|---|---|
| **ARTHUR GOCHMAN and** | § | **IN THE DISTRICT COURT** |
| **MOLLY GOCHMAN** | § | |
| | § | |
| **VS.** | § | **347TH JUDICIAL DISTRICT** |
| | § | |
| **KEN OAKLEY and THE CITY OF** | § | |
| **PORT ARANSAS, TEXAS** | § | **NUECES COUNTY, TEXAS** |

## DEFENDANT THE CITY OF PORT ARANSAS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COMES NOW** Defendant, The City of Port Aransas, Texas, and files this Defendant's Original Answer herein, and for such answer would respectfully show as follows:

### I.

  Defendant The City of Port Aransas denies each and every allegation contained in Plaintiff's Original Petition for Injunction and Mandamus and demands strict proof thereof upon the trial of this cause.

### II.

  Defendant The City of Port Aransas affirmatively pleads that it has sovereign immunity to Plaintiff's claims.

### III.

  Defendant The City of Port Aransas affirmatively pleads that Plaintiff is not entitled to mandamus the City of Port Aransas, that conditions precedent to such relief have not

\Porta\Goch.ans

occurred and have not been complied with.

WHEREFORE, premises considered, Defendant prays that Plaintiff take nothing by its suit and that Defendant go hence without day and be discharged with its costs and for such other and further relief, general and special, legal and equitable, to which this Defendant may show itself justly entitled.

Respectfully submitted,

MICHAEL G. MORRIS
5350 S. Staples, Ste. 222
Corpus Christi, TX  78411
Ph.: (361) 993-4571
Fax: (361) 993-4573

By:_____
Michael G. Morris
State Bar No. 14495500
Attorney for Defendant
The City of Port Aransas

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing pleading or a copy thereof was served on each party to this cause or the counsel of record of each such party in accordance with Rule 21a, Texas Rules of Civil Procedure, on this 26th day of April, 1999.

_____
Michael G. Morris

\Porta\Goch.ans

ORIG
(pv)

Citation for Personal Service - NON-RESIDENT NOTICE

Lit. Seq. # 5.003.01

No. 99-01891-00-0-H

T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
KEN OAKLEY  *(SEE ATTACHED)

IT IS ACCORDINGLY ORDERED that the Process Server shall give the Defendant notice of this suit by:

P
A
&

delivering a true copy of the citation and with the petition attached, to anyone over 16 years of age or by securely attaching to the front door or by securely attaching to the gate at Defendant' usual place of abode, usual place of business, or any other place Defendant may be found *AT # 3 0 4 2, 7 t 0 0 West* ...

:ETO
C)

at or before 10:00 o'clock a.m. of the Monday next *after this order* , 20 days after the date of service of this citation before the Honorable District Court, 347th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on ___APRIL 07, 1999___ . A copy of same accompanies this citation.

The file number of said suit being No. 99-01891-00-0-H.
The style of the case is:

GOCHMAN, ARTHUR, ET AL
VS.
OAKLEY, KEN, ET AL

Said petition was filed in said court by ____MAX J. LUTHER, III____
(Attorney for _____PLAINTIFF_____ ), whose address is 802 N. CARANCAHUA, SUITE 1350, CORPUS CHRISTI, TEXAS  78470-0165

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 5th day of ___AUGUST___ , A.D. 1999.

_____OSCAR SOLIZ_____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: ___Idalia D. Garza___ , Deputy
      IDALIA G. GARZA

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

_____

Sheriff/constable _____ County,

By _____ Deputy

--------------------------------------------------------------------------

# A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at _____ o'clock ___.M., on the _____ day of _____, 19___.

Executed at _____ in _____ County, Texas at

_____ o'clock ___.M., on the _____ day of _____, 19___, by delivering to

_____ defendant, in person, a

true copy of the Citation together with the accompanying _____ copy(ies) of the

_____ Petition attached thereto and I endorsed

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 19___.

**SEE ATTACHED
ORIGINAL RETURN
OF SERVICE**

_____ County, Texas

by _____
        Process Server

_____
Authorized Person – Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of

_____, 19___.

Notary Public – State of Texas
in and for _____

Commission expires:_____

Case 2:00-cv-00126   Document 1   Filed in TXSD on 03/27/2000   Page 16 of 79

**ORIGINAL RETURN OF SERVICE**

**COURT # 347**

**CASE # 991891H**
**COUNTY NUECES**

ARTHUR GOCHMAN

VS

KEN OAKLEY

Came To Our Hand For Service On _8/16_ , 1999 AT AM. _9'00 A.m._

DOCUMENTS RECEIVED FOR SERVICE:

**CITATION W/PLAINTIFF'S ORIGINAL PETITION FOR INJUNCTION AND MANDAMUS**

Service Of Documents Was Executed On _8-18_ , 1999 At AM. _12:10 p.m_

Address executed at _7400 W. Arrowhead #3042_ ,City of _Glendale_

within the County of _Maricopa_ State of _AZ_ by delivering

**Oakley, Ken**

a true copy of the document(s) listed above having first endorsed on them the date and time of delivery which were served in the following manner;

\_\_\_\_\_ PERSONALLY delivering the paper(s) to the person above

\_\_\_\_\_ SUBSTITUTE SERVICE per Order by delivering to a person over the age of sixteen

\_✓\_ POSTING per Order by affixing to the main door or gate

\_\_\_\_\_ BY DELIVERING to an Officer or Managing Agent whose name and title is:

OTHER: _____

Not executed for the following reasons:_____

I, am over the age of eighteen, not a party to, nor interested in the outcome of the above numbered suit and I am authorized by Order or by Law to serve Citations and other Notices

Service Fee: $ _____

Luther, Max
(512) 888-5544

Signature: _____
Printed Name: _Gilbert Arejo_
I.D. Number: _NUECES COUNTY #CP-17_
317 Peoples Street Suite 614
Corpus Christi, Texas 78401       C0499  72

STATE OF _TEXAS_            **VERIFICATION**

Before me, a Notary Public, on this day personally appeared the above named authorized pers known to me to be the person whose name is subscribed to the foregoing document and, being me first duly sworn declared that the statements therein contained are true and correct. Giv my hand and seal of office on this the _19_ day of _August_ , 1999.

OFFICIAL SEAL
LOLA J. FERGUSON
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Expires March 3, 2002

NOTARY PUBLIC SIGNATURE

CAUSE NO. 99-1891-H

| | | |
|---|---|---|
| **ARTHUR GOCHMAN AND** | § | **IN THE DISTRICT COURT** |
| **MOLLY GOCHMAN** | § | |
| | § | |
| **VS.** | § | **347TH JUDICIAL DISTRICT** |
| | § | |
| **KEN OAKLEY AND** | § | |
| **THE CITY OF PORT ARANSAS** | § | **NUECES COUNTY, TEXAS** |

## DEFENDANT'S FIRST AMENDED ANSWER
## AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF THIS COURT

COMES NOW **KEN OAKLEY**, Defendant, joined herein by his spouse **ANDREA OAKLEY**, in the above-styled and numbered cause, and files this, his First Amended Original Answer and their Original Counterclaim, as follows:

I.

Defendant denies each and every allegation against Defendant in any other party's trial pleading and demands strict proof thereof by a preponderance of the credible evidence.

II.

A.   Defendant denies any of the acts as alleged by Plaintiff give rise to any claim or cause of action against Defendant.

B.   Defendant denies that any of Defendant's alleged acts and/or omissions as alleged by Plaintiff were committed "fraudulently" or with "gross neglect".

C.   Defendant denies that any of the alleged acts or conduct of Defendant were either a producing cause or a proximate cause of any injury, loss or damage.

D.   Defendant denies that Plaintiffs are entitled to recover attorney's fees against Defendant.

E.      Plaintiff's suit against Defendant is either groundless and brought in bad faith, or groundless and brought for the purpose of harassment, or both.

F.      Defendant would show that the alleged occurrences or damages in question, if any, were caused by acts or omissions of third parties, over which Defendant had no right of control, or for which Defendant was not liable or responsible.

### III.

Defendant would show that, if any injury, damage or loss occurred as alleged, or any law was violated, although it is not so acknowledged, then such illegality, damage or loss was directly and proximately caused by the acts or omissions of individuals, entities, and third persons, for whom Defendant is not responsible.

**WHEREFORE, PREMISES CONSIDERED, KEN OAKLEY**, Defendant, requests judgment of the Court that Plaintiff take nothing of and from Defendant; and that said Defendant have judgment for all costs and reasonable attorney's fees incurred, together with all other relief, legal or equitable, to which Defendant may show himself to be entitled.

### DEFENDANT'S ORIGINAL COUNTERCLAIM

**NOW COMES KEN OAKLEY**, Defendant herein, joined by his spouse, **ANDREA OAKLEY**, hereinafter referred to as Counter-Plaintiffs, and file their Original Counterclaim against Arthur Gochman and Molly Gochman, herein referred to as Counter-Defendants, and for causes of action would respectfully show the Court as follows:

### I.

Counter-Plaintiffs, Ken Oakley and Andrea Oakley, are individuals residing in Nueces County, Texas.

Counter-Defendants, Arthur Gochman and Molly Gochman, are already before this Court

and personal service is not necessary.

## II.

In July 1998, Counter-Plaintiffs acquired ownership of the real property located at Lot 35, Beachwalk II, addition to the City of Port Aransas, Nueces County, Texas. Counter-Plaintiffs arranged for and began the construction of a new home on said property in or about January 1999. The construction of Counter-Plaintiffs home was substantially completed in late October or early November 1999.

In connection with the construction of their home Counter-Plaintiffs arranged for a construction loan through Frost Bank, N.A., and, in addition, arranged for a permanent mortgage with PHH Mortgage Company. Closing on this transaction was scheduled to held on or about October 28, 1999, at the offices of San Jacinto Title Company in Corpus Christi, Texas.

## III.

On or about April 7, 1999, Counter-Defendants filed their Original Petition in this action against Counter-Plaintiffs and the City of Port Aransas. Subsequently, on or about September 9, 1999, Counter-Defendants unlawfully filed a Notice of Lis Pendens against Counter-Plaintiffs above described property in the real property records of Nueces County, Texas. A true and correct copy of Counter-Defendants illegal Lis Pendens Notice is attached hereto as Exhibit "A", and is expressly incorporated herein as if recited verbatim. In keeping with the illegal and secretive nature of their Lis Pendens filing, Counter-Defendants never told Counter-Plaintiffs that Counter-Defendants had filed the notice. Instead, Counter-Plaintiffs learned of the illegal Lis Pendens filing through sources other than Counter-Defendants.

## IV.

Counter-Defendants Lis Pendens Notice filing was committed unlawfully, and without legal justification or excuse. Further, the Lis Pendens filing was committed with full knowledge

that it would, in all probability, prevent Counter-Plaintiffs from closing on the financial transactions underlying Counter-Plaintiffs construction and acquisition of their new home. In this regard, Counter-Defendant, Arthur Gochman, is not only a licensed Texas attorney, but is also a highly sophisticated businessman. Because of his training, education, and experience, Arthur Gochman, knew, or in the exercise of reasonable care, should have known that his Lis Pendens Notice filing was illegal. Arthur Gochman knew, without question, that his Lis Pendens Notice filing would destroy Counter-Plaintiffs ability to close on the transaction involving their home.

Counter-Defendants, in filing the Lis Pendens Notice, acted willfully, intentionally, maliciously and with conscious indifference to Counter-Plaintiffs rights. Alternatively, Counter-Defendants acted with both gross and ordinary negligence in connection with the unlawful Lis Pendens Notice filing.

