UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 5 2000

MICHAEL N. MILBY  CLERK

| | |
|---|---|
| ARTHUR GOCHMAN AND MOLLY GOCHMAN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KEN OAKLEY, THE CITY OF PORT ARANSAS, TEXAS, URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN, EUGENE URBAN AND STANLEY A. STARRETT, JR.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CV ACTION NO. C-00-126<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION,
LARRY J. URBAN, DAN URBAN, JAMES URBAN, AND EUGENE URBAN
TO PLAINTIFFS' FIRST AMENDED PETITION AND
FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS**

　　　Defendants Urban Engineering, the Peralla Corporation (Urban Engineering and the Peralla Corporation are collectively referred to as "Urban Engineering"), Larry J. Urban, Dan Urban, James Urban and Eugene Urban (Larry, Dan, James and Eugene are collectively referred, with Urban Engineering, as "Defendants") respond to the above-captioned First Amended Petition (the "Petition") and First Amended Petition for Injunction and Mandamus (the "Petition for Injunction") by Plaintiffs Arthur Gochman and Molly Gochman ("Plaintiffs") as follows:

ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN,
JAMES URBAN AND EUGENE URBAN TO PLAINTIFFS' FIRST AMENDED PETITION
AND FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS　　　　　　　　　　　　Page 1

a-96704.1

# I.

## ANSWER TO FIRST AMENDED PETITION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the residency of Mr. and Mrs. Gochman, Oakley, and Starrett in Section I of the Petition.

2. Defendants deny that Urban Engineering is a Texas partnership consisting of the Partners as defined in the first paragraph of the Petition. Larry Urban, Dan Urban, James Urban and Eugene Urban specifically deny that they are partners in Urban Engineering. The Peralla Corporation admits that it is a partner of Urban Engineering.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph 1 of Section II of the Petition because they involve alleged conduct of another defendant, and therefore deny same.

4. In paragraph 2 of Section II, Defendants admit that "Exhibit 1" appears to be a contract between Plaintiffs and Starrett.

5. In paragraph 3 of Section II, Defendants admit that Exhibit "No. 2" appears to be an Order of the Commissioner's Court of Nueces County and admits the remainder of the first sentence. Defendants admit the third sentence. The remainder of paragraph 3 contains legal conclusions or recites the referenced statute which speaks for itself. Accordingly, Defendants deny same.

6. At this time, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Section II, and therefore deny same.

7. Paragraph 5 of Section II, contains legal conclusions to which no response is required. Accordingly, Defendants deny same. Defendants admit that Exhibit "No. 3" is a Coastal Management Plan.

ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN AND EUGENE URBAN TO PLAINTIFFS' FIRST AMENDED PETITION
AND FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS                     Page 2

a-96704.1

8.  In the first sentence of paragraph 6 of Section II of the Petition, Defendants are without knowledge or information sufficient to form a belief as to when the Plaintiffs closed on the home. Defendants deny that they made any representations. Defendants admit the remainder of the paragraph.

9.  In paragraph 7 of Section II, Defendants admit that Exhibit "No. 4" appears to be a copy of a Road Permit.

10. Defendants deny that the Residential Permit applied to Lots 1 through 74 of Beachwalk II. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of Section II of the Petition, and therefore deny same.

11. Paragraph 9 of Section II of the Petition contains legal conclusions to which no response is required. Accordingly, Defendants deny same.

12. In paragraph 10 of Section II, Defendants admit that Urban Engineering prepared the applications on behalf of Starrett. Defendants deny that Urban Engineering is a partnership of "Victoria Engineering, Inc., Eric J. Urban, Dan Urban, the Peralla Corporation, James Urban and Eugene Urban, all acting by and through James Urban." Defendants admit that Urban Engineering assisted with preparation of the Coastal Management Plan for the City. Defendants deny the remainder of the allegations in the paragraph.

13. In paragraph 11 of Section II, Defendants deny the first three sentences. The fourth sentence is a legal conclusion. Accordingly, it is denied. Defendants deny the remainder of the allegations in paragraph.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Section II of the Petition, and therefore deny same.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Section II of the Petition because they involve the alleged conduct of another defendant, and therefore deny same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Petition because it involves the alleged conduct of another defendant, and therefore deny same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Section II of the Petition, and therefore deny same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations Section III of the Petition because they involve the alleged conduct of other defendants, and therefore deny same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in Section IV of the Petition, and therefore deny same. Defendants deny the second sentence.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Section V of the Petition because they relate to the other defendants, and therefore deny same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Section VI of the Petition because they relate to other parties in the case, and therefore deny same.

22.     Defendants admit that Plaintiffs have asserted DTPA claims against Starrett. Defendants are without knowledge or sufficient information to form a belief as to the truth of the remainder of the allegations of Section VII of the Petition because they involve the alleged conduct of another defendant, and therefore deny same.

**ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN AND EUGENE URBAN TO PLAINTIFFS' FIRST AMENDED PETITION AND FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS**                                                                                         Page 4

a-96704.1

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Section VIII of the Petition because they involve the alleged conduct of another defendant, and therefore deny same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Section IX of the Petition because the allegations relate to the state of mind of the Plaintiffs, and therefore deny same.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of sentence 1, paragraph 2 of Section IX of the Petition because the allegations relate to the state of mind of the Plaintiffs, and therefore deny same. Defendants deny sentence 2, paragraph 2 of Section IX.

26. Defendants deny the allegations in Section X of the Petition to the extent that Plaintiff is claiming any damages based on any conduct by Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Section X to the extent that they concern the alleged conduct of the other defendants, and therefore deny same.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Section XI of the Petition because they involve damages arising out of alleged conduct of another defendant, and therefore deny same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Section XII of the Petition, and therefore deny same.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Section XIII of the Petition because they involve alleged conduct of another defendant, and therefore deny same.

30. Defendants deny the allegations in Section XIV.

**ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN AND EUGENE URBAN TO PLAINTIFFS' FIRST AMENDED PETITION AND FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS**     Page 5

a-96704.1

## II.

### ANSWER TO FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS

31. Except as stated below in paragraph 32, the statements in Section I of the Petition for Injunction are introductory and do not require a response. Furthermore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the residency of Mr. & Mrs. Gochman, Oakley, and Starrett in Section I of the Petition for Injunction.

32. Defendants deny that Urban Engineering is a Texas partnership consisting of the Partners as defined in Section I of the Petition for Injunction.

33. Defendants deny the allegations in paragraph 1 of Section II of the Petition for Injunction.

34. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 2 of Section II of the Petition for Injunction, and therefore deny same.

35. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 3 of Section II of the Petition for Injunction, and therefore deny same.

36. In paragraph 4 of Section II, Defendants admit that Exhibit "No. 1" appears to be an Order of the Commissioner's Court of Nueces County and admits the remainder of the first sentence. Defendants admit the third sentence. The remainder of paragraph 3 contains legal conclusions or recites the referenced statute which speaks for itself. Accordingly, Defendants deny same.

37. Paragraph 5 of Section II contains legal conclusions or recites a portion of a statute to which no response is necessary. Accordingly, Defendants deny same.

38. At this time, Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 6 of Section II of the Petition for Injunction, and therefore deny same.

39. Paragraph 7 of Section II of the Petition for Injunction contains legal conclusions to which no response is required. Accordingly, Defendants deny same. Defendants admit that Exhibit "No. 3" is a Coastal Management Plan.

40. In the first sentence of paragraph 8 of Section II of the Petition for Injunction, Defendants are without knowledge or information sufficient to form a belief as to when the Plaintiffs closed on the home. Defendants deny they made any representations. Defendants admit the remainder of the paragraph.

41. In paragraph 9 of Section II of the Petition for Injunction, Defendants admit that Exhibit No. 3 appears to be a Road Permit. Defendants deny the remainder of the paragraph.

42. Defendants deny that the Residential Permit applied to Lots 1 through 74 of Beachwalk II. The application for the Permit speaks for itself. As a result, Defendants deny the remaining allegations.

43. The first sentence of paragraph 11 of Section II of the Petition for Injunction contains legal conclusions to which no response is required. Accordingly, Defendants deny same. In the second sentence, Defendants admit that Urban Engineering prepared the applications on behalf of Starrett and Defendants deny that Urban Engineering is a partnership of "Victoria Engineering, Inc., Eric J. Urban, Dan Urban, the Peralla Corporation, James Urban and Eugene Urban, all acting by and through James Urban." Defendants admit that Urban Engineering assisted with preparation of the Coastal Management Plan for the City. Defendants deny the remainder of the allegations in the paragraph.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Section II of the Petition, and therefore deny same.

45. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph 13 of Section II of the Petition for Injunction because the allegations concern alleged conduct by other defendants, and therefore deny same. The second sentence is a legal conclusion to which no response is required. Accordingly, Defendants deny same.

46. At this time, Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in paragraph 14 of Section II of the Petition for Injunction, and therefore deny same.

47. In paragraph 1 of Section III of the Petition for Injunction, Defendants admit that the City is charged with enforcing the Dune Protection Act in conformance with the Port Aransas Coastal Management Plan. In the second sentence, Defendants admit that the Permits were approved but deny that Urban recommended approval of the Permits to the City. The remainder of the paragraph contains legal conclusions to which no response is required. Accordingly, Defendants deny same.

48. Paragraph 2 of Section III of the Petition for Injunction contains legal conclusions to which no response is necessary. Accordingly, Defendants deny same.

49. Defendants deny the first sentence in paragraph 2 of Section III of the Petition for Injunction. The application speaks for itself. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in paragraph 3 of Section III of the Petition for Injunction because the allegations involve alleged conduct by other defendants, and therefore deny same.

50. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in paragraph 4 of Section III of the Petition for Injunction because the allegations involve alleged conduct by other defendants, and therefore denies same.

51. At this time, Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in Section IV of the Petition for Injunction because the allegations involve alleged conduct by other defendants, and therefore deny same.

52. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in Section V of the Petition for Injunction because the allegations involve alleged conduct by other defendants, and therefore deny same.

53. To the extent that the allegations in Section VI of the Petition for Injunction apply to Defendants, Defendants deny same. At this time, Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in Section VI as they relate to the conduct of other defendants.

54. Defendants deny that Plaintiffs are without an adequate remedy at law as asserted in Section VII of the Petition for Injunction. Defendants are without knowledge or sufficient information to form a belief as to the truth of the remaining allegations set forth in Section VII because the allegations involve alleged conduct by other defendants, and therefore deny same.

55. Defendants are without knowledge or sufficient information to form a belief as to Plaintiffs' entitlement to the relief requested in Section VIII of the Petition for Injunction because it involves alleged conduct by other defendants, and therefore deny same. Defendants deny that Plaintiff is entitled to any relief from Defendants.

56. Defendants are without knowledge or sufficient information to form a belief as to Plaintiffs' entitlement to the relief requested in Section IX of the Petition for Injunction because it involves alleged conduct by other defendants, and therefore deny same.

57. Defendants deny that Plaintiffs are entitled to any of the recovery or relief requested from Defendants as set forth in Section X of the Petition for Injunctive Relief. Defendants deny that Plaintiff's have performed all conditions precedent to recovery. Defendants are without

ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN AND EUGENE URBAN TO PLAINTIFFS' FIRST AMENDED PETITION AND FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS                    Page 9

a-96704.1

knowledge or sufficient information to form a belief as to Plaintiffs' entitlement to any damages from any other defendants, as requested in Section X, and therefore deny same.

## III.

## AFFIRMATIVE DEFENSES

58. The Petition and Petition for Injunction, and the purported causes of action stated therein, fail to allege facts sufficient to state any cause of action or any claim upon which relief may be granted.

59. Defendants are not liable to Plaintiffs in the capacity or capacities in which they have been sued. Larry J. Urban, Dan Urban, James Urban, and Eugene Urban, individually, are not partners of Urban Engineering. Further, none of the Defendants are subject to liability under Section 1983 because they are not acting "under color of any statute, ordinance, custom or usage, of any State or Territory . . ."

60. Defendants are not liable for conspiracy because they did not perform, or conspire to perform, any illegal act, nor did they perform, or conspire to perform, any legal act by unlawful means.

61. Defendants are not liable for conspiracy because they did not know, or have reason to know, that any lawful act they took would cause Plaintiffs' alleged harm.

62. Defendants are not liable for conspiracy because they lacked the requisite intent to commit the complained of alleged unlawful acts.

63. Plaintiff's claims are barred by the applicable statute of limitations.

64. Plaintiff's claims are barred by laches.

65. Plaintiffs' claims against defendants are barred by the economic loss rule. Specifically, Plaintiffs' claims, if any, sound in contract alone. In the absence of privity of contract with Defendants, there is no right of action against Defendants.

66. In the unlikely event that the Court finds that any of Defendants acted as City Engineer, which is denied, any such Defendant is entitled to qualified immunity.

## PRAYER FOR RELIEF

A. That Plaintiffs' claims in their Petition and Petition for Injunction as they relate to Defendants Urban Engineering, the Peralla Corporation, Larry J. Urban, Dan Urban, James Urban and Eugene Urban be dismissed, and that Plaintiffs take nothing from the above-named Defendants; and

B. That Urban be granted such other and further relief as the court deems just and proper.

Respectfully submitted,

Matthew J. Sullivan
State Bar No. 19488325
Andrea L. Sloan
State Bar No. 90001678

HAYNES AND BOONE, L.L.P.
600 Congress Avenue, Suite 1600
Austin, Texas 78701
512/867-8400 - telephone
512/867-8470 - telecopier

ATTORNEYS FOR DEFENDANTS
URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN AND EUGENE URBAN

ANSWER OF URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN AND EUGENE URBAN TO PLAINTIFFS' FIRST AMENDED PETITION AND FIRST AMENDED PETITION FOR INJUNCTION AND MANDAMUS                     Page 11

a-96704 1

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served on the following parties in accordance with the Federal Rules of Civil Procedure on the 21 day of April, 2000:

Max J. Luther, III, Esq.
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, TX 78470-0165

Jorge C. Rangel, Esq.
The Law Offices of Jorge C. Rangel, P.C.
P.O. Box 2683
Corpus Christi, TX 78403-2683

E.R. Fleuriet, Esq.
The Fleuriet Schell Law Firm, L.L.P.
621 East Tyler
Harlingen, TX 78550

James F. McKibben, Jr., Esq.
Barger, Hermansen, McKibben & Villarreal, L.L.P.
800 North Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, TX 78401

Michael Gene Morris, Esq.
5350 S. Staples, Suite 222
Corpus Christi, TX 78411

Fred Dreiling, Esq.
Law Offices of Fred D. Dreiling
Bank of America, Suite 714
500 North Water Street
Corpus Christi, TX 78471

_____
Matthew J. Sullivan