IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 2 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ARTHUR GOCHMAN<br>& MOLLY GOCHMAN | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. C-00-126 |
| | § | JURY |
| STANLEY A. STARRETT, JR.,<br>KEN OAKLEY AND THE CITY<br>OF PORT ARANSAS, TEXAS | §<br>§<br>§ | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, Plaintiffs, ARTHUR GOCHMAN AND MOLLY GOCHMAN, and Defendants, STANLEY A. STARRETT, JR., KEN AND ANDREA OAKLEY, THE CITY OF PORT ARANSAS, TEXAS, URBAN ENGINEERING, THE PERALLA CORPORATION, LARRY J. URBAN, DAN URBAN, JAMES URBAN, AND EUGENE URBAN, by and through their respective counsel, hereinafter collectively referred to as the "parties", and submit the following Joint Discovery/Case Management Plan Under Rule 26(F), Federal Rules of Civil Procedure.

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

   **ANSWER**:

   The meeting took place via telephone conference on May 8, 2000. Those present were, Max Luther and Ed Cogburn, attorneys for Plaintiffs, Randy Fleuriot and Jorge Rangel, attorneys

for Stanley A. Starrett, Jr., Fred D. Dreiling, attorney for Ken and Andrea Oakley, David Green (for James F. McKibben, Jr.), attorney for City of Port Aransas, and Matthew J. Sullivan, attorney for Urban Engineering, The Peralla Corporation, Larry J. Urban, Dan Urban, James Urban and Eugene Urban.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

**ANSWER**:

None.

3. <u>Briefly</u> describe what this case is about.

**ANSWER**:

Plaintiffs allege conspiracy by Defendants Stanley A. Starrett, Jr., City of Port Aransas, Ken and Andrea Oakley and Urban Engineering to deny Plaintiffs their rights under the Dune Protection Act of the State of Texas, Article 28, Section 1983, USCA and under the 14th Amendment to the Constitution of the United States, to due process of law and equal protection of the laws, and also allege deprivation of such rights by Defendant City of Port Aransas. Plaintiffs seek damages, mandamus, injunction and attorneys fees.

Ken and Andrea Oakley's counterclaim alleges the Gochmans illegally filed a Lis Pendens Notice. Additionally, the counterclaim alleges that a release of liability obtained by the Gochmans concerning the Lis Pendens Notice is null and void. The Oakleys seek damages, attorney's fees and costs/expenses of litigation.

Defendant Starrett filed a counterclaim against Plaintiffs alleging that their claim was groundless in requesting that Defendant Starrett be awarded reasonable and necessary attorney fees

2

and court costs.

4.  Specify the allegation of federal jurisdiction.

    **ANSWER**:

    There exists a federal question regarding violation of the Plaintiff's right under the U.S. Constitution and 42 U.S.C. § 1983. The court has jurisdiction pursuant to 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441(a) and (b).

5.  Name the parties who disagree and the reasons.

    **ANSWER**: Defendants Stanley A. Starrett, Jr., Ken Oakley and Andrea Oakley, contend that the jurisdictional basis for the claims asserted against them in Federal Court are pendent state claims which do not arise from any independent federal jurisdictional basis.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **ANSWER**: Urban Consulting Engineers, Inc.

    The Oakley defendants have indicated the following additional party should be added to the suit: Mr. Greg Turicchi d/b/a Keystone Company, P.O. Box 2708, Port Aransas, Texas 78374.

7.  List anticipated interventions.

    **ANSWER**: None.

8.  Describe class-action issues.

    **ANSWER**: None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

3

**ANSWER**: The parties will provide the 26(a) disclosures to the other respective parties by June 16, 2000.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **ANSWER**: Plaintiffs and Defendants have agreed to respond to all matters raised in Rule 26(f).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **ANSWER**: Plaintiffs anticipate they will send interrogatories to Defendants by August 15, 2000.

