United States District Court
Southern District of Texas
FILED

JUN 0 1 2000

Michael N. Milby, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | |
| & MOLLY GOCHMAN | § | CIVIL ACTION NO.-00-126 |
| | § | JURY |
| vs. | § | |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY, URBAN ENGINEERING | § | |
| A PARTNERSHIP, THE PERALLA | § | |
| CORPORATION, URBAN CONSULTING | § | |
| ENGINEERS, INC. | § | |
| AND THE CITY OF PORT ARANSAS | § | |

## PLAINTIFFS' ANSWER TO COUNTERCLAIM OF OAKLEY

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW ARTHUR GOCHMAN and MOLLY GOCHMAN, Plaintiffs herein, and also Counter-defendants ("GOCHMAN" individually "ARTHUR" and "MOLLY"), and file this their Answer to Defendants' First Amended Answer and Original Counterclaim filed by the Defendant, KEN OAKLEY, joined by his spouse, ANDREA OAKLEY, as Counter-plaintiffs ("OAKLEY"), and responds to such pleading, as originally filed in Cause Number 98-61521-3 in the 347th District Court of Nueces County, Texas by corresponding number:

1.      Allegations of paragraph I are admitted.

2       Allegations of paragraph II are admitted.

3.      As to paragraph III, it is admitted that GOCHMAN filed their Original

22.

CMsPDF - www.fesca.com

Petition on August 7, 1999 against OAKLEY and the City of Port Aransas. It is denied that the Notice of Lis Pendens (Notice") referred to in paragraph III was unlawful. The Notice was properly filed according to Section 12.007 of the Texas Property Code as a Notice of Lis Pendens of the pendency of an action involving the establishment of an interest in real property, just as is stated in the Code. Nowhere in paragraph III of the Counterclaim is there a statement as to any reason why the Notice was allegedly illegal. It is true that Exhibit "A" to paragraph III is a correct copy of the Notice filed by GOCHMAN. There is no requirement in the Code for official notice to anyone other than the recording of the Notice of Lis Pendens Records. GOCHMAN pleads, also, their privilege to file a Notice of Lis Pendens, which precludes suit against anyone in GOCHMAN's position for filing such a Notice. The Notice is absolutely accurate in the factual allegations it contains. Moreover, the lawsuit described in the Notice is public record which anyone could look at and determine for themselves if there was a fear of the lawsuit to a purchaser. OAKLEY has no damages that he can recover as result of such filing. There was no malice involved, simply a purpose to protect Plaintiffs interest from *bona fide* purchase, by involving statutory procedures, otherwise III is denied.

    4.    Again, respecting IV, GOCHMAN denies that the Notice was filed unlawfully or without legal justification or excuse. GOCHMAN has no knowledge

CVAPDF – www.texiss.com

of the business transactions of OAKLEY, but only knew that it was essential to prevent a bona fide purchaser from cutting off his rights asserted in this lawsuit. GOCHMAN denies intentional wrong, malice, and denies negligence.

5.     GOCHMAN denies that the document was "illegal", "fraudulent", or "unlawful" or "unlawfully filed".  There is no denial as to the authenticity of B-1 through B-5.  Otherwise, the allegations of paragraph V are admitted.

6.     Except for the inflammatory allegations of "good faith", "illegal", and "fraud" which are denied, the allegations of paragraph VI are admitted.

7.     GOCHMAN denies that the Release Agreement, Exhibit "C", was procured by the use of "coercion" and "duress", denies that it is null and void, and the use of "economic coercion".  GOCHMAN denies that OAKLEY would have suffered financial ruin if OAKLEY had refused to execute the Release. GOCHMAN has no knowledge of the underlying financial transactions and cannot either admit or deny the allegations.  GOCHMAN denies that OAKLEY would have lost their home or that their credit reputation would have been destroyed or that they would have been forced into bankruptcy.  GOCHMAN further denies that the execution of the Release was a result of duress, coercion, or undue influence and denies that the Release is null and void and of no force and effect.  Otherwise, GOCHMAN cannot admit or deny VII.

3

8.     The allegations of paragraph VIII have no relevance to this suit or to the document in question.  The sections of the Texas Civil Practice and Remedies Code have nothing to do with this lawsuit or the Notice.  Chapter 11 deals with the "vexatious litigants" and at Subchapter B, it outlines procedure for halting "vexatious litigation".   There was no attempt by OAKLEY to follow the procedures set out at Sections 11.051 through 11.057 and therefore, there is no relevance there.  Subchapter C, Sections 11.101 through 11.104, is again a procedure for halting "vexatious litigation", which was not followed by OAKLEY.

