United States District Court
Southern District of Texas
FILED

JUN 12 2000

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN<br>& MOLLY GOCHMAN | § § § | |
| v. | § § | CIVIL ACTION NO. C-00-126<br>UNOPPOSED |
| STANLEY A. STARRETT, JR.,<br>KEN OAKLEY AND THE CITY OF<br>PORT ARANSAS, TEXAS | § § § § | |

### DEFENDANT STANLEY A. STARRETT, JR.'S
### FIRST AMENDED ANSWER

Defendant Stanley A. Starrett, Jr. files this his First Amended Answer:

### ANSWER

1. Section I of Plaintiffs' First Amended Petition contains recitals which do not require a response.

2. Defendant Starrett admits the averments in paragraphs II of Plaintiffs' First Amended Petition that he sold Lots 24, 25 and 26 in Beachwalk I to Arthur Gochman or his assigns and that the sale closed with Molly Gochman shown as the purchaser of Lot 24. Defendant denies the remaining averments in II.

3. Defendant Starrett admits the statutory language in paragraph III of Plaintiffs' First Amended Petition and that there exists an Order of the Commissioners' Court of Nueces County dated October 23, 1971; all other averments in III are denied.

4. Defendant Starrett denies the averments in paragraph IV of Plaintiffs' First Amended Petition except that he admits that one or both of the Plaintiffs built a home on Lot 24. Starrett is without knowledge or information to admit or deny whether Plaintiffs sought a permit, whether the home was in accordance with the Act or whether Arthur has a leasehold interest.

5. Defendant Starrett admits the contents of the two applications for a permit; otherwise, Defendant Starrett denies the averments contained in paragraph V of Plaintiffs' First Amended Petition.

6. Defendant Starrett admits that Jim Urban prepared the permit applications; otherwise, the averments contained in paragraph VI are denied.

7. Defendant Starrett denies the averments contained in paragraph VII of Plaintiffs' First Amended Petition.

8. Defendant Starrett denies the averments contained in paragraph VIII of Plaintiffs' First Amended Petition.

9. There is no paragraph IX to admit or deny.

10. Defendant Starrett admits that the three lots were purchased by one or more of the Plaintiffs for $300,000.00 and that a residence was built on Lot 24. Starrett is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph X of Plaintiffs' First Amended Petition.

11. Defendant Starrett denies the averments contained in paragraph XI of Plaintiffs' First Amended Petition.

FIRST AMENDED ANSWER - 2

12. Defendant Starrett denies the averments contained in paragraph XII of Plaintiffs' First Amended Petition.

13. Defendant Starrett denies the averments contained in paragraph XIII of Plaintiffs' First Amended Petition.

14. Defendant Starrett admits that Plaintiff Arthur Gochman is a consumer as defined in the Deceptive Trade Practices Act and that Starrett was engaged in trade and commerce as defined by the DTPA with respect to Arthur Gochman. Defendant Starrett denies that Plaintiff Molly Gochman is a consumer under the DTPA.

15. Defendant Starrett denies the averments contained in paragraph XV of Plaintiffs' First Amended Petition.

16. Defendant Starrett denies the averments contained in paragraph XVI of Plaintiffs' First Amended Petition.

17. Defendant Starrett admits that demand was made on him for payment of the amounts sought as damages by Plaintiffs but denies that such demand was made more than 60 days prior to the filing of Plaintiffs' Original Petition and further denies that Plaintiffs are entitled to recover attorney's fees under any statute.

18. The averments in paragraph XVIII of Plaintiffs' First Amended Original Petition do not pertain to Defendant Starrett. To the extent that the averments may be construed to relate to Defendant Starrett they are denied.

19. The averments in paragraph XIX of Plaintiffs' First Amended Original Petition do not pertain to Defendant Starrett. To the extent that the averments may be construed to relate to Defendant Starrett they are denied.

