United States District Court
Southern District of Texas
FILED

JUN 15 2000

Michael N. Milby, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ARTHUR GOCHMAN AND | § | |
| MOLLY GOCHMAN | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 00-126** |
| | § | **JURY** |
| | § | |
| KEN OAKLEY, THE | § | |
| CITY OF PORT ARANSAS, TEXAS, | § | |
| URBAN ENGINEERING, AND | § | |
| STANLEY A. STARRETT, JR. | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT CITY OF PORT ARANSAS, TEXAS' ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the City of Port Aransas, a Defendant in the above entitled and numbered cause, and file this its Answer to Plaintiffs' First Amended Complaint, and for same would show the court as follows:

**I. Answer**

1.    In response to sentence 1 of paragraph I. of Plaintiffs' First Amended Complaint, Defendant admits the allegation contained therein.

2.    In response to sentence 2 of paragraph I. of Plaintiffs' First Amended Complaint, this Defendant believes Urban Consulting Engineers have now made an appearance.

3.    In response to sentence 3 of paragraph I. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the allegation contained therein.

4.    In response to paragraph II. of Plaintiffs' First Amended Complaint, as this Defendant

30.

CHAPDF - www.fastio.com

was not a party to said transaction, this Defendant is without information or belief to admit or deny the allegations contained therein. However, this Defendant does not dispute that Arthur Gochman entered into a contract to purchase property located in Port Aransas, Texas from Starrett or that Molly Gochman became a purchaser at closing.

5.      In response to sentence 1 of paragraph III. of Plaintiffs' First Amended Complaint, Defendant admits that the Nueces County Commissioner's Court issued an Order [dated October 23, 1973,] pursuant to Section 63.011 of the Texas Natural Resources Code establishing a dune protection line on Mustang Island. Defendant admits that Lots 24, 25, and 26, Block 1, Beachwalk I addition to the City of Port Aransas (referred to by Plaintiffs as the "home lots") and Lot 35, Beachwalk II addition to the City of Port Aransas (referred to by Plaintiffs as the "Oakley lots") are located on Mustang Island.

6.      In response to sentence 2 of paragraph III. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the allegation contained therein.

7.      In response to sentence 3 of paragraph III. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the allegation contained therein.

8.      Defendant does not dispute that Plaintiffs built a home on Lot 24, Block 1, Beachwalk I addition to the City of Port Aransas in accordance with the act as alleged in paragraph IV. The remainder of paragraph IV is admitted.

9.      In response to sentence 1 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant admits that it adopted the Coastal Management Plan, that said plan was prepared by Urban pursuant to statute, and that the Coastal Management Plan deals with the requirements imposed by the City for a dune permit. Defendant Urban Consulting Engineers, Inc. is not an employee or official of the City of Port Aransas, but is retained

2

on occasion for specific assignments.

10.    In response to sentence 2 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant admits that the Dune Protection Act contains other requirements.

11.    In response to sentence 3 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant admits that two (2) applications for dune permits were filed by Defendant Starrett.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that said applications were filed following the Plaintiffs' purchase of the home lots.

12.    In response to sentence 4 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant admits the averments contained therein.

13.    In response to sentence 5 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant admits the averment contained therein.

14.    In response to sentence 6 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant denies the allegation contained therein.

15.    In response to sentence 7 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant admits the averment contained therein.

16.    In response to sentence 8 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

17.    In response to sentence 9 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

18.    In response to sentence 10 of paragraph V. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

19.    In response to the subheading of paragraph VI. of Plaintiffs' First Amended Complaint,

3

Defendant denies the averment contained therein.

20.     In response to sentence 1 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averment contained therein.

21.     In response to sentence 2 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averment contained therein.

22.     In response to sentence 3 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averments contained therein.

23.     In response to sentence 4 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averments contained therein.

24.     In response to sentence 5 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averment contained therein.

25.     In response to sentence 6 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averments contained therein.

26.     In response to sentence 7 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averments contained therein.

27.     In response to sentence 8 of paragraph VI. of Plaintiffs' First Amended Complaint,
        Defendant denies the averments contained therein.

28.     In response to the subheading of paragraph VII. of Plaintiffs' First Amended Complaint,
        Defendant denies the averment contained therein regarding statutory and constitutional
        violations.

29.     In response to sentence 1 of paragraph VII. of Plaintiffs' First Amended Complaint,
        Defendant denies the averments contained therein.

30.     In response to sentence 2 of paragraph VII. of Plaintiffs' First Amended Complaint,

CWPDF - www.fastio.com

Defendant denies the averments contained therein.

31.     In response to sentence 3 of paragraph VII. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

32.     In response to sentence 4 of paragraph VII. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

33.     In response to sentence 5 of paragraph VII. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

34.     In response to sentence 6 of paragraph VII. of Plaintiffs' First Amended Complaint, Defendant denies the averment contained therein.

