UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN 19 2000

Michael N. Milby, Clerk

ARTHUR GOCHMAN AND § 
MOLLY GOCHMAN, §
 §
    Plaintiffs, §
 §
v. § CV ACTION NO. C-00-126
 §
STANLEY A. STARRETT, JR. §
KEN OAKLEY, URBAN ENGINEERING, §
A PARTNERSHIP, THE PERALLA §
CORPORATION, URBAN CONSULTING §
ENGINEERS, INC., JAMES URBAN AND §
THE CITY OF PORT ARANSAS, TEXAS, §
 §
    Defendants. §

## URBAN ENGINEERING'S, THE PERALLA CORPORATION'S, URBAN CONSULTING ENGINEERS, INC.'S AND JAMES URBAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

  Defendants Urban Engineering, The Peralla Corporation, Urban Consulting Engineers, Inc. and James Urban (collectively, "Defendants"), respond to the above-captioned First Amended Complaint (the "Complaint") by Plaintiffs Arthur Gochman and Molly Gochman ("Plaintiffs") as follows:

### I.

### ANSWER TO FIRST AMENDED COMPLAINT

  1. Defendants admit the allegations in the first paragraph of Section I of the Complaint.

  2. In regard to paragraph 2 of Section I, counsel for Defendants is compelled to clarify that he wrote to counsel for Plaintiffs and explained that based on his understanding Plaintiffs incorrectly sued Victoria Engineering, Inc., Larry Urban, Dan Urban, Eugene Urban, and James Urban as "partners" of Urban Engineering. Counsel for Urban understands that these entities and

individuals are not partners of Urban Engineering. Counsel for Urban does not believe that there were any other "representations" as to the involvement of various employees of Peralla Corporation or Urban Consulting Engineers, Inc. in the project. Defendants admit that Victoria Engineering, Dan Urban, Eugene Urban and Larry J. Urban did not participate in their individual capacities in the transactions and events described in the Complaint. Defendants deny that Victoria Engineering, Inc., Dan Urban, Eugene Urban and/or Larry J. Urban participated "vicariously through the actions of others acting as agents or corporate officers or employers" in the events described in the Complaint, as alleged in paragraph 2 of Section I of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Section II of the Complaint because they involve alleged conduct of Plaintiff and another defendant, and therefore deny same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Section II of the Complaint because they involve alleged conduct of Plaintiffs and another defendant, and therefore deny same.

5. Defendants admit the allegations in Section III of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Section IV of the Complaint because they involve alleged conduct of Plaintiffs and another defendant, and therefore deny same. The second sentence in Section IV calls for a legal conclusion. Accordingly, it is denied.

7. Defendants admit that Urban Engineering assisted with preparation of the Coastal Management Plan adopted by the City of Port Aransas, as alleged in paragraph 1 of Section V of the Complaint. Defendants admit the remaining allegations in that paragraph.

8. Defendants admit that Starrett filed applications for a residential dune permit and a roadways and utilities permit. Defendants admit that the roadways and utilities permit contained the

language set forth in paragraph 2 of Section V of the Complaint. Defendants deny the remainder of the paragraph.

9. Defendants deny that the Residential Permit applied to Lots 1 through 74 of Beachwalk II as alleged in paragraph 3 of Section V of the Complaint. Defendants admit the remaining allegation in that paragraph.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Section V of the Complaint because they involve the alleged conduct of another defendant, and therefore deny same. They also require legal conclusions. To the extent that, in paragraph 4 of Section V of the Complaint, Plaintiffs are claiming that any act by Defendants violated any of Plaintiffs rights, Defendants deny same.