## V.

After Counter-Plaintiffs discovered that Counter-Defendants had unlawfully filed their Lis Pendens Notice, Counter-Plaintiffs attorney demanded that Counter-Defendants take immediate steps to cancel and nullify the fraudulent and unlawful document. True and correct copies of relevant correspondence from Counter-Plaintiffs attorney demanding cancellation and removal of the illegal Lis Pendens Notice are attached as Exhibits "B-1" through "B-5", and are expressly incorporated herein as if recited verbatim.

## VI.

In spite of Counter-Plaintiffs good faith attempts to require Counter-Defendants to cancel and nullify their illegal Lis Pendens Notice filing, Counter-Defendants refused to release same unless Counter-Plaintiffs agreed to execute and deliver a contract which, in relevant part: would

release Counter-Defendants from all liability arising from the September 9, 1999 Lis Pendens Notice filing; and would further release Counter-Defendants from all liability arising from any future refiling of a Lis Pendens Notice. A true and correct copy of the release agreement forced upon Counter-Plaintiffs, is attached hereto as Exhibit "C", and is expressly incorporated herein as if recited verbatim.

## VII.

Counter-Defendants release agreement, attached as Exhibit "C", was procured by the use of coercion and duress. Counter-Plaintiffs would show that the release agreement is null and void because it was intentionally procured by Counter-Defendants use of economic coercion of such a degree as to cause Counter-Plaintiffs to act contrary to their own free will and interest. Simply put, Counter-Defendants refused to cancel and nullify their illegal September 9, 1999, Lis Pendens Notice filing unless Counter-Plaintiffs submitted to Counter-Defendants demand that Counter-Plaintiffs execute the release attached hereto. If Counter-Plaintiffs chose to refuse to execute this release, Counter-Plaintiffs would have suffered financial ruin. The financial transactions underlying Counter-Plaintiffs acquisition and purchase of their new home would not have closed. PHH Mortgage Company would not have funded Counter-Plaintiffs permanent mortgage. Counter-Plaintiffs construction loan from Frost Bank, N.A. would not have been paid at closing. Frost Bank, as Counter-Plaintiffs construction lender, would then have had the contractual right to declare a default, accelerate the construction note, initiate foreclosure and sell Counter-Plaintiffs property and home at a forced sale.

Had Counter-Plaintiffs refused to submit to Counter-Defendants demand to release Counter-Defendants from all liability for their illegal act in filing the Lis Pendens Notice in the first place, Counter-Plaintiffs would have been ruined financially. Counter-Plaintiffs would have lost their new home. Counter-Plaintiffs credit reputation would have been destroyed. In all

probability, Counter-Plaintiffs would have been forced into bankruptcy. As a result, Counter-Plaintiffs execution of Counter-Defendants release was the result of duress, coercion or undue influence, and the release is null, void and of no force and effect.

### VIII.

Counter-Plaintiffs would show that Counter-Defendants, in filing the September 9, 1999, Lis Pendens Notice, and in any future refiling of a Lis Pendens Notice against Counter-Plaintiffs property, have violated the provisions Tex. Civ. Prac. & Rem. Code Ann., Sect. 11.001(A), et. seq. and Texas Government Code Ann., Sect. 51.901, et. seq. In this regard, Counter-Plaintiffs would show that any Lis Pendens Notice filed by Counter-Defendants as to Counter-Plaintiffs property is a document presumed to be fraudulent pursuit to the provisions of Sect. 51.901(c)(2)(A) and (B), of the Government Code.

Pursuant to Sect. 11.006(A), of the Texas Civil Practices and Remedies Code, Counter-Plaintiffs seek judgment against Counter-Defendants, jointly and severally for costs, attorney's fees and all of Counter-Plaintiffs expenses related to bringing this action.

### IX.

In filing their illegal September 9, 1999, Lis Pendens Notice and in refusing to release same unless Counter-Plaintiffs signed their release, Counter-Defendants acted intentionally, recklessly or with extreme and outrageous conduct. Counter-Defendants conduct was so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a democratic society. Counter-Defendants intentionally inflicted severe emotional distress on Counter-Plaintiffs, thereby causing Counter-Plaintiffs to suffer damages in a sum in excess of the minimum jurisdictional limits of the Court, and for such sums Counter-Plaintiffs sue Counter-Defendants, jointly and severally.

## X.

Alternatively, Counter-Defendants conduct in filing the illegal September 9, 1999, Lis Pendens Notice, and in refusing to release same unless Counter-Plaintiffs executed the release Counter-Defendants demanded, was committed with both ordinary and gross negligence. Counter-Defendants failed to exercise ordinary care in that Counter-Defendants failed to do that which a person of ordinary prudence would have done under the same or similar circumstances, or they did what a person of ordinary prudence would not have done under the same or similar circumstances. In truth and in fact, Counter-Defendants acted with malice toward Counter-Plaintiffs. Counter-Defendants specifically intended to cause Counter-Plaintiffs substantial injury by deriving them of their right to buy and move into their home. Further, Counter-Defendants conduct involved an extreme degree of risk to Counter-Plaintiffs. Counter-Defendants had actual subjective awareness of the risk involved. Counter-Defendants nevertheless proceeded with conscious indifference to Counter-Plaintiffs rights or welfare.

## XI.

As a result of the forgoing, Counter-Plaintiffs seek punitive damages from Counter-Defendants, jointly and severally, in a sum in excess of the minimum jurisdictional limits of the Court.

## XII.

In addition to the foregoing, Counter-Plaintiffs would show that Counter-Defendants had knowledge of, agreed to, and intended a common objective or course of action that resulted in the aforementioned damages to Counter-Plaintiffs. Counter-Defendants conspired with each to unlawfully file the September 9, 1999, Lis Pendens Notice. Additionally, Counter-Defendants conspired with each other in connection with their decision to demand that Counter-Plaintiffs execute Counter-Defendants unconscionable unlawful release.

## XIII.

Pursuant to the provisions of Tex. Civ. Prac. & Rem. Code Ann., Section 37.001, et. seq., the "Uniform Declaratory Judgments Act", Counter-Plaintiffs seek a declaration from the Court that: (1) Counter-Defendants September 9, 1999, Lis Pendens Notice filing constituted a slander and cloud on Counter-Plaintiffs title, and was illegal and therefore null, void and of no force and effect; (2) Any filing of a Lis Pendens Notice by Counter-Defendants after September 9, 1999, constitutes a slander and cloud on Counter-Plaintiffs title, and is illegal and therefore null, void and of no force and effect; (3) The release Counter-Defendants forced Counter-Plaintiffs to sign before Counter-Defendants would release their illegal Lis Pendens Notice is null, void and of no force and effect; (4) Counter-Plaintiffs have not, in any significant manner, violated any material provision of the Texas Dune Protection Act or the Coastal Management Plan; (5) In connection with the construction of their new home, Counter-Plaintiffs substantially complied with all material provisions of the Texas Dune Protection Act and Coastal Management Plan; and (6) Counter-Defendants suit is frivolous, groundless, brought in bad faith and for purposes of harassment.

## XIV.

Pursuant to Section 37.009 of the Uniform Declaratory Judgments Act, Counter-Plaintiffs seek judgment against Counter-Defendants, jointly and severally, for all costs, and for all reasonable and necessary attorney's fees incurred by Counter-Plaintiffs, as may be equitable and just.

## XV.

Counter-Plaintiffs would show that Counter-Defendants lawsuit is groundless in that it either has no basis in fact, or is not warranted by existing law. Accordingly, the Court should sanction Counter-Defendants, and award Counter-Plaintiffs the reasonable and necessary

attorney's fees Counter-Plaintiffs have incurred and will incur in defending this action, and in prosecuting this counterclaim.

## XVI.

Pursuant to the provisions of the deed restrictions of the Beachwalk Subdivision, Counter-Plaintiffs would show that they are entitled to recover their costs, expenses and reasonable and necessary attorney's fees of and from Counter-Defendants, jointly and severally.

## XVII.

Pleading further, if same be necessary, Counter-Plaintiffs claim and would show a right to their recovery of reasonable and necessary attorney's fees, costs and expenses pursuant to Tex. Civ. Prac. & Rem. Code Ann., Section 38.001, et. seq.

Wherefore, premises considered Defendant, Ken Oakley, requests judgment of the Court that Plaintiffs take nothing by their suit; that Counter-Plaintiffs, Ken Oakley and Andrea Oakley, have and recover judgment against Counter-Defendants for actual and punitive damages; that Counter-Plaintiffs recover their attorney's fees, costs and expenses; that Counter-Plaintiffs have and recover pre and post judgment interest as allowed by law; and for such other and further relief, at law or in equity, as to which by this pleading, or proper amendment thereto, Counter-Plaintiffs may show themselves justly titled to receive.

Respectfully submitted,

**LAW OFFICE OF FRED D. DREILING**
**BANK OF AMERICA BUILDING**
**500 NORTH SHORELINE – SUITE 714**
**CORPUS CHRISTI, TEXAS 78471**
**E-MAIL: DREILINGFD@AOL.COM**
**TELEPHONE: 361-883-0186**
**FACSIMILE: 361-882-4112**

~~FRED D. DREILING~~
State Bar No. 06115100

**ATTORNEY FOR DEFENDANTS**
**AND COUNTER-PLAINTIFFS**
**KEN OAKLEY AND ANDREA OAKLEY**

## CERTIFICATE OF SERVICE

I, **FRED D. DREILING**, do hereby certify that a true and correct copy of the above and foregoing Defendant's First Amended Original Answer and Original Counterclaim has been served upon the Attorney for Plaintiffs and Counter-Defendants, Mr. Max J. Luther, III, *Max J. Luther, III and Associates*, 1350 Frost Bank Plaza, 802 North Carancahua Street, Corpus Christi, Texas 78470, and Michael G. Morris, Attorney for Defendant, 5350 South Staples, Suite 222, Corpus Christi, Texas 78411, by **U.S. Certified Mail, Return Receipt Requested,** on this the 21st day of January 2000.

**FRED D. DREILING**

## CAUSE NO. 99-1891-00-0-H

| | | |
|---|---|---|
| ARTHUR GOCHMAN and<br>MOLLY GOCHMAN | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 347TH JUDICIAL DISTRICT |
| KEN OAKLEY, THE CITY OF PORT<br>ARANSAS, TEXAS, AND<br>URBAN ENGINEERING | §<br>§<br>§ | NUECES COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION
## FOR INJUNCTION AND MANDAMUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, ARTHUR GOCHMAN ("Arthur") AND MOLLY GOCHMAN ("Molly"),

Plaintiffs, complaining of KEN OAKLEY ("Oakley"), URBAN ENGINEERING ("Urban"), a

Texas general partnership, VICTORIA ENGINEERING, INC.,THE PERALLA

CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN, EUGENE URBAN

(collectively, the "Partners"), and THE CITY OF PORT ARANSAS (the "City"), Defendants,

and for cause of action would respectfully show the Court the following:

I.

Arthur resides in Harris County and Molly resides in Nueces County.

Starrett, Defendant, resides in Nueces County, and may be served by the District

Clerk, by certified mail, at PO Box 1287, Port Aransas, Texas 78373.

Oakley resides in Nueces County and has appeared herein by Answer.

The City has appeared herein by Answer.