   C. When and to whom the defendant anticipates it may send interrogatories.

   **ANSWER**: Defendants anticipate they will send interrogatories to Plaintiffs by September 1, 2000 and to any other parties by September 28, 2000.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   **ANSWER**: Plaintiffs anticipate taking the deposition of the following witnesses and possibly other witnesses on or before the close of discovery:

Greg Turicchi d/b/a Keystone Company
P. O. Box 2708
Port Aransas, Texas 78374


Jim Urban
Urban Engineering
2725 Swatner
Corpus Christi, Texas 78404

Mr. Grunwald
Urban Engineering
2725 Swatner
Corpus Christi, Texas 78404

  E. Of whom and by when the defendant anticipates taking oral depositions.

  **ANSWER**: Defendant Starrett intends to take the depositions (which have already been requested of the plaintiffs) of the following witnesses and possibly other witnesses prior to the close of discovery:

  Dudley Carpenter

  Bruce Barton

  Melinda Bennett

  Molly Gochman

  Oakley defendants intend to take the depositions of the following witnesses and possibly other witnesses prior to the close of discovery:

  Ms. Karen Borchardt
  San Jacinto title Company
  14602 South Padre Island Drive
  Corpus Christi, Texas 78418

  Mr. Mark Gilbreath
  Attorney At Law
  5926 South Staples St., Suite A-2
  Corpus Christi, Texas 78413

  Defendants further retain the right to re-depose any witnesses whose depositions were taken prior to their appearance.

  Defendant City of Port Aransas intends on taking the deposition of Molly Gochman and possibly other witnesses prior to the close of discovery. Defendant City further retains the right

5

to re-depose any witnesses whose depositions were taken prior to its appearance.

Defendant Urban Engineering, The Peralla Corporation, Larry J. Urban, Dan Urban, James Urban and Eugene Urban intend on taking the deposition of Molly Gochman and possibly other witnesses prior to the close of discovery. Defendants further retain the right to re-depose any witnesses whose depositions were taken prior to their appearance.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(s)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER**:

Plaintiffs will designate experts by October 23, 2000.

Defendants will designate experts by November 22, 2000. Expert reports will be due upon designation of each expert.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

**ANSWER**: After designation of experts by Defendants, Plaintiffs will depose such experts by the discovery deadline.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

**ANSWER**: After designation of experts by Plaintiffs, Defendants and/or other parties will depose such experts by the discovery deadline.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   **ANSWER**: None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **ANSWER**: The depositions of 5 witnesses have been taken in State Court proceedings prior to removal to Federal Court, including the depositions of :

   1. Mr. Arthur Gochman (5/21/99)

   2. Mr. Stanley A. Starrett (12/14/00)

   3. Mr. Steven Thompson (12/3/99)

   4. Mr. Kenneth Oakley (2/25/00)

   5. Mr. Tim Dykes (6/24/99)

   In addition the parties have traded written discovery, as well.

13. State the date the planned discovery can reasonably be completed.

   **ANSWER**: December 29, 2000.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   **ANSWER**: Possible non-binding mediation after discovery has been substantially completed.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **ANSWER**: Counsel for all parties, have at various times, discussed settlement possibilities with plaintiff's counsel during the state court litigation.

16. From the attorneys' discussions with the client, state the alternative dispute resolution

7

techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**ANSWER**: Non-binding Mediation may be useful after discovery has been substantially completed.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **ANSWER**: All parties do not consent.

18. State whether a jury demand has been made and if it was made on time.

    **ANSWER**: Yes.

19. Specify the number of hours it will take to present the evidence in this case.

    **ANSWER**: 80 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **ANSWER**: None.

21. List other pending motions.

    **ANSWER**: None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    **ANSWER**: The issue of new parties that are coming into the case, or will soon be added to the case.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and

8

any amendments.