Likewise, Sections 51.901, *et seq.*, deal with actions by the Clerks when confronted with documents which they might determine in good faith were spurious, actions on "fraudulent judgment liens" (certainly not the case here), and actions on fraudulent liens on property (again a procedure not followed by OAKLEY).  None of these statutes which require specific procedures were followed by OAKLEY in this case and they have no relevance to the purported Counterclaim of OAKLEY. GOCHMAN therefore denies any liabilities or actions alleged in VIII.

9.     GOCHMAN denies reckless, extreme, or outrageous conduct and denies inflicting severe emotional distress.  GOCHMAN, therefore, denies the allegations of IX.

10.    GOCHMAN denies negligence, malice or conscious indifference to OAKLEY's "right or welfare".

11.    GOCHMAN denies that punitive damages are recoverable, as alleged in XI.

12.    GOCHMAN denies conspiracy against OAKLEY and denies any unlawful action or any unlawful agreement.  GOCHMAN therefore denies the allegation of XII.

13.    Declaratory judgments are inappropriate for Defendants, and therefore, Counter-Plaintiffs may not sue for such.  GOCHMAN previously, herein rebutted the same allegations of wrongdoing set out in XIII, and denies all allegations of XIII.

14.    There is no basis, as alleged, in XIV, for recovery of attorney fees by Counter-Defendants herein.  GOCHMAN therefore denies the allegation of XIV.

15.    GOCHMAN denies that this suit is groundless and denies that it is sanctionable.

16.    GOCHMAN denies there are any deed restrictions which are involved in this lawsuit, and further denies that Counter-Plaintiffs are beneficiaries of restrictions of Beachwalk Subdivision.   GOCHMAN therefore denies the allegations of XVI.

5

17.   GOCHMAN denies that GOCHMAN:

    a.     had any contractual relationship, written or oral, with Counter-Plaintiffs;

    b.     purchased labor or material from Counter-Plaintiffs;

    c.     purchased services from Counter-Plaintiffs;

    d.     received freight or express from Counter-Plaintiffs;

    e.     lost freight or express of Counter-Plaintiffs;

    f.     killed or injured Counter-Plaintiffs stock;

    g.     has been sued on a sworn account by Counter-Plaintiffs;

GOCHMAN therefore denies XVII.

PREMISES CONSIDERED, GOCHMAN prays that Counter-plaintiff take nothing and GOCHMAN be awarded all costs of this Counter-claim and such other and further relief the Court will grant.

                         Respectfully submitted,

                         MAX J. LUTHER, III, P.C.
                         & Associates
                         1350 Frost Bank Plaza
                         802 North Carancahua
                         Corpus Christi, Texas  78470
                         State Bar No. 12706000
                         Federal I. D. No.  298
                         Telephone:  (361)888-5544
                         Facsimile:  (361)887-6835

                         BY:_____
                           MAX LUTHER, III
                         ATTORNEY FOR PLAINTIFFS

6

and

**EDMUND L. COGBURN**
DOW, COGBURN, & FRIEDMAN, P.C.
9 Greenway Plaza
Houston, Texas 77046
Telephone: (713)940-6000
Telecopier: (713)940-6099
Federal I.D. No.: 2105
State Bar No. 04501000
ATTORNEY FOR PLAINTIFFS

7

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following counsel of record on this the 1st day of June, 2000, in accordance with the Texas Rules of Civil Procedure.

MAX J. LUTHER, III

ED COGBURN
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046
**VIA CMRRR# 7099 3220 0001 4298 4189**

MATTHEW J. SULLIVAN
Haynes and Boone, L.L.P.
1600 One American Center
600 Congress Avenue
Austin, Texas 78701
**VIA CMRRR# 7099 3220 0001 4298 4226**

FRED D. DREILING
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471
**VIA CMRRR# 7099 3220 0001 4298 4196**

E. R. FLEURIET
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas   78550
**VIA CMRRR# 7099 3220 0001 4298 4233**

JAMES F. MCKIBBEN, JR.
Barger, Hermansen, McKibben
    & Villarreal, L.L.P.
800 N. Shoreline Blvd., Ste.2000 N. Tower
Corpus Christi, Texas 78401
**VIA CMRRR# 7099 3220 0001 4298 4202**

JORGE C. RANGEL
The Law Offices of Jorge C. Rangel
P. O. Box 2683
Corpus Christi, Texas   78403-2683
**VIA CMRRR# 7099 3220 0001 4298 4240**

MICHAEL GENE MORRIS
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
**VIA CMRRR# 7099 3220 0001 4298 4219**
C \data\rel\plfans.goc.kc

8