20. The averments in paragraph XX of Plaintiffs' First Amended Original Petition do not pertain to Defendant Starrett. To the extent that the averments may be construed to relate to Defendant Starrett they are denied.

21. Defendant Starrett denies the averments contained in paragraph XXI of Plaintiffs' First Amended Petition.

22. Defendant Starrett denies that Plaintiffs are entitled to any of the relief they seek in the Prayer for Relief section of Plaintiffs' First Amended Petition.

## AFFIRMATIVE DEFENSES

23. Arthur Gochman was the agent for Molly Gochman. Tim Dykes and Dudley Carpenter were each agents for both Arthur Gochman and Molly Gochman. Various employees of Academy Sports and Outdoors, Inc. as well as Williams Industries, Inc. and its employees who worked on the beach house were all agents for both Molly Gochman and Arthur Gochman. Plaintiffs' injury and damages, if any, were caused by their own negligence or the negligence of their agents in locating the house where they did on Lot 24 or in failing to protest or mitigate when it became obvious there was construction activity occurring immediately to the north of Lot 24. Plaintiffs and their agents were also negligent in failing to take action at an early stage if they had complaints regarding the location of the Oakley house.

DEFENDANT STANLEY A. STARRETT, JR.'S
FIRST AMENDED ANSWER - 4

24. Plaintiffs have failed to mitigate their damages; if any.

25. Plaintiffs are equitably estopped from making any complaint or seeking any relief regarding construction of the Oakley house. Defendant specifically invokes the equitable doctrine of laches with respect to all matters of which Plaintiffs complain regarding the Oakley house.

26. Plaintiffs' claims under 42 USC § 1983 are barred by the statute of limitations.

## PRAYER

27. Defendant Starrett prays that Plaintiffs take nothing by their suit against him, that he have and recover his reasonable and necessary attorneys' fees and court costs as prayed for in his Counterclaim on file and that he have such other and further relief to which he may show himself entitled.

Respectfully submitted,

*[signature]*

E. R. Fleuriet
State Bar No. 07145500
Fed. I. D. No. 1327
Attorney-in-Charge for Defendant Starrett
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030
(956) 421-4339 (Fax)

DEFENDANT STANLEY A. STARRETT, JR.'S
FIRST AMENDED ANSWER - 5

OF COUNSEL:
**THE FLEURIET SCHELL LAW FIRM LLP**
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030
(956) 421-4339 (Fax)
Attorneys for Defendant Starrett


Jorge C. Rangel
State Bar No. 16543500
Fed. I. D. No. 5698
THE LAW OFFICES OF JORGE C. RANGEL, P.C.
615 Upper North Broadway
Suite 900
Corpus Christi, TX 78477
361-883-8500
361-883-2611 (Fax)

Attorneys for Defendant Starrett

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was served upon the following counsel of record:

Max J. Luther, III
1350 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas 78470

Michael G. Morris
5350 S. Staples, Suite 222
Corpus Christi, TX 78411

James F. McKibben, Jr.
One Shoreline Plaza
800 North Shoreline Blvd.
Suite 2000 North Tower
Corpus Christi, TX 78401

Edmund L. Cogburn
9 Greenway Plaza
Houston, TX 77046

Fred D. Dreiling
Bank of America Building
500 North Shoreline – Suite 714
Corpus Christi, TX 78471-1007

Matthew J. Sullivan
600 Congress Avenue, Suite 1600
Austin, TX 78701-3236

**DEFENDANT STANLEY A. STARRETT, JR.'S**
**FIRST AMENDED ANSWER** - 6

Jorge C. Rangel
THE LAW OFFICES OF JORGE C. RANGEL, P.C.
615 Upper North Broadway
Suite 900
Corpus Christi, TX 78477

via regular mail on this the __9__ day of June, 2000.

                                          E. R. Fleuriet

**DEFENDANT STANLEY A. STARRETT, JR.'S**
**FIRST AMENDED ANSWER** - 7