35.     In response to sentence 7 of paragraph VII. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

36.     In response to sentence 8 of paragraph VII. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the statements contained therein that Plaintiffs sue under the Dune Protection Act, and under 42 U.S.C.A. 1983 (the Civil Rights Act"). Defendant, denies that Plaintiffs are entitled to the relief prayed for in paragraph VII.

37.     In response to paragraph VIII. of Plaintiffs' First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

38.     In response to sentence 1 of paragraph X.[1] of Plaintiffs' First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth

---

[1]There is no paragraph IX. to Plaintiff's First Amended Complaint.

5

CUtePDF - www.fasisa.com

of the averments of representations contained therein.

39.  In response to sentence 2 of paragraph X. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the statements contained therein.

40.  In response to sentence 3 of paragraph X. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the statements contained therein.

41.  In response to paragraph XI. of Plaintiffs' First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

42.  In response to paragraph XII. of Plaintiffs' First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

43.   In response to paragraph XIII of Plaintiffs' First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

44.  In response to paragraph XIV. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the statements contained therein as to other defendants. This defendant is not engaged in "Trade and Commerce" as defined in the act.

45.  In response to paragraph XV. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the statements contained therein.

46.  In response to paragraph XVI. of Plaintiffs' First Amended Complaint, Defendant is neither required to admit or deny the statements contained therein. This defendant denies it is liable to the plaintiffs under the DTPA.

47.  In response to paragraph XVII. of Plaintiffs' First Amended Complaint, Defendant is

6

without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and is neither required to admit or deny the statements contained therein. This defendant denies it is liable to plaintiffs for attorney fees.

48. In response to paragraph XVIII. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

49. In response to paragraph XIX. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

50. In response to paragraph XX. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein. Defendant further denies that Plaintiffs are entitled to recover the relief prayed for in paragraph XX.

51. In response to paragraph XXI. of Plaintiffs' First Amended Complaint, Defendant denies the averments contained therein.

52. In response to the paragraph entitled "Prayer for Relief" of Plaintiff's First Amended Complaint, Defendant denies the averments set forth therein. Defendant denies that Plaintiffs are entitled to recover the prayed for relief.

## II. DEFENSES

53. Defendant asserts that it is entitled to governmental/sovereign immunity from suit.

54. Defendants would show that the imposition of punitive damages under these circumstances would violate constitutional protections against punishment without due process.

## III. <u>CONCLUSION</u>

WHEREFORE PREMISES CONSIDERED, Defendant prays that the Court find that Defendant is free of any liability to Plaintiffs, that Plaintiffs' claims be dismissed, and that Court order that all costs of suit, including Defendant's reasonable attorney's fees be taxed against Plaintiffs. Defendants further pray for all other relief to which they may be justly entitled.

8

ClixPDF - www.fasiio.com

Respectfully Submitted,

By: _____

James F. McKibben, Jr.
State Bar No. 13713000
Federal ID No. 914
One Shoreline Plaza
800 N. Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
(361) 882 - 6611 - Telephone
(361) 866 - 8039 - Telecopier

ATTORNEY-IN-CHARGE FOR DEFENDANT
CITY OF PORT ARANSAS, TEXAS

OF COUNSEL:

**BARGER, HERMANSEN, McKIBBEN & VILLARREAL, L.L.P.**
Liza Marie Aguilar
State Bar No. 24006741
Federal ID No. 23222
One Shoreline Plaza
800 N. Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
(361) 882 - 6611 - Telephone
(361) 866 - 8039 - Facsimile

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Answer to

Plaintiffs' First Amended Complaint was served on counsel of record by the method indicated

below on this the 15th day of June, 2000:

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Max J. Luther, III
*Max J. Luther, III, P.C. & Associates*
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas   78470-0165

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Edmund L. Cogburn
*Dow, Cogburn & Friedman, P.C.*
9 Greenway Plaza
Houston, Texas 77046

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Fred Dreiling
*Law Offices of Fred D. Dreiling*
Bank of America
500 North Water St. - Suite 714
Corpus Christi, Texas 78471

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
E.R. Fleuriet
*The Fleuriet Schell Law Firm LLP*
621 E. Tyler
Harlingen, Texas 78550

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Jorge C. Rangel
*The Law Offices of Jorge C. Rangel, P.C.*
P.O. Box 2683
Corpus Christi, Texas 78403-2683

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Matthew J. Sullivan
*Haynes & Boone, L.L.P.*
1600 One American Center
600 Congress Avenue
Austin, Texas 78701

**U.S. FIRST CLASS MAIL**
Michael Gene Morris
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411

James F. McKibben, Jr.