11. In paragraph 1 of Section VI of the Complaint, Defendant Urban Engineering admits that it assisted with preparation of the applications for permits. Defendants admit that James Urban is an employee and officer of Urban Consulting Engineers, Inc. Defendants deny that James Urban is a principal of Urban Engineering. Defendants admit that Urban Engineering assisted with preparation of the Coastal Management Plan. Defendants deny that Urban Engineering was acting as City Engineer, or was consulted by the City as City Engineer, in the determination of whether the permits should be granted. Defendant Urban Engineering admits that it recommended the permits for approval, but denies that Urban Engineering was acting as City Engineer at that time. Defendants admit that the City approved the permits. Defendants deny the remainder of the allegations and deny that they conspired with Starrett, the City, and/or any other person or entity to deprive Plaintiffs of any of their rights.

12. Defendants deny the allegations in the first sentence in paragraph 1 of Section VI. Defendants deny the remaining allegations in paragraph 2 of Section VI because they call for legal conclusions.

URBAN ENGINEERING'S, THE PERALLA CORPORATION'S, URBAN CONSULTING ENGINEERS, INC.'S,
and JAMES URBAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT                     Page 3
a-99025.2

13. Sentences 1, 2, 3, 4, 6, 7 and 8 of Section VII call for legal conclusions and, therefore, Defendants deny same. Defendants deny that any of them "appeared on both sides of the table". Defendants admit that Urban Engineering assisted with preparation of the Coastal Management Plan and the permit applications. Defendants deny that they were acting as City Engineer. Defendants deny that they took any improper action "to the advantage of Starrett and disadvantage of Plaintiffs and other littoral owners," as alleged in sentence 5 of Section VII.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Section VIII of the Complaint because they involve representations allegedly made by another defendant, and therefore deny same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of Section VIII of the Complaint because they involve a representation allegedly made by another defendant, and therefore deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Section X of the Complaint because they involve the alleged conduct of another defendant and the state of mind of Plaintiffs, and therefore deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Section XI of the Complaint because they involve the alleged conduct of another defendant and the state of mind of another defendants and Plaintiffs. Accordingly, Defendants deny same.

18. Defendants deny the allegations in Section XII of the Complaint to the extent that Plaintiffs are claiming any damages based on any conduct by Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Section XII to the extent that they involve damages arising out of the alleged conduct of other defendants.

19. Defendants deny the allegations in Section XIII of the Complaint to the extent that Plaintiffs are claiming any damages based on any conduct by Defendants. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations in Section XIII to the extent that they involve damages arising out of the alleged conduct of other defendants.

20. The allegations contained in Section XIV of the Complaint call for legal conclusions. Defendants therefore deny same.

21. Defendants admit that Plaintiffs are asserting DTPA claims against Defendant Starrett. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Section XV of the Complaint because they involve the alleged conduct of another defendant and the state of mind of another defendant and Plaintiffs. In addition, the first sentence of Section XV calls for a legal conclusion. Accordingly, Defendants deny same.

22. The allegations contained in paragraph 2 of Section XV call for legal conclusions. Defendants therefore deny same.

23. The allegations contained in Section XVI of the Complaint call for legal conclusions. Defendants therefore deny same.

24. The allegations contained in Section XVII of the Complaint call for legal conclusions. Defendants therefore deny same.

25. The allegations contained in Section XVIII of the Complaint call for legal conclusions. Defendants therefore deny same.

26. Defendants deny the allegations contained in Section XIX of the Complaint because they call for legal conclusions and they involve conduct by another defendant.

27. The allegations contained in Section XX of the Complaint call for legal conclusions. Defendants therefore deny same.

28. Defendants deny the allegations contained in Section XXI.

## AFFIRMATIVE DEFENSES

29. The Complaint, and the purported causes of action stated therein, fail to allege facts sufficient to state any cause of action or any claim upon which relief may be granted.

URBAN ENGINEERING'S, THE PERALLA CORPORATION'S, URBAN CONSULTING ENGINEERS, INC.'S, and JAMES URBAN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

a-99025.2

Page 5

30. Defendants are not liable to Plaintiffs in the capacity or capacities in which they have been sued. None of the Defendants were acting as City Engineer at the time of the events at issue in this lawsuit. Therefore, none of the Defendants are subject to liability under Section 1983 because they were not acting "under color of any statute, ordinance, custom or usage, of any State or Territory . . ."