Defendant, URBAN is a Texas general partnership consisting of the Partners, as

listed above and may be served, pursuant to the Texas Rules of Civil Procedure, by the

District Clerk of Nueces County, by certified mail, return receipt requested at the principal

place of business of the Partnership, Urban, namely 2725 Swantner, PO Box 6385, Corpus

Christi, Texas 78466-6355. The Partners, as listed above, may each be served, pursuant

to the Rules, by the District Clerk by certified mail, at the principal place of business of

Urban, their principal place of business, set out above.

### LEVEL 2 CASE

This is a Level 2 case pursuant to Rules 190.2 and 190.5, Texas Rules of Civil

Procedure.

### II.

Plaintiffs own certain real property and rights threatened with irreparable injury by

the conduct of Oakley, Urban and The City.

In particular, the Plaintiffs own, jointly, Lots 24, 25 and 26, Block 1, Beachwalk

Addition I to the City of Port Aransas, Nueces County, Texas (the "Home Lots").

Oakley is the owner of Lot 35, Beachwalk Addition 2 ("Oakley Lot"), which adjoins

the Home Lots, to the immediate north, and east seaward toward the Gulf of Mexico.

Attached hereto and marked as Exhibit No. 1 is a true copy of the Order of the

Commissioner's Court of Nueces County, Texas, dated October 23, 1973, pursuant to

Section 63.011 of the Texas Natural Resources Code, establishing a dune protection line

("Dune Line") on Mustang Island, where the Home Lots and the Oakley Lots are located.

Exhibit No. 1, "The Dune Order" is attached hereto, incorporated herein by reference and

made a part hereof for all purposes. The Dune Line runs generally north and south with

the Gulf of Mexico on Mustang Island, pursuant to the Order, and both the Home Lots and

Oakley's Lot are seaward of the Dune Line, involving critical sand dunes intended to be protected by the Dune Protection Act.

The Dune Protection Act, Sections 63.011 through 63.152 of the Texas Natural Resources Code ("The Act") was passed to protect the property on the Coastal shore of Texas from the effects of high wind and water, by preserving critical sand dunes and vegetation. The Act provides, at Section 63.091, "Conduct Prohibited":

> Unless a permit is properly issued authorizing the conduct, no person may damage, destroy, or remove a sand dune or portion of a sand dune seaward of a dune protection or within a critical dune area or kill, destroy, or remove in any manner any vegetation growing on a sand dune seaward of a dune protection line or within a critical dune area. (Our Emphasis)

At cost in excess of $1,300,000.00, without seeking a Dune Protection Permit ("Permit") to allow them to perform Prohibited Conduct, Plaintiffs have constructed a residential building (the "Home") on the Home Lots. Construction of the Home caused no damage to, nor destroyed nor removed the sand dunes, nor did it kill, destroy or remove any vegetation growing on a sand dune. The Home was, therefore, erected in accordance with the provisions of the Dune Protection Act.

Attached hereto as Exhibit No. 2, and made a part hereof for all purposes is the Coastal Management Plan of the City of Port Aransas ("City"), which deals with the requirements for a Permit act as otherwise than as prohibited by Section 63.091, above.

Pursuant to the Act, and after Plaintiffs purchase of the Home Lots, two applications for Permit were filed by Stanley A. Starrett, Jr., Plaintiffs' vendor of the Home Lots ("Starrett"). The first was for the subdivision, Beachwalk Unit No. II, Permit No. 97-0008

Page 3

for roadways and utilities (the "Road and Utilities Permit").  The application for the Road Permit specifically represented to the City the following:

> To avoid impact to the critical dunes, the limit of construction for the proposed subdivision will not extend any further seaward than it was for the first unit of Beachwalk directly to the south.  This philosophy keeps all construction - even the development of the residential lots to be applied for in a future permit - landward of the critical dune's bridge structures and out of the erosion zone defined in the Port Aransas Plan ('Plan').  The proposed layout attempts to maximize the use of areas without critical dunes and to avoid the use of areas with critical dunes where possible.  (Our Emphasis)

The Road Permit (granted October 16, 1997) is attached hereto as Exhibit No. 3 and made a part hereof for all purposes.  The above representation was false, since the home constructed on the Oakley Lot extended across the critical dune which, under the Act, acted as a construction line barring Plaintiffs from building the Home seaward of the critical dune's location.

Subsequent to the Road Permit, Starrett filed an application for a second Permit applying for approval of the construction of residential units on Lots 1 through 74 of Beachwalk II (the "Residential Permit").  Lot 35, the Oakley Lot was a part of the Residential Application, at pages 5 and 6 thereof, which stated:

> Finally, lot areas 34 and 35 will impact the landward edges of a critical dune complex as shown on Attachment #2.  Most of the impacts to these dunes will be the result of burying the dune with fill brought in to raise the existing ground elevations to the final elevations shown and provide drainage of the lot area to the street.  These areas are landward of the ridge dunes and are out of the erosion zone, so construction should not affect the natural flood or storm surge protection of the property.  This construction will impact 348 cubic yards of critical dune volume and vegetation which will be mitigated for in Mitigation Site #3.  (Our Emphasis)

Page 4

The Residential Permit, Permit No. 0010. was illegally and improperly issued by the City without notice to Plaintiffs, as littoral owners, and without public hearing, both required by the Act and as required by the process of law.  Moreover, the applications for the Permits were prepared by the Defendant, URBAN ENGINEERING, a partnership of VICTORIA ENGINEERING, INC. ("Victoria"), ERIC J. URBAN, DAN URBAN, THE PERALLA CORPORATION, JAMES URBAN, and EUGENE URBAN, all acting by and through JAMES URBAN, one of the partners.  Urban prepared the Coastal Management Plan for the City, and after preparing the plan, prepared the applications for the Permits for Starrett, and was consulted by the City as its City Engineer, in the determination of whether the permits should be granted.  Urban recommended the permits be granted, and the City followed Urban's recommendation.  This deprived Plaintiffs of their right to an impartial tribunal to determine Plaintiffs' rights, a fundamental civil right of Plaintiffs.  Thus, Urban, the City, and Oakley conspired to violate Plaintiffs' rights, including property rights and statutory rights which were, therefore, taken without due process of law in violation of statutes of the State of Texas and of the United States, of lawful regulations of the State of Texas and of the Constitutions of the State of Texas and the United States.  Plaintiffs, as littoral owners, have rights of appeal from the City's ruling on the Permits under the Act, which they were unable to exercise since they received no notice of the applications.  The Act provides for a public hearing which was never held, for either of the Permits.  The approval of the Permits by the City is a nullity, in both cases, and the erection of the residence on the Oakley Lot was performed in violation of the Act.  Such residence, a moveable structure (moveable, as required by GLO Regulations), being illegally erected must be removed.  Oakley should be ordered to restore the Sand Dune on the Oakley Lot

to its original condition.  Under Article 1983, U.S.C.A. (the "Civil Rights Act") Plaintiffs may sue for violation of their civil rights, and therefore, Plaintiffs pray thereunder for injunctive relief and for damages from Urban, the City, and Oakley.

In February, 1999, Oakley, proceeding ostensibly pursuant to the Permits, began construction of his residence on the Oakley Lot.

Prior to construction and the setting of numerous foundation poles, Oakley caused to be  removed, and leveled a major portion of the Sand Dune on the Oakley Lot, on the landward side of the affected dune contrary to the provisions of the Dune Permit.  The Port Aransas Coastal Management Plan, attached as Exhibit 2 hereto, requires that an Application for Dune Permit state that the activity will not result in run off, or drainage patterns that aggravate shoreline erosion.  In fact, such activity by Oakley and his removal of a good portion of the dune contrary to the Application affects drainage of Beachwalk I and Beachwalk II, and the drainage for each of the subdivisions threatens severe and serious change, and the removal of a large portion of the Dunes next to and immediately northeast of the Home Lots will seriously effect the drainage and cause damage to the Home Lots, and especially cause damage to the residence and structure on the Home Lots.

The effect of the removal of a portion of the Sand Dune on Oakley's Lot materially affects the Home Lots and endangers the structures thereon from tidal action of the Gulf of Mexico.  It also affects the drainage of Beachwalk I and Beachwalk II, to the Plaintiffs' damage and injury, greatly in excess of the minimum jurisdictional limits of this Court and irreparable injury for which there is no adequate remedy at law.

III.

Page 6

It is the obligation of the City to enforce The Dune Protection Act in conformity with, and by and through the Port Aransas Coastal Management Plan. The Permits were approved by the Planning and Zoning Commission of the City and were approved by the Mayor of the City of Port Aransas, upon the recommendation of Urban, in the employ of Starrett, the original applicant for the Permits. The Permits required that the proposed activity (roadways on Beach II and residential building on the Oakley Lot) not materially weaken critical dunes or materially damage critical dune vegetation based on the application of technical standards under Subsection VI.E "Technical Standards for Determination of Material Weakening" of the Port of Aransas Coastal Management Plan. The application must further state that the Applicant's Mitigation Plan will adequately minimize, mitigate and/or compensate for any unavoidable adverse effects, as provided by Subsection VI.G, "Mitigation" of the Port Aransas Coastal Management Plan.

The applicant must state that the proposed activity is not a prohibited activity as defined in Subsection VI.D, "Prohibited Activities" of the Port Aransas Coastal Management Plan.

The original applications, as herein before alleged, provided that the dunes would be impacted only by an acceptable fill and covering of the dune, thus raising the dune level. When Oakley began construction of his residence on the Oakley Lot, he, his agents or contractor leveled, destroyed and removed a substantial portion of the major dune upon the Oakley Lot, in violation of law, in particular the Dune Protection Act, and The Port Aransas Coastal Management Plan. Although requested to do so, the City of Port Aransas, through its agents and employees, and especially the City of Port Aransas Building Official, has refused to enforce the Dune Protection Act as it relates to the Oakley

Page 7

Lot, and the partial destruction of the dunes thereon, all in violation of activities prohibited by The Port Aransas Coastal Management Plan and the Dune Protection Act.

Oakley, his agents or contractors, have by moving sand from the dune to a location landward of the critical dune and the Dune Line engaged in an activity likely to result in the temporary or permanent removal of vegetation and sand, a portion of the critical dune system located on or adjacent with the construction site and such removal will result in material weakening and material damage to the dune, and the City, by the terms of the Act should not have approved the application for construction, resulting in the potential for increased flood damage, to Oakley Lot and the Home Lots. The Plaintiffs own the adjacent property, the Home Lots, on which they have placed improvements constructed in very strict observance of law, and every requirement of the Dune Protection Act and The Port Aransas Coastal Management Plan. The removal of substantial portion of a critical dune in the adjoining property, the Oakley Lot, should be prohibited, and such action should not have been approved by the City of Port Aransas, Texas in violation of the Dune Protection Act.

## IV.

The action of Oakley, and the failure of the City to enforce the Dune Protection Act, and The Port Aransas Coastal Management Plan has threatened irreparable harm to the Plaintiffs' Home Lots by removing a substantial part of a critical sand dune next to the Home Lots, thus materially affecting the drainage between the subdivisions, and damage to the Home Lots, and could have disastrous impact under tidal conditions and high tide or a tidal surge in storm or hurricane conditions in the Gulf of Mexico, thereby severely damaging the Home Lots and the Home.

## V.

Oakley's, conduct is completely without right on his part.  He is in violation of the original Application for a Road Permit in that he has destroyed in part and damaged a critical dune on the Oakley Lot that materially affects the Home Lots, to their damage.

## VI.

The Plaintiffs have and will continue to be damaged and injured by the Oakley's conduct in destroying a portion of a critical sand dune adjoining the Home Lots.  Plaintiffs are threatened with storm conditions, permanent injury by the loss of their newly constructed home in excess of One Million Dollars ($1,000,000.00), and other damages, including threatened erosion damage to their Home Lots.