**ANSWER**: Defendants City of Port Aransas, Texas filed their Certificate of Interested Parties on April 11, 2000. Plaintiffs filed their Certificate of Interested Parties on April 12, 2000 and their Amended Certificate of Interested Parties on April 14, 2000. Defendant Stanley A. Starrett, Jr. filed his Certificate of Interested Parties on April 11, 2000 and his Amended Certificate of Interested Parties on April 13, 2000. Defendant Ken and Andrea Oakley filed their Certificate of Interested Parties on April 12, 2000. Defendant Urban Engineering, The Peralla Corporation, Larry J. Urban, Dan Urban, James Urban and Eugene Urban filed their Certificate of Interested Parties and Corporate Disclosure Statement on April 27, 2000.

24.   List the names, bar numbers, addresses, and telephone numbers of all counsel.

**ANSWER**:

Max J. Luther, III
*MAX J. LUTHER, III, P. C. & ASSOCIATES*
1350 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas 78470
State Bar No. 12706000
Telephone: (361) 888-5544
Facsimile: (361) 887-6835

Edmound L. Cogburn
*DOW, COGBURN & FRIEDMAN, P.C.*
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
State Bar No. 04501000
Telephone: (713) 940-6000
Telecopier: (713) 940-6099

ATTORNEYS FOR PLAINTIFFS

9

ClibPDF - www.fastio.com

James F. McKibben, Jr.
***BARGER, HERMANSEN, McKIBBEN & VILLARREAL, L.L.P.***
Federal I.D. No. 914
State Bar No. 13713000
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
(361) 882-6611 - Telephone
(361) 883-8353 - Telecopier

Michael Gene Morris
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
Federal I.D. No. 296
State Bar No. 14495500
(361) 993-4571 - Telephone
(361) 993-4573 - Facsimile

ATTORNEYS FOR DEFENDANT
CITY OF PORT ARANSAS, TEXAS

Fred D. Dreiling
***LAW OFFICES OF FRED D. DREILING***
Bank of America
500 North Water St. - Suite 714
Corpus Christi, Texas 78471
Federal I.D. No. 19239
State Bar No. 06115100
(361) 883-0186 - Telephone
(361) 882-4112 - Facsimile

ATTORNEY FOR DEFENDANTS,
KEN OAKLEY and ANDREA OAKLEY

Jorge C. Rangel
***THE LAW OFFICES OF JORGE C. RANGEL, P.C.***
P. O. Box 2683
Corpus Christi, Texas 78403-2683
State Bar No. 16543500
Federal I.D. No. 5698
(361) 883-8500 - Telephone
(361) 883-2611 - Facsimile

Mr. E. R. Fleuriet
*THE FLEURIET SCHELL LAW FIRM L.L.P.*
621 E. Tyler
Harlingen, Texas 78550
State Bar No. 07145500
Federal I.D. No. 1327
(956) 428-3030 - Telephone
(956) 421-4339 - Facsimile

ATTORNEYS FOR DEFENDANT,
STANLEY A. STARRETT, JR.

Matthew J. Sullivan
*HAYNES AND BOONE, L.L.P.*
600 Congress Avenue # 1600
Austin, Texas 78701
State Bar No. 19488325
(512) 867-8400 - Telephone
(512) 867-8470 - Facsimile

ATTORNEY FOR DEFENDANT,
URBAN ENGINEERING, THE PERALLA
CORPORATION, LARRY J. URBAN,
DAN URBAN, JAMES URBAN AND
EUGENE URBAN

_____  by Jim w/permission         _5-12-2000_____
MAX J. LUTHER, III                                            DATE
Attorney for Plaintiffs


_____                              _5-12-2000_____
JAMES F. MCKIBBEN, JR.                                        DATE
Attorney for Defendant City of Port Aransas, Texas


_____ by Jim w/permission          _5-12-2000_____
FRED D. DREILING                                              DATE
Attorney for Defendants Ken Oakley and
Andrea Oakley


_____ by Jim w/permission          _5-12-2000_____
JORGE C. RANGEL                                               DATE
Attorney for Defendant Stanley A. Starrett, Jr.


_____ by Jim w/permission          _5-12-2000_____
MATTHEW J. SULLIVAN                                           DATE
Attorney for Defendant Urban Engineering,
The Peralla Corporation, Larry J. Urban,
Dan Urban, James Urban and Eugene Urban