31. Defendants are not liable for conspiracy because they did not perform, or conspire to perform, any illegal act, nor did they perform, or conspire to perform, any legal act by unlawful means.

32. Defendants are not liable for conspiracy because they did not know, or have reason to know, that any lawful act they took would cause Plaintiffs' alleged harm.

33. Defendants are not liable for conspiracy because they lacked the requisite intent to commit the complained of alleged unlawful acts.

34. Plaintiffs' claims are barred by the applicable statute of limitations.

35. Plaintiffs' claims are barred by laches.

36. Plaintiffs' claims are barred by estoppel.

37. Plaintiffs' claims against Defendants are barred by the economic loss rule. Specifically, Plaintiffs' claims, if any, sound in contract alone. In the absence of privity of contract with Defendants, there is no right of action against Defendants.

38. In the unlikely event that the Court finds that any of Defendants acted as City Engineer, which is denied, any such Defendant is entitled to official immunity and/or good-faith/qualified immunity. To the extent that Plaintiffs are claiming any injury out of Defendants' participation in assisting with the drafting of the Coastal Management Plan, any such Defendant is entitled to absolute immunity.

39. Plaintiffs' claims are barred because they do not have standing. Plaintiffs have failed to state any injury to "life, liberty or property" that is protected by the due process clause of the United States Constitution.

40. Plaintiffs' claims are barred by waiver.

41. Plaintiffs' claims are barred by the doctrine of "election of remedies."

42. Plaintiffs' claims are barred because Plaintiffs failed to mitigate their damages, if any.

43. Plaintiffs' claims are barred because Plaintiffs' alleged injury and damages, if any, were caused by Plaintiffs' own negligence or the negligence of Plaintiffs' own agents.

## PRAYER FOR RELIEF

A. That Plaintiffs' claims in their First Amended Complaint as they relate to Defendants Urban Engineering, The Peralla Corporation, and Urban Consulting Engineers, Inc. be dismissed, and that Plaintiffs take nothing from the above-named Defendants; and

B. That Defendants be granted such other and further relief as the court deems just and proper.

Respectfully submitted,

_____
Matthew J. Sullivan
State Bar No. 19488325
Andrea L. Sloan
State Bar No. 90001678

HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701
512/867-8400 - telephone
512/867-8470 - telecopier

ATTORNEYS FOR DEFENDANTS
URBAN ENGINEERING, THE PERALLA
CORPORATION, URBAN CONSULTING
ENGINEERS, INC., AND JAMES URBAN

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing instrument was served on the following parties in accordance with the Federal Rules of Civil Procedure on the ___15___ day of June, 2000:

| | |
|---|---|
| Max J. Luther, III, Esq.<br>Frost Bank Plaza<br>802 North Carancahua, Suite 1350<br>Corpus Christi, TX 78470-0165 | James F. McKibben, Jr., Esq.<br>Barger, Hermansen, McKibben & Villarreal, L.L.P.<br>800 North Shoreline Blvd.<br>Suite 2000 - North Tower<br>Corpus Christi, TX 78401 |
| Jorge C. Rangel, Esq.<br>The Law Offices of Jorge C. Rangel, P.C.<br>P.O. Box 2683<br>Corpus Christi, TX 78403-2683 | Michael Gene Morris, Esq.<br>5350 S. Staples, Suite 222<br>Corpus Christi, TX 78411 |
| E.R. Fleuriet, Esq.<br>The Fleuriet Schell Law Firm, L.L.P.<br>621 East Tyler<br>Harlingen, TX 78550 | Fred Dreiling, Esq.<br>Law Offices of Fred D. Dreiling<br>Bank of America, Suite 714<br>500 North Water Street<br>Corpus Christi, TX 78471 |

    _____
    Matthew J. Sullivan