## VII.

The Plaintiffs have no adequate remedy at law for the injuries described.  The injuries and losses are continuing and in the event of storm surge could be disastrous.  The real property rights involved are unique and irreplaceable, and it is difficult to accurately measure in monetary terms the damages caused by the Oakley's conduct.  It is possible that the loss to the Plaintiffs from Oakley's conduct are likely to exceed the financial worth of Oakley, such as to avoid his adequate compensation to the Plaintiffs even if money damages were a sufficient remedy.

## VIII.

For the reasons stated in this pleading, the Plaintiffs request that after trial that this Court permanently enjoin Oakley and the City from continuing or allowing further destruction of the sand dune on the Oakley Lot, that the Court permanently enjoin construction of the house of Oakley on the Oakley Lot, because the same is in violation of

the Act, that the Permits be ordered totally void and the City and Oakley enjoined from proceeding thereon, and for such other reasonable orders as the Court may determine to permanently enjoin Oakley from retaining the house on the Oakley Lot in violation of the Act and causing further damage to Plaintiffs.

IX.

The City of Port Aransas, Texas, Defendant herein, should be mandamused by order of this Court to enforce the Act, and The Port Aransas Coastal Management Plan, and to stop further construction by Oakley on the Oakley Lot, in violation of the Port Aransas Dune Management Plan and the Act, all to the damage of the Plaintiffs and other real property owners nearby, and the action of the City in approval of the Permits be voided and the City enjoined from giving legal effect thereto.

X.

All conditions precedent to the relief prayed for herein has been performed or has occurred, including mandamus, injunctive relief, actual damages, exemplary damages, reasonable attorneys fees, and prejudgment interest.

**PRAYER FOR RELIEF**

Plaintiffs pray that:

1.      A temporary injunction be issued after notice to Defendant Oakley and hearing, restraining the Defendant, Ken Oakley, and his agent, servants, employees and contractors, directly or indirectly causing further damage to the Plaintiffs, by continuing maintenance of the building on the Oakley Lot, from further damaging the sand dune upon the Oakley Lot, and for such other orders as the Court shall deem proper.

Page 10

2.     A permanent injunction be issued on the final trial of this cause enjoining Oakley directly or indirectly from causing further damage to the Plaintiffs, from retaining the movable building on the Oakley Lot, with such building ordered to be moved elsewhere, from further damaging the sand dune upon the Oakley Lot, and such other orders as the Court shall deem proper.

3.     That the City of Port Aransas through its agents, servants and employees be enjoined from giving effect to the Permits, and mandamused by order of this Court to enforce The Port Aransas Coastal Management Plan and the Dune Protection Act, and ordered to act to bring about removal of the building on the Oakley Lot, pursuant to the Dune Protection Act.

5.     Cost of suit, including reasonable attorney's fees.

6.     Such other and further relief to which Plaintiffs may be justly entitled, including but not limited to damages within the jurisdictional limits of this Court, together with prejudgment and post judgment interest as allowed by law.

Respectfully submitted,

MAX J. LUTHER, III, P.C. & Associates
1350 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas 78470
State Bar No. 12706000
Telephone: (512) 888-5544
Facsimile: (512) 887-6835

By:

MAX LUTHER, III
ATTORNEY FOR THE PLAINTIFFS

Page 11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested in accordance with the Texas Rules of Civil Procedure to the following counsel of record on this the _____ day of February, 2000.

MAX J. LUTHER, III

Mr. Fred D. Dreiling                      **VIA CMRRR#Z-470-999-406**
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471

Mr  Michael Gene Morris                   **VIA CMRRR#Z-470-999-407**
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411

Page 12

CNPDF - www.fastio.com

pu ORIG

Citation for Personal Service - RESIDENT

Lit. Seq. # 5.005.01

No. 99-01891-00-0-H

T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____ : You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
URBAN ENGINEERING
2725 SWANTER, PO BOX 6385
CORPUS CHRISTI, TEXAS 78466-6355

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 347th Judicial District  of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said PLTS' 1ST AMD PTN ETC.  was filed on FEBRUARY 23, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 99-01891-00-0-H.
The style of the case is:

GOCHMAN, ARTHUR, ET AL
VS.
OAKLEY, KEN, ET AL

Said petition was filed in said court by _____ MAX J. LUTHER, III
(Attorney for _____ PLAINTIFF _____ ), whose address is
805 CCNB CTR N, CORPUS CHRISTI TX  78471

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 29th day of FEBRUARY , A.D. 2000.

OSCAR SOLIZ _____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: Ester Trevino _____ , Deputy

ESTER TREVIÑO

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, 19___, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County, TEXAS

By _____ Deputy

--------------------------------------------------------------

### A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at _____ o'clock ___.M., on the _____ day of _____, 19___.

Executed at _____ County, Texas at _____ o'clock ___.M., on the _____ day of _____, 19___, by delivering to _____ defendant, in person, a true copy of the Citation together with the accompanying _____ copy(ies) of the _____ Petition attached thereto and I endorsed on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 19___.

_____

_____ County, Texas

by _____
Process Server

_____
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of _____, 19___.

_____
Notary Public - State of Texas
in and for _____

Commission expires:_____

SEE ATTACHED ORIGINAL RETURN OF SERVICE

INFORMATION FOR ISSUANCE OF SERVICE

REQUEST SERVICE TO BE ISSUED IN:

CASE NUMBER: 99-1891-00-0H

INSTRUMENT TO BE SERVED: Plaintiff's First Amed Petition

DATE REQUESTED: 2    23    00
                MONTH   DAY   YEAR

SERVICE BY (CHECK ONE)
CONSTABLE/SHERIFF _____          RETURN TO ATTORNEY BY MAIL _____

CERTIFIED MAIL _____          PICK UP BY ATTORNEY /PROCESS SERVER ) L PC

CITATION BY POSTING AT COURTHOUSE DOOR (# OF DAYS TO BE POSTED) _____

CITATION BY PUBLICATION (NAME OF PAPER) _____
                         (# OF DAYS TO BE PUBLISHED) _____

SERVICE TO BE ISSUED ON: (PLEASE PRINT INFORMATION)     Service on

1.) NAME: See Document  ←→  Urban Engineer

    ADDRESS: for Address is Text
             only

    AGENT (IF APPLICABLE):

2.) NAME: Stanley A. Starrett, JR.

    ADDRESS: Same as on Document

    AGENT (IF APPLICABLE): _____    2

                                          (#f only)

SERVICE REQUESTED BY:

NAME: _____

ADDRESS: _____

PHONE NUMBER: _____

*FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING(S) WITH THE
EXCEPTION OF SEC. OF STATE, COM. OF INSUR., TX. DEPT. OF TRANS., AND THE
HAGUE CONVENTION.

N O T E S :

_____

_____

x _____
SIGNATURE OF AGENT REQUESTING SERVICE

x 888-5577
PHONE NUMBER

## CAUSE NO. 99-1891-H

| ARTHUR GOCHMAN | § | IN THE DISTRICT COURT |
| AND MOLLY GOCHMAN | § | |
| | § | |
| vs. | § | 347TH JUDICIAL DISTRICT |
| | § | |
| KEN OAKLEY AND THE CITY | § | |
| OF PORT ARANSAS, TEXAS | § | NUECES COUNTY, TEXAS |

## CAUSE NO. 99-1336-C

| ARTHUR GOCHMAN | § | IN THE DISTRICT COURT |
| AND MOLLY GOCHMAN | § | |
| | § | |
| vs. | § | 94TH JUDICIAL DISTRICT |
| | § | |
| STANLEY A. STARRETT, JR. | § | NUECES COUNTY, TEXAS |

## ORDER GRANTING THE PLAINTIFFS, ARTHUR GOCHMAN AND MOLLY GOCHMAN, AGREED MOTION TO CONSOLIDATE

On this the 10th day of March, 2000, came on to be heard in the above-styled and numbered cause, PLAINTIFFS, Arthur Gochman and Molly Gochman, Motion to Consolidate,

The PLAINTIFFS, **ARTHUR GOCHMAN and MOLLY GOCHMAN**, appeared by counsel, Max J. Luther, III; the DEFENDANT, **STANLEY A. STARRETT, JR.**, appeared by counsel, Steven Schiwetz; the DEFENDANT, **KEN OAKLEY**, appeared by counsel, Fred Dreiling; **THE CITY OF PORT ARANSAS**, appeared by counsel, David Green.

The parties through their attorneys announced ready, and the Court considered the evidence and argument of counsel, and is of the opinion that the Plaintiffs' Motion for Consolidation should be granted.

It is accordingly **ORDERED** that the Motion for Consolidation of the PLAINTIFFS, **ARTHUR GOCHMAN and MOLLY GOCHMAN,** be and the same is hereby granted, and that Cause No. 99-1336-C, styled **ARTHUR GOCHMAN and MOLLY GOCHMAN vs. STANLEY**

A. STARRETT, JR., DEFENDANT, In the 94th Judicial District Court of Nueces County, Texas,

is hereby consolidated with Cause No. 99-1891-H, styled **ARTHUR GOCHMAN and MOLLY**

**GOCHMAN** vs. **KEN OAKLEY and THE CITY OF PORT ARANSAS, TEXAS,** which cause

is hereby transferred to the 94th District Court to effectuate said consolidation.

**SIGNED ORDERED AND ENTERED** on this the _30_ day of _March_, 2000.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
MAX L. LUTHER, III
ATTORNEY FOR PLAINTIFFS,
ARTHUR GOCHMAN and
MOLLY GOCHMAN

_____
FRED D. DREILING
ATTORNEY FOR DEFENDANT,
KEN OAKLEY

_____
DAVID W. GREEN
ATTORNEY FOR DEFENDANT,
THE CITY OF PORT ARANSAS

_____
STEVE SCHIWETZ
ATTORNEY FOR DEFENDANT,
STANLEY A. STARRETT, JR.

C:\DATA\GEN\ORDERCON.GOC:NAC

A. STARRETT, JR., DEFENDANT, in the 94th Judicial District Court of Nueces County, Texas,

is hereby consolidated with Cause No. 99-1891-H, styled ARTHUR GOCHMAN and MOLLY

GOCHMAN vs. KEN OAKLEY and THE CITY OF PORT ARANSAS, TEXAS, which cause

is hereby transferred to the 94th District Court to effectuate said consolidation.

SIGNED ORDERED AND ENTERED on this the _____ day of _____, 2000

JUDGE PRESIDING

APPROVED AS TO FORM

MAX J. LUTHER, III
ATTORNEY FOR PLAINTIFFS,
ARTHUR GOCHMAN and
MOLLY GOCHMAN

FRED D. DIEHLING
ATTORNEY FOR DEFENDANT,
KEN OAKLEY

DAVID W. GREEN
ATTORNEY FOR DEFENDANT,
THE CITY OF PORT ARANSAS

STEVE SCHWETZ
ATTORNEY FOR DEFENDANT,
STANLEY A. STARRETT, JR.

RUN DATE 03/17/2000
RUN TIME 1:40 PM

* * * C L E R K ' S  E N T R

GOCHMAN, ARTHUR, ET AL

VS

STARRETT, STANLEY A., JR.


* * * DOCKET ENTRIES * * *
04/01/1999 ORD FOR SUBST SVC 267/232
10/19/1999 C# 99-02725-00-0 CONSOLIDATED WITH THIS CAUSE, A
10/19/1999    SIGNED FOR ENTRY. MIKE WESTREGREN
01/07/2000 DISCVY CONTROL PLAN & SCHEDULING ORD TRIAL SET O
01/07/2000    AT 9:15AM 4/101-102

* * * DOCUMENTS FILED * * *
03/09/1999 ORIGINAL PETITION FILED
03/09/1999 INFO SHEET F SVC REQ/AG
03/10/1999 CIVIL CASE INFO SHEET/AG
03/12/1999 CITATION (PU): STANLEY A. STARRETT, JR.
03/12/1999    SERVED: 04/08/99    FILED: 04/12/99
03/31/1999 MTN F SUBSTITUTE SVC/JK
03/31/1999 AFDVT/JK
04/01/1999 TRANSFERRED FROM COURT B TO COURT C
04/27/1999 ORIGINAL ANSWER: STANLEY A. STARRETT, JR
04/27/1999 JURY FEE: Pd. by E. R. FLEURIET
04/27/1999 RTN X-FR NOTC/GG
09/22/1999 REPTR CERTF DEPO O TIM DYKES/GG
10/12/1999 DFT STANLEY A STRRETT JR UNOPPOSED MTN T
    CONSOLIDATE/GG
10/19/1999 REPTR CERTF DEPO O TIM DYKES/GG
10/19/1999 PLEADINGS CONSOLIDATED WITH THIS CAUSE FROM C#
    99-02725-00-0
11/23/1999 REPORTES' CERT DEPO O ARTHUR GOCHMAN TAKEN ON MAY
    1999/JK
11/30/1999 NOTC O D/T O INT TK ORAL DEPO O STANLEY A STARRET
    JR/GG
12/02/1999 DFT STANLEY A STARRETT JR OPPOSITION T PLT MTN T
    CONSOLIDATE/GG
12/16/1999 DFT 1ST AMD CNTRCLAIM/GG
01/10/2000 NOTC O CHNG O ADDR F JORGE C RANGEL/GG
02/02/2000 REPTR CERTF DEPO O STANLEY STARRETT JR/GG
02/02/2000 REPTR CERTF DEPO O STANLEY STARRETT JR/GG
02/23/2000 PLTS' 1ST AMD PTN/GC (FS)
02/29/2000 CITATION (PU): KEN OAKLEY
02/29/2000    SERVED:
02/29/2000 CITATION (PU): PORT ARANSAS, CITY OF
02/29/2000    SERVED: 03/02/2000    FILED: 03/03/2000
02/29/2000 CITATION (PU): URBAN ENGINEERING CORP.
02/29/2000    SERVED: 03/01/2000    FILED: 03/02/2000
03/06/2000 DFT STANLEY A STARRETT JR MTN T OPPOSITION T ALT
    DISPUTE

Case 2:00-cv-00126   Document 1   Filed in TXSD on 03/27/2000   Page 46 of 79

(06)                            FILED:  03/09/1999

ACCOUNTS, CONTRACTS, NOTES


ORDER

. 16,2000


     03/06/2000    RESOLUTION/GG
     03/10/2000 MTN F SUBS SVC/GG
     03/15/2000 NOTC O SUBP/GG

Citation for Personal Service - RESIDENT _____

Lit. Seq. # 5.003.01

No. 99-01336-00-0-B

T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
STANLEY A. STARRETT, JR.
P. O. BOX 1287
PORT ARANSAS, NUECES COUNTY, TEXAS   78373

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 117th Judicial District  of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said _____ PETITION _____ was filed on  MARCH 09, 1999  .  A copy of same accompanies this citation.

The file number of said suit being No. 99-01336-00-0-B.
The style of the case is:

GOCHMAN, ARTHUR, ET AL
VS.
STARRETT, STANLEY A., JR.

Said petition was filed in said court by _____ MAX J. LUTHER, III (Attorney for _____ PLAINTIFF _____ ), whose address is 1350 FROST BANK PLAZA, 802 NO. CARANCAHUA, CORPUS CHRISTI, TEXAS   78470

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 12th day of  MARCH , A.D. 1999.

OSCAR SOLIZ _____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____ Deputy
IDALIA G. GARZA

R E T U R N   O F   O F F I C E R

Came to hand the _22_ day of _March_ , 19_95_, at _2.00_ o'clock _P_.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_Stanley A. Starrett JR._ _____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiffs Original Petition_ _____ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy _____

Total....... $_____   ~~Sheriff/constable~~ _____ County, TEXAS

Fees paid by:_____   By _~~/A____M____~~_ _____ ~~Deputy~~

-----------------------------------------------------------------
A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at _200_ o'clock _P_.M., on the _22_ day of _March_ , 19_95_.

Executed at _110 CR 1492 Wimberly_ in _Hays_ County, Texas at

_3:30_ o'clock _P_.M., on the _8_ day of _April_ , 19_95_, by delivering to

_Stanley A. Starrett JR._ _____ defendant, in person, a

true copy of the Citation together with the accompanying _1_ copy(ies) of the

_Plaintiffs Original_ _____ Petition attached thereto and I endorsed

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 19___.

PROFESSIONAL CIVIL PROCESS
P.O. BOX 181293
CORPUS CHRISTI, TEXAS 78480-1293  _CP17_
(512) 884-1657                                    _____

_____ County, Texas

_H A Kmann_                                        by _____
                                                      Process Server
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _9th_ day of

_April_ , 19_95_.                                 _____
                                                  Notary Public - State of Texas
                                                  in and for _Comal County_

                                                  Commission expires: _10-23-99_

RUBY D. JOHNSON
Notary Public, State of Texas
My Commission Expires 10-23-99

# AUTHORIZED OFFICER'S RETURN

**COURT NUMBER: 117TH JUDICIAL DISTRICT, NUECES COUNTY, TEXAS**
**CAUSE NUMBER: 991336B**

ARTHUR GOCHMAN AND MOLLY GOCHMAN
VS
STANLEY A. STARRETT, JR.

Came to hand on the _22nd_ day of _March_ 1999 at _3:00_ o'clock _P_. M.
Documents received for service:
**CITATION; PLAINTIFF'S ORIGINAL PETITION**

Executed on the _8_ day of _April_ 1999 at _3:30_ o'clock _P_ .M. Executed at
_110 CR 1492_
City of _Wimberly_ within the County of _Hays_ State of
_Texas_ by delivering
**to: Stanley A. Starrett, Jr.**

A true and correct copy of the documents listed above having first endorsed on the date of delivery in the following manner:
_____ By delivering to the above in person.
_X_ (Substituted Service) per rule 106/536 order by delivering to
     _110 County Rd. 1492, Wimberley, Texas_ in person over the age
     of sixteen then residing therein, to wit:
_X_ By posting; by securely affixing to the main door at the above address,
     per rule 106/536 order.
_____ By delivering them to an officer or managing agent whose name and
     title is: _____.
_____ Other : _____.
_____ Not executed for the following reasons: _____.

I, am over the age of eighteen,, not a party to nor interested in the outcome of the above numbered suit and am authorized by written order of the court to serve citations and other notices.

SERVICE FEE: $_____

PRINTED NAME  Harold A. Krueger, Jr._____.
AUTHORIZED PERSON OR. # 899_____.
KRUEGER LEGAL SERVICES
P. O. BOX 311875
STATE OF TEXAS    }    NEW BRAUNFELS, TEXAS  78131-1875
OFFICE (830) 629-5575
FAX (830) 629-5577

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized person known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn declared that the statements therein contained are true and correct.  Given under my hand and seal this _9th_ day of _April_____, 1999.

RUBY D. JOHNSON
Notary Public, State of Texas
My Commission Expires 10-23-99

NOTARY PUBLIC SIGNATURE

## CAUSE NO. 991336B

| | |
|---|---|
| ARTHUR GOCHMAN AND MOLLY GOCHMAN | IN THE DISTRICT COURT OF |
| | |
| VS | NUECES COUNTY, TEXAS |
| | |
| STANLEY A. STARRETT, JR. | 117 JUDICIAL DISTRICT |

## MOTION FOR SUBSTITUTE SERVICE
## TRCP 106 (b) / TRCP 536 (c)

### MOTION

COMES NOW the Plaintiff in the above numbered and entitled cause and would show that the Original Citation and Petition on the below named Defendant:

**Starrett, Stanley A. Jr.**

has not been delivered because the Process Server has been unable to make contact with the Defendant at his usual place of abode / business / or other place where the Defendant can probably be found which is located at:
**110 Cty Rd 1492 Wimberley TX**
in the said county, as set forth in the affidavit and attachments attached hereto and made a part of this motion for all purposes.

Wherefore, Plaintiff prays that the service of the following document(s):

**PLAINTIFF'S ORIGINAL PETITION**

on the DEFENDANT be authorized by the following form of service:

**X** delivering a true copy of the citation and with the petition attached, to anyone over 16 years of age or by securely attaching to the front door or by securely attaching to the gate at Defendants usual place of abode,usual place of business,or any other place Defendant may be found

_____ by sending a true copy of the citation and petition secured in a Federal Express package to anyone at the address specified in the attached affidavit of due diligence.

_____ serving a true copy of the citation and petition by Certified Mail using the United States Postal Service.

_____ publication in the local newpaper.

which Plaintiff believes will be reasonably effective to give the Defendant notice of this suit.

Luther, Max
ATTORNEY AT LAW
802 N. Carancahua Suite 1350
Corpus Christi, TX 78470
(512) 888-5544
Bar # 12706000

CAUSE NUMBER 99-1336-B

| | | |
|---|---|---|
| ARTHUR GOCHMAN | * | IN THE DISTRICT COURT |
| & MOLLY GOCHMAN | * | |
| Plaintiff | * | 117TH JUDICIAL DISTRICT |
| Vs. | * | |
| STANLEY A. STARRETT, JR. | * | |
| Defendant | * | NUECES COUNTY, TEXAS |

## AFFIDAVIT OF ATTEMPTED SERVICE

Before me, the undersigned authority personally appeared the affiant who swore upon the following:
My name is Harold A. Krueger, Jr. I am over the age of eighteen years and I am fully competent to testify to matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.
On the 22nd day of March, 1999 I was appointed to serve citation in the above cause. I was directed to serve the defendant Stanley A. Starrett, Jr. by delivering to Stanley A. Starrett, Jr. at 110 County Rd.. 1492, Wimberley, Texas.
I have attempted to serve the defendant at the only known address of 110 County Rd. 1492, Wimberley, Texas and have been unsuccessful in my efforts because the defendant, Stanley A. Starrett, Jr. cannot be found.

I attempted service of this citation on the defendant, Stanley A. Starrett, Jr. at his known address of 110 County Rd. 1492, Wimberley, Texas on the following occasions. On the 22nd day of March, 1999 at about 4:00 p.m. I arrived at 110 County Rd. 1492, Wimberley, Texas and was told by the grounds keeper who was hearing impaired, that Mr. Stanley A. Starrett, Jr. was not home at this time. The groundskeeper was expecting Stanley A. Starrett, Jr. to be home at approximately 6:00 p.m. I returned to 110 County Rd. 1492, Wimberley, Texas at 6:00 p.m. I identified myself to a female standing in the driveway and asked for Stanley A. Starrett, Jr.. The female subject who appeared to reside at 110 County Rd. 1492, Wimberley, Texas was very uncooperative. The female subject informed me that she and Stanley A. Starrett, Jr. had several developmental properties in and around the State of Texas. The female subject also went on to tell me that Stanley A. Starrett, Jr. was out of town and would be impossible to reach. However, when I delivered my business card to the female subject and asked her to give the card to Stanley A. Starrett, Jr. when he returned home as to set an appointment to his convenience to serve him in person with this citation, the female subject informed me that she would contact Stanley A. Starrett, Jr. but he would not contact me to set an appointment. I have been unable to locate any other address for the defendant and the defendant has failed to contact myself in any manner.
It is my belief that the only reasonable means of service of this citation is per Rule 106, T.R.C.P. by delivering to any person of suitable age at the defendants' usual place of abode or by attaching to the door of the defendants' usual place of abode.

HAROLD A. KRUEGER, JR. AFFIANT

Signed and sworn before me, by the affiant Harold A. Krueger, Jr. on the ____ day of March, 1999.

RUBY D. JOHNSON
Notary Public, State of Texas
My Commission Expires 10-23-99

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

# OFFICERS RETURN OF SERVICE

**CASE # 991891H**

**COURT 347**
Clt. Ref.#                          Clt.#   733

ARTHUR GOCHMAN, ET AL


VS

KEN OAKLEY, ET AL


The documents came to our hand for service on 02/29/00  Time: 16:00:00

Documents received for service:

**CITATION W/FIRST AMENDED PETITION
FOR INJUNCTION AND MANDAMUS**

The documents were delivered on **03/01/00  Time: 08:40:00**

Executed at: 2725 Swantner
             Corpus Christi, TX 78466

to the following: **Urban Engineering
                   By Delivering Larry J. Urban**

_____  PERSONALLY delivering the document to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____in person
       who is sixteen (16) years of age or older, at the above listed address which is th
       usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address

### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the abo
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas R
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and a
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____                Berta L Allen, LIC#: CP 17
                                      Professional Civil Process
Witness Fee Tendered:_____       317 Peoples Street Suite 614
                                      P.O. Box 181293 (78480-1293)
STATE OF TEXAS}                       Corpus Christi, Tx. 78401
                        VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this / day of _March_ 2000.

PCP Inv.# C0200 261                   _____
                                      NOTARY PUBLIC SIGNATURE



E. BIER
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-14-2002

**CAUSE NO. 9913366**

| |
|---|
ARTHUR GOCHMAN AND MOLLY GOCHMAN

VS

STANLEY A. STARRETT, JR.

IN THE DISTRICT COURT OF

NUECES COUNTY, TEXAS

117 JUDICIAL DISTRICT

## ORDER FOR SUBSTITUTE SERVICE
## TRCP 106 (b) / TRCP 536 (c)

On the Motion presented and the affidavit attached from Professional Civil Process stating the location of the Defendant's usual place of business/abode or other place where:  **Starrett, Stanley A. Jr.**

the Defendant, can be found and stating specifically the facts showing that service has been attempted under TRCP Rule 106 (a)(1)/536 (a) and service at
            **110 Cty Rd 1492 Wimberley TX**
will be reasonably effective to give the Defendant, notice of this suit and the document(s) to be delivered:
            **PLAINTIFF'S ORIGINAL PETITION**

IT IS ACCORDINGLY ORDERED that the Process Server shall give the Defendant notice of this suit by:

__X__  delivering a true copy of the Citation with the Petition attached, to anyone over 16 years of age or by securely attaching to the front door or by securely attaching to the gate at the address specified in the attached affidavit of due diligence.

_____  by sending a true copy of the Citation and Petition secured in a Federal Express Package to be signed for by anyone at the address specified in the attached affidavit of due diligence.

_____  serving a true copy of the Citation and Petition by Certified Mail using the United States Postal Service.

_____  publication in the local newspaper.

It is further ordered that the Process Server is to make due return in accordance with the Texas Rules of Civil Procedure Rule 107 and 536 (a).

SIGNED this  1  day of  April , 19 99 .

_____
PRESIDING JUDGE

267232

**RECEIVED**
MAR 3 l0 1999
OSCAR SOLIZ
DISTRICT CLERK
NUECES COUNTY

# CAUSE NO. 99-1336-B

| | | |
|---|---|---|
| ARTHUR GOCHMAN<br>& MOLLY GOCHMAN | §<br>§<br>§ | IN THE 117TH JUDICIAL |
| VS. | §<br>§<br>§ | DISTRICT COURT OF |
| STANLEY A. STARRETT, JR. | § | NUECES COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Stanley A. Starrett, Jr., Defendant in the above-entitled and numbered cause, and files this his Original Answer and in this connection would show the Court as follows:

### I.

Defendant denies each and every material allegation contained in Plaintiffs' Original Petition and demands strict proof thereof.

WHEREFORE, Defendant prays judgment of the Court that the Plaintiffs take nothing by their suit but go forth without day. Defendant prays further for costs of Court and all other relief to which he may be entitled.



DEFENDANT'S ORIGINAL ANSWER - 1

Respectfully submitted,

THE FLEURIET SCHELL LAW FIRM LLP
621 E. Tyler
Harlingen, TX 78550
956-428-3030
956-421-4339 (fax)

BY: _____

E. R. Fleuriet
State Bar No. 07145500

Jorge C. Rangel
State Bar No. 16543500
THE LAW OFFICES OF JORGE C.
RANGEL, P.C.
719 S. Shoreline Blvd., Suite 501
Corpus Christi, TX 78401
361-883-8500
361-883-2611 (Fax)

Attorneys for Defendant

## JURY DEMAND

TO THE HONORABLE DISTRICT CLERK:

Defendant Stanley A. Starrett, Jr. hereby demands a jury in this cause.

_____

E. R. Fleuriet

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon Max J. Luther, III, attorney for Plaintiffs, at 1350 Frost Bank Plaza, 802 North Carancahua, Corpus Christi, Texas 78470 by certified mail, return receipt requested on this the <u>26th</u> day of <u>April</u>, 1999.

E. R. Fleuriet

<u>DEFENDANT'S ORIGINAL ANSWER</u> - 3

# CAUSE NO. 99-1336-C

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | IN THE DISTRICT COURT |
| and MOLLY GOCHMAN | § | |
| | § | |
| vs. | § | 94th JUDICIAL DISTRICT |
| | § | |
| STANLEY A. STARRETT, JR. | § | NUECES COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, ARTHUR GOCHMAN ("Arthur") AND MOLLY GOCHMAN ("Molly"), hereinafter, "Plaintiffs", complaining of KEN OAKLEY ("Oakley"), URBAN ENGINEERING ("Urban"), a Texas general partnership, VICTORIA ENGINEERING, INC., THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN, EUGENE URBAN (collectively, the "Partners"), THE CITY OF PORT ARANSAS (the "City"), and STANLEY A. STARRETT, JR. ("Starrett"), all Defendants herein, and for cause of action would respectfully show the Court the following:

I.

ARTHUR resides in Harris County and MOLLY resides in Nueces County.

OALKEY resides in Nueces County and may be served by the District Clerk, by certified mail at 299 Marco Lane, Beachwalk II, Port Aransas, Texas 78373.

The City is an incorporated city within Nueces County in the State of Texas, and service of process may be made upon the City Secretary, City Hall, Port Aransas, Nueces County, Texas.

Defendant, URBAN is a Texas general partnership consisting of the Partners, as listed above and may be served, pursuant to the Texas Rules of Civil Procedure, by the District Clerk of Nueces County, by certified mail, return receipt requested at the principal place of business of the Partnership,

URBAN, namely 2725 Swantner, P. O. Box 6385, Corpus Christi, Texas 78466-6355. The Partners, as listed above, may each be served, pursuant to the Rules, by the District Clerk by certified mail, at the principal place of business of URBAN, their principal place of business, set out above.

Defendant, STARRETT, is a resident of Port Aransas, Nueces County, Texas 78373. He has appeared by Answer herein.

This is a Level 2 case, pursuant to discovery Rules 190.2 and 190.5 of the Texas Rules of Civil Procedure.

II.

On or about the 15th day of May, 1997, ARTHUR, acting on behalf of himself and MOLLY, entered into a written agreement (the "Contract") to purchase from STARRETT certain property (the "Home Lots") owned and developed by STARRETT on Mustang Island, Nueces County, Texas, within the city limits of City of Port Aransas, Texas, described as follows:

> Lots 24, 25 & 26, Block 1, Beachwalk I Addition to the City of Port
> Aransas, Nueces County, Texas.

An executed copy of the Contract is attached as "Exhibit 1", made a part hereof and incorporated hereby by reference.

Attached hereto and marked as Exhibit "No. 2" is a true copy of the Order of the Commissioner's Court of Nueces County, Texas, dated October 23, 1973, pursuant to Section 63.011 of the Texas Natural Resources Code, establishing a dune protection line ("Dune Line") on Mustang Island, where the Home Lots and the OAKLEY Lots are located. Exhibit "No. 2", "The Dune Order" is attached hereto, incorporated herein by reference and made a part hereof for all purposes. The Dune Line runs generally north and south with the Gulf of Mexico on Mustang Island,

2

pursuant to the Order, and both the Home Lots and OAKLEY'S Lot are seaward of the Dune Line.
The Dune Protection Act, Sections 63.011 through 63.152 of the Texas Natural Resources Code
("The Act") was passed to protect the property on the Coastal Shoreline of Texas from the effects
of high wind and water.  The Act provides. at Section 63 091. "Conduct Prohibited":

> Section 63.091, Conduct Prohibited.
>
> Unless a permit is <u>properly issued</u> authorizing the conduct, no person
> may damage, destroy, or remove a sand dune or portion of a sand
> dune seaward of a dune protection line or within a critical dune area
> or kill, destroy, or remove in any manner any vegetation growing on
> a sand dune seaward of a dune protection line or within critical dune
> area. (Our Emphasis)

At a cost in excess of $1,300,000.00, Plaintiffs have constructed a residential building (the
"Home") on the Home Lots, without seeking a permit to allow them Prohibited Conduct.
Construction of the Home by ARTHUR and MOLLY caused no damage to, nor destroyed nor
removed the sand dunes nor did it kill, destroy or remove vegetation growing on a sand dune, being,
therefore erected in accordance with the provisions of the Dune Protection Act.

Attached hereto as Exhibit "No. 3" and made a part hereof for all purposes is the Coastal
Management Plan of the City of Port Aransas ("City"), which deals with the requirements for a
Permit to act otherwise than as prohibited by Section 63.091.

Following the closing of sale of the Home Lots to Plaintiffs, and pursuant to the Act, two
applications for Dune Permit were filed by Defendant STANLEY A. STARRETT, JR., Plaintiffs'
vendor of the Home Lots ("Starrett").  This was for the subdivision, Beachwalk Unit No. II, Permit
No. 97-0008 for the roadways and utilities (the "Roadways and Utilities Permit").  The Application
for the Road Permit specifically represented to the City the following:

3

> To avoid impact to the critical dunes, the limit of construction for the proposed subdivision <u>will not extend any further seaward than it was for the first unit of Beachwalk directly to the south</u>. This philosophy keeps all construction - <u>even the development of the residential lots to be applied for in a future permit</u> - landward of the critical dune's bridge structures and out of the erosion zone defined in the Port Aransas Plan ("Plan"). The proposed layout attempts to maximize the use of areas without critical dunes and to avoid the use of areas with critical dunes where possible. (Our Emphasis)

The Road Permit (granted October 16, 1997) is attached hereto as Exhibit "No. 4" and made a part hereof for all purposes.

Subsequent to the Road Permit, Starrett filed an application for a second Permit ("Residential Permit") attached hereto as Exhibit "No. 5" applying for approval of the construction of <u>residential</u> units on Lots 1 through 74 of Beachwalk II. Lot 35, the Oakley Lot, was a part of the residential application covered at pages 5 and 6 thereof, as follows:

> Finally, lot areas 34 and 35 will impact the landward edges of a critical dune complex as shown on Attachment #2. Most of the impacts to these dunes will be the result of burying the dune with fill brought in to raise the existing ground elevations to the final elevations shown and provide drainage of the lot area to the street. These areas are landward of the ridge dunes and are out of the erosion zone, so construction should not affect the natural flood or storm surge protection of the property. <u>This construction will impact 348 cubic yards of critical dune volume and vegetation which will be mitigated for in Mitigation Site #3</u>. (Our Emphasis)

The Residential Permit was illegally and improperly issued by the City without notice to Plaintiffs, as littoral owners, and without public hearing, both required by the Act and as required by due process of law.

Moreover, the application for the Permits were prepared by the Defendant, URBAN ENGINEERING, a partnership of VICTORIA ENGINEERING, INC ("Victoria"), ERIC J.

4

URBAN, DAN URBAN, THE PERALLA CORPORATION, JAMES URBAN, and EUGENE URBAN, all acting by and through JAMES URBAN, one of the partners. Urban prepared the Coastal Management Plan for the City, and after preparing the plan, prepared the applications for the Permits for Starrett, and was consulted by the City as its City Engineer, in the determination of whether the Permits should be granted. Urban recommended the Permits be granted, and the City followed Urban's recommendation. Starrett, Urban and the City thereby conspired to deny Plaintiffs their statutory and constitutional rights, both State and Federal.

Plaintiffs' property rights and statutory rights were, therefore, taken without due process of law in violation of statutes of the State of Texas and of the United States, of lawful regulations of the State of Texas and of the Constitution of the State of Texas and the United States. Plaintiffs, as littoral owners, have rights of appeal from the City's ruling on the Permits under the Act, which they were unable to exercise since they received no notice of the applications. The Act provides for a public hearing which was never held, for either of the Permits. Plaintiffs were entitled, under due process, to an impartial tribunal for determination of the Permits. Instead, Urban approved, on "both sides of the table," preparing the Coastal Management Plans and the Applications for Starrett, and using Urban's position with the City to the advantage of Starrett. The approval of the Permits by the City is a nullity, in both cases, and the erection of the residence on the Oakley Lot was performed in violation of the Act. Under Article 1983, U.S.C.A. (the "Civil Rights Act"), Plaintiffs may sue for violation of their civil rights, and therefore, Plaintiffs pray thereunder for damages from Urban, the City, and Oakley.

In February, 1999, Oakley proceeding ostensibly pursuant to the Permits, began construction of a residence on the Oakley Lot.

Starrett misrepresented to Arthur, stating unequivocally no one could ever build closer to the beach than Arthur could build, because the Line of critical dunes (the "Line") on the Home Lots, marked by the presence of critical dunes, was the furthest seaward allowed for building of homes, a line extending through the property which became the Oakley Lot. No house, therefore, according to Starrett could be built seaward of the Home Lots which would obstruct their view of the Gulf of Mexico and the Gulf Beach. This Line, as shown by Starrett to Arthur on a plat of the Home Lots and adjacent property, therefore, was a representation from Starrett that the regulations governing building on that part of the beach would preserve the seaward view from the Home Lots.

During this meeting and negotiating for the purchase of the Home Lots, Starrett said he was thinking of buying lots he pointed out were to the north of the Home Lots. Starrett said if he bought that property and developed it the project would have nothing to do with Beachwalk I either in location or development.

In reliance on the representations made by Starrett, Arthur entered into the Contract for the purchase of the Home Lots for the consideration of Three Hundred Thousand Dollars ($300,000.00). Lot 24, where the Home was built, was conveyed by Starrett to Molly as designee of Arthur, acting on behalf of both, on or about May 30, 1997; and Arthur then received, as intended, a leasehold interest of twenty (20) years on Lot 24 of the Home Lots, along with an outright conveyance of the remaining two Home Lots. Plaintiffs sue herein, therefore, as purchasers of the legal fee and possessory interest in and to all of the Home Lots.

III.

At the time Starrett made the representations concerning buildings to the immediate north and east and seaward of the Home Lots, Starrett knew the true facts, was aware of the true facts, and had

6

made a false and fraudulent statement to Arthur. Starrett did all of this with the intention that the Plaintiffs rely on it and enter into the Contract, which resulted in Plaintiffs' purchase of the Home Lots and erection of the Home.

## IV.

As a proximate result of Starrett's fraud, Plaintiffs have incurred the following expense: (1) purchase of the Home Lots from Starrett for Three Hundred Thousand Dollars ($300,000.00); (2) they have built a residence upon the Home Lots at a cost of One Million Three Hundred Dollars ($1,300,000.00), a total value of One Million Six Hundred Thousand Dollars $1,600,000.00, the fair market value of the Home Lots, as so improved and as represented by Starrett. As a result of the fraud, the Home Lots have, instead, a value of Six Hundred Fifty Thousand Dollars ($650,000.00) less than as Starrett represented, with such improvements, to Plaintiffs damage in such amount.

## V.

Plaintiffs will further show that the conduct of Starrett, as described above, was fraudulent and malicious as set out in Article 27.01 of the Texas Commerce and Business Code (the "Fraud Statute"). As a result, Plaintiffs are entitled to recover exemplary damages to deter such fraudulent conduct by others in Starrett's situation. Plaintiffs have also suffered expenses, including attorney's fees and other legal expenses incurred in the investigation and prosecution of this action, all of which Plaintiffs are entitled to recover pursuant to the Fraud Statute.

## VI.

At all times relevant to this suit, the Plaintiffs were acting as consumers as defined in Section 17.45, et seq, of the Texas Business and Commerce Code ("the DTPA") and Defendant Starrett was engaged in "Trade and Commerce" as defined by the DTPA, in Nueces County, Texas.

## VII.

This suit is filed pursuant to the DTPA on the grounds that the acts and conduct of Starrett described in this Petition are prohibited by the DTPA, and Plaintiffs may recover under the provisions of the DTPA for such violations.

## VIII.

Starrett made the statements referred to in the paragraphs above with the intent to induce the Plaintiffs to purchase a consumer item, namely the Home Lots and with the knowledge that Plaintiffs would rely on the statements of Starrett.

## IX.

Plaintiffs relied on the truth and/or accuracy of Starrett's statements and representations and, as a result of that reliance, Plaintiffs purchased the Home Lots. Plaintiffs would not have entered into the transaction but for Starrett's statements and misrepresentations regarding the same.

At the time Plaintiffs purchased the Home Lots, Starrett knew or should have known that the purpose for which Plaintiffs purchased them was to build a new Home, and that Plaintiffs were relying on Starrett and statements and misrepresentations made by Starrett to Plaintiffs that the Home Lots would be a suitable place to build a new Home, and that no other person could or would build on land closer to the Beach and the Gulf of Mexico, thereby blocking their view and line of sight of the Gulf of Mexico and the Gulf Beach, which was the whole purpose and thought behind the purchase and the building of the Plaintiffs' beachfront residence. As a direct and proximate result of the statements made, Plaintiffs suffered extensive, direct, and consequential damages in the amount stated above.

8

## X.

Plaintiffs have suffered and continue to suffer injury and damage to their property as a result of the misrepresentations and conspiracy and deprivation of statutory and constitutional rights, referred to above. As a result of those misrepresentations, Plaintiffs have incurred the following losses and expenses:

1.      Plaintiffs have built upon the Home Lots a new and large home at a construction cost of One Million Three Hundred Thousand Dollars ($1,300,000.00), that the fair market value of the property is and will be substantially reduced to Plaintiffs' detriment and to their damages by their loss of view, their line of sight of the Gulf of Mexico and the Gulf Beach and deprived of the protection of the now ravaged critical sand dune at Oakley's Lot. The reduction in value will be at least one-half of the value of the Lot and cost of the house of Six Hundred Fifty Thousand ($650,000.00), to Plaintiffs' damage in such amount.

2.      The costs of prosecuting this lawsuit, including legal fees for time spent in preparation and presentation of this lawsuit, and expenses incurred thereto.

## XI.

As a result of Starrett's violation of the DTPA described above, and as a result of Starrett's willful and knowing false misrepresentations referred to above, Starrett is liable to the Plaintiffs for additional and exemplary damages of two times of the amount of the actual damages under One Thousand Dollars ($1,000.00) and three times the amount of the Plaintiff's actual damages over One Thousand Dollars ($1,000.00) under Section 17.50 of the Texas Deceptive Trade Practice Act, and two times the amount of the actual damages which Plaintiffs have sustained pursuant to Section 27.091© of the Texas Business and Commerce Code.

9

## XII.

Plaintiffs have made demand on Starrett for payment of these amounts for more than sixty (60) days prior to filing of this Petition, and Plaintiffs will show the Court that recovery of reasonable attorney's fees is authorized by the provisions of the Fraud Statute, the Texas Deceptive Trade Practice Act and by Section 38.001 sequence of the Texas Civil Practice and Remedies Code.

## XIII.

The conduct of Starrett as described in this Petition was committed intentionally. That is, Starrett, had actual awareness of the falsity, deception, and the unfairness of the statements and representations made by Starrett to the Plaintiffs coupled with the specific intent that the Plaintiffs act in detrimental reliance on the falsity or deception in detrimental ignorance of the unfairness, as a result of the Defendants, Starrett's intentional conduct, the Plaintiffs have suffered damages, including mental anguish and a feeling of humiliation and belittlement.

## XIV.

All conditions precedent to the recovery of the Plaintiffs of the relief prayed for herein has been performed or have occurred, including actual damages, prejudgment interest, reasonable attorneys' fees, and exemplary damages, and the other damages alleged above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray on final trial, Starrett having appeared and answered, that Plaintiffs have and recover of and from Defendant

1.    Judgment against each Defendant for economic damages in an amount within the jurisdictional limits of the Court,

2.    Damages for mental anguish resulting from Starrett's knowing and intentional conduct,

10

3.    Additional damages resulting from Starrett's knowing and intentional conduct, additional damages as allowed by the DTPA, and exemplary damages under the Fraud Statute;

4.    Prejudgment interest as provided by law,

5.    Attorney's fees and other legal expenses herein;

6.    Post judgment interest as provided by law;

7.    Costs of suit; and

8.    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

MAX J. LUTHER, III, P. C. & Associates
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165
Telephone: (361) 888-5544
Telecopier: (361) 887-6835

By: _____
MAX J. LUTHER, III
State Bar No. 12706000
Attorney for Plaintiffs

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via certified mail, return receipt requested in accordance with the Texas Rules of Civil Procedure to the following counsel of record on this the 26 day of February, 2000.

MAX J. LUTHER, III

Mr. Fred D. Dreiling                    **VIA CMRRR#Z-470-999-404**
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471

Mr Michael Gene Morris                  **VIA CMRRR#Z-470-999-405**
Attorney at Law
5350 S  Staples, Suite 222
Corpus Christi, Texas 78411

ORIG

Citation for Personal Service - RESIDENT _____

Lit. Seq. # <u>5.012.01</u>

No. <u>99-01336-00-0-C</u>

# T H E   S T A T E   O F   T E X A S

NOTICE TO _____<u>DEFENDANT</u>_____ :  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
<u>THE CITY OF PORT ARANSAS</u>
<u>MAY BE SERVED UPON THE CITY SECRETARY, CITY HALL</u>
<u>PORT ARANSAS, NUECES COUNTY, TEXAS</u>

the _____<u>DEFENDANT</u>_____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' FIRST AMENDED PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>Honorable District Court, 94th Judicial District</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said <u>PLTS' 1ST AMD PTN</u> was filed on <u>FEBRUARY 23, 2000</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>99-01336-00-0-C</u>.
The style of the case is:

GOCHMAN, ARTHUR, ET AL<br>
VS.<br>
STARRETT, STANLEY A., JR.

Said petition was filed in said court by _____<u>MAX J. LUTHER, III</u>
(Attorney for _____<u>PLAINTIFF</u>_____ ), whose address is
<u>805 CCNB CENTER NORTH, CORPUS CHRISTI TX  78471</u>

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the <u>29th</u> day of <u>FEBRUARY</u>, A.D. <u>2000</u>.



<u>OSCAR SOLIZ</u>, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _<u>Ester Trevino</u>_, Deputy

ESTER TREVIÑO

CitaPDF - www.texisi.com

# R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____

_____

FEES serving 1 copy

Total....... $_____       Sheriff/constable _____ County, TEXAS

Fees paid by:_____       By _____ Deputy

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at _____ o'clock ___.M., on the _____ day of _____, 19___.

Executed at _____ in _____ County, Texas at

_____ o'clock ___.M., on the _____ day of _____, 19___, by delivering to

_____ defendant, in person, a

true copy of the Citation together with the accompanying _____ copy(ies) of the

_____ Petition attached thereto and I endorsed

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 19___.

_____

_____ County, Texas

by _____
         Process Server

_____
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of

_____, 19___.

_____
Notary Public - State of Texas
in and for _____

Commission expires:_____

# OFFICERS RETURN OF SERVICE

**CASE # 991336C**
      **COURT 94**
      Clt. Ref.#
             Clt.#  7335

ARTHUR GOCHMAN, ET AL

VS

STANLEY A. STARRETT, JR.

The documents came to our hand for service on 02/29/00  Time: 16:00:00

Documents received for service:

**CITATION W/FIRST AMENDED PETITION**

The documents were delivered on **03/02/00  Time: 09:25:00**

Executed at: 710 Ave. A
             Port Aransas, TX

to the following: **City Of Port Aransas**
                **By Serving The City Secretary, Esther Arzola**

\_\_\_\_ PERSONALLY delivering the document to the person above.
\_\_\_\_ SUBSTITUTE SERVICE per Order by delivering to _____in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
\_\_\_\_ POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____
              Charles Allen, LIC#: CP 17
Witness Fee Tendered:_____
    Professional Civil Process
                      317 Peoples Street Suite 614
STATE OF TEXAS}
                P.O. Box 181293 (78480-1293)
                    Corpus Christi, Tx. 78401
              VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 2 day of March 2000.

_____
PCP Inv.# C0200 264
           NOTARY PUBLIC SIGNATURE


E. BIER
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-14-2002

Citation for Personal Service - RESIDENT

Lit. Seq. # <u>5.005.01</u>

No. <u>99-01336-00-0-C</u>

# T H E   S T A T E   O F   T E X A S

NOTICE TO _____<u>DEFENDANT</u>_____ : You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
<u>URBAN ENGINEERING</u>
<u>2725 SWANTER</u>
<u>P.O. BOX 6385</u>
<u>CORPUS CHRISTI, TEXAS 78466-6355</u>
the _____<u>DEFENDANT</u>_____, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' FIRST AMENDED PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>Honorable District Court, 94th Judicial District</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said <u>PLTS' 1ST AMD PTN</u> was filed on <u>FEBRUARY 23, 2000</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>99-01336-00-0-C</u>.
The style of the case is:

<u>GOCHMAN, ARTHUR, ET AL</u>
<u>VS.</u>
<u>STARRETT, STANLEY A., JR.</u>

Said petition was filed in said court by _____<u>MAX J. LUTHER, III</u>
(Attorney for _____<u>PLAINTIFF</u>_____), whose address is
<u>805 CCNB CENTER NORTH, CORPUS CHRISTI TX  78471</u>

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the <u>29th</u> day of <u>FEBRUARY</u>, A.D. <u>2000</u>.

_____<u>OSCAR SOLIZ</u>_____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _Ester Trevino_____, Deputy

ESTER TREVIÑO

## R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____        Sheriff/constable _____ County, TEXAS

                                By _____ Deputy

Fees paid by:_____

-----------------------------------------------------------------------------

## A U T H O R I Z E D   P E R S O N   R E T U R N

Came to hand at _____ o'clock ___.M., on the _____ day of _____, 19___.

Executed at _____ in _____ County, Texas at

_____ o'clock ___.M., on the _____ day of **SEE ATTACHED**, delivering to

**ORIGINAL RETURN**
_____ defendant, in person, a
**OF SERVICE**

true copy of the Citation together with the accompanying _____ copy(ies) of the

_____ Petition attached thereto and I endorsed

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 19___.

                                _____ County, Texas

                                by _____
                                   Process Server

_____
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of

_____, 19___.

                                _____
                                Notary Public - State of Texas
                                in and for _____

                                Commission expires:_____

# OFFICERS RETURN OF SERVICE

CASE # 991336C                                          COURT 94
                                                       Clt. Ref.#                    Clt.#    7335
ARTHUR GOCHMAN, ET AL


VS

STANLEY A. STARRETT, JR.


The documents came to our hand for service on 02/29/00  Time: 16:00:00

Documents received for service:

**CITATION W/FIRST AMENDED PETITION**


The documents were delivered on **03/01/00**  **Time: 08:40:00**

Executed at: 2725 Swantner
             Corpus Christi, TX 78466

to the following: **Urban Engineering**
                   **By Delivering Larry J. Urban**


____✓____ PERSONALLY delivering the document to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
          who is sixteen (16) years of age or older, at the above listed address which is the
          usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____                    Berta L Allen, LIC#: CP 17
                                           Professional Civil Process
Witness Fee Tendered:_____             317 Peoples Street Suite 614
                                           P.O. Box 181293 (78480-1293)
STATE OF TEXAS}                            Corpus Christi, Tx. 78401
                        VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 29 day of___Feb____2000.

PCP Inv.# C0200 262                        _____
                                           NOTARY PUBLIC SIGNATURE



E. BIER
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-14-2002

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN AND | § | |
| MOLLY GOCHMAN | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO._____ |
| | § | |
| KEN OAKLEY, THE | § | |
| CITY OF PORT ARANSAS, TEXAS, | § | |
| URBAN ENGINEERING, AND | § | |
| STANLEY A. STARRETT, JR. | § | |

## LIST OF PARTIES AND THEIR ATTORNEYS

**\*Plaintiffs:**
Arthur and Molly Gochman

**Attorney for the Plaintiffs:**
Mr. Max J. Luther, III
State Bar No. 12706000
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas    78470-0165
(361) 888-5544
(361) 887-6835 - Facsimile

**\*Defendant:**
City of Port Aransas

**Attorneys for Defendant City of Port Aransas:**
Mr. Michael Gene Morris
Federal I.D. No. 296
State Bar No. 14495500
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
(361) 993-4571
(361) 993-4573 - Facsimile

Mr. James F. McKibben, Jr.
State Bar No. 13713000
Federal I.D. No. 914
BARGER, HERMANSEN, McKIBBEN & VILLARREAL, L.L.P.
800 North Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
(361) 882-6611
(361) 866-8039 - Facsimile

1

**\*Defendants:**
Ken Oakley and Andrea Oakley

**Attorney for Defendants Ken Oakley and Andrea Oakley:**
Mr. Fred Dreiling
State Bar No.06115100
LAW OFFICES OF FRED D. DREILING
Bank of America
500 North Water St. – Suite 714
Corpus Christi, Texas 78471
(361) 883-0186
(361) 882-4112 – Facsimile


**\*Defendant:**
Stanley A. Starrett, Jr.

**Attorneys for Defendant Stanley A. Starrett, Jr.:**
Mr. Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel, P.C.
P.O. Box 2683
Corpus Christi, Texas 78403-2683
(361) 883-8500
(361) 883-2611 – Facsimile

Mr. E.R. Fleuriet
State Bar No.07145500
The Fleuriet Schell Law Firm L.L.P.
621 E. Tyler
Harlingen, Texas 78550
(956) 428-3030
(956) 421-4339 – Facsimile


**\*Defendant Urban Engineering**
Has not answered

2

CAUSE NO. 99-1336-C

| | | |
|---|---|---|
| ARTHUR GOCHMAN AND | § | IN THE DISTRICT COURT |
| MOLLY GOCHMAN | § | |
| | § | |
| VS. | § | |
| | § | 94TH JUDICIAL DISTRICT |
| KEN OAKLEY, THE | § | |
| CITY OF PORT ARANSAS, TEXAS, | § | |
| URBAN ENGINEERING, AND | § | |
| STANLEY A. STARRETT, JR. | § | NUECES COUNTY, TEXAS |

### NOTICE TO STATE COURT OF REMOVAL

TO:   Plaintiffs, by and through their attorney of record, Mr. Max J. Luther, III, MAX J. LUTHER III, P.C.& ASSOCIATES, Frost Bank Plaza, 802 North Carancahua, Suite 1350, Corpus Christi, Texas 78470-0165.

NOTICE is hereby given that the **CITY OF PORT ARANSAS, TEXAS, KEN OAKLEY, AND STANLEY A. STARRETT, JR.,** Defendants in the above-entitled and numbered cause, filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, a Notice of Removal to Federal Court of the above-entitled action to said United States District Court from the 94th Judicial District Court of Nueces County, Texas, pursuant to 28 U.S. Code, §1441.   A copy of the Notice of Removal is attached hereto and served herewith.

Notice is further given that the above-named Defendant filed a copy of said Notice with the Clerk of the District Court of Nueces County, Texas, as required by law.

1

Respectfully submitted,

BARGER, HERMANSEN, McKIBBEN
& VILLARREAL, L.L.P.
One Shoreline Plaza
800 N. Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
361/882-6611
FAX 361/866-8039


By: _____
    James F. McKibben, Jr.
    Texas Bar No. 13713000

**ATTORNEYS FOR DEFENDANT
THE CITY OF PORT ARANSAS**

_____
Fred Dreiling *by Jas W/permission*
State Bar No. 06105100
LAW OFFICES OF FRED D. DREILING
Bank of America
500 North Water St. - Suite 714
Corpus Christi, Texas 78471
(361) 883-0186
(361) 882-4112 - Facsimile

**ATTORNEY FOR DEFENDANTS
KEN OAKLEY and ANDREA OAKLEY**


_____
Jorge C. Rangel *by Jas W/permission*
State Bar No. 16541500
The Law Offices of Jorge C. Rangel
P.O. Box 2683
Corpus Christi, Texas 78403-2683
(361) 883-8500
(361) 883-2611 - Facsimile

**ATTORNEY FOR DEFENDANT
STANLEY A. STARRETT, JR.**


2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed to the following counsel of record in accordance with the Texas Rules of Civil Procedure this 27ᵗ day of March, 2000.

Mr. Max J. Luther, III
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas   78470-0165

Mr. Michael Gene Morris
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411

Mr. Ed Cogburn
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046

Mr. E.R. Fleuriet
The Fleuriet Schell Law Firm LLP
621 E. Tyler
Harlingen, Texas 78550

Mr. Jorge C. Rangel
The Law Offices of Jorge C. Rangel, P.C.
P.O. Box 2683
Corpus Christi, Texas 78403-2683

James F. McKibben, Jr.