IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN 27 2000

Michael N. Milby, Clerk

ARTHUR GOCHMAN §
AND §
MOLLY GOCHMAN §
 §
 §
VS. § C.A. NO. C-00-126
 § JURY
 §
STANLEY A. STARRETT, JR., §
ET. AL. §
 §

## DEFENDANT, KEN OAKLEY'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **KEN OAKLEY,** a Defendant herein, and files this motion requesting permission of the Court to file his second amended answer and in support hereof would respectfully show the Court as follows:

I.

Defendant, Oakley wishes to obtain the Court's permission to file his second amended answer, beyond the pleading deadline, and in accordance with Rule 15. This amended pleading, which is attached hereto, will come as no surprise to any other party or attorney interested in this matter.

II.

Defendant Oakley's attorney had jury trial settings in state court on June 5, 2000, June 12, 2000, and June 19, 2000. The case set for trial in state court on June 12, 2000, went to trial, and did not end until Thursday afternoon, June 15, 2000, the pleading deadline date in this case. The other two cases settled shortly before the dates they were scheduled for trial; however, until

*Defendant Ken Oakley's Unopposed Motion for Leave to File Second Amended Answer*
*Gochman vs. Oakley, et. al.*
Page 1 of 4

these cases settled, Oakley's counsel was preparing these cases for trial. Due to his schedule and the June 12, 2000, trial Oakley's counsel was unable to meet the June 15, 2000, pleading deadline

III.

The attorneys in charge for the Plaintiffs and the Defendants do not oppose this motion.

WHEREFORE PREMISES CONSIDERED, Oakley prays that this matter be set for hearing, and that upon hearing hereof the Court grant Oakley permission to file the amended pleading, attached hereto.

Respectfully submitted,

**LAW OFFICE OF FRED D. DREILING**
**BANK OF AMERICA BUILDING**
**500 NORTH SHORELINE, SUITE 714**
**CORPUS CHRISTI, TEXAS 78471**
**E-MAIL:DREILINGFD@AOL.COM**
**TELEPHONE: (361) 883-0186**
**FACSIMILE: (361) 882-4112**

**FRED D. DREILING**
**FEDERAL ID NO. 19239**
**STATE BAR NO. 06115100**

**ATTORNEY IN CHARGE FOR**
**DEFENDANT KEN OAKLEY**

*Defendant Ken Oakley's Unopposed Motion for Leave to File Second Amended Answer*
*Gochman vs. Oakley, et. al.*
Page 2 of 4

## CERTIFICATE OF CONFERENCE

Oakley's counsel has conferred with the attorneys in charge for the Plaintiffs and all Defendants, and they do not oppose this motion.

_____
FRED D. DREILING

*Defendant Ken Oakley's Unopposed Motion for Leave to File Second Amended Answer*
*Gochman vs. Oakley, et. al.*
*Page 3 of 4*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed to the following counsel of record in accordance with the Federal Rules of Civil Procedure this 26th day of June, 2000.

| | |
|---|---|
| Mr. Max J. Luther, III<br>*Law Office of Max J. Luther, III*<br>Frost Bank Plaza<br>802 North Carancahua, Suite 1350<br>Corpus Christi, Texas 78470-0165 | **U.S.P.S. Regular Delivery** |
| Mr. Michael G. Morris<br>Attorney at Law<br>5350 South Staples, Suite 222<br>Corpus Christi, Texas 78411 | **U.S.P.S. Regular Delivery** |
| Mr. Ed Cogburn<br>*Dow, Cogburn & Friedman, P.C.*<br>9 Greenway Plaza<br>Houston, Texas 77046 | **U.S.P.S. Regular Delivery** |
| Mr. E.R. Fleuriet<br>*The Fleuriet Schell Law Firm, L.L.P.*<br>621 East Tyler<br>Harlingen, Texas 78550 | **U.S.P.S. Regular Delivery** |
| Mr. James F. McKibben, Jr.<br>*Barger, Hermansen, McKibben & Villarreal, L.L.P.*<br>1100 Tower II<br>555 North Carancahua<br>Corpus Christi, Texas 78478 | **U.S.P.S. Regular Delivery** |
| Mr. Jorge C. Rangel<br>*The Law offices of Jorge C. Rangel*<br>P.O. Box 2683<br>Corpus Christi, TX 78403-2683 | **U.S.P.S. Regular Delivery** |
| Mr. Matthew J. Sullivan<br>*Haynes and Boone, L.L.P.*<br>1600 One American Center<br>600 Congress Avenue, Suite 1600<br>Austin, TX 78701-3236 | **U.S.P.S. Regular Delivery** |

_____
Fred D. Dreiling

*Defendant Ken Oakley's Unopposed Motion for Leave to File Second Amended Answer*
*Gochman vs. Oakley, et. al.*
*Page 4 of 4*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARTHUR GOCHMAN § | |
| AND § | |
| MOLLY GOCHMAN § | |
| § | |
| VS. § | C.A. NO. C-00-126 |
| § | JURY |
| § | |
| STANLEY A. STARRETT, JR., § | |
| KEN OAKLEY AND § | |
| THE CITY OF PORT ARANSAS § | |

## DEFENDANT, KEN OAKLEY'S, SECOND AMENDED ANSWER

Defendant, Ken Oakley, files this his Second Amended Answer. By this pleading Defendant is not amending or superseding the Original Counterclaim previously filed by Ken and Andrea Oakley as Counter-Plaintiffs.

## ANSWER

1. Section I of Plaintiffs' First Amended Complaint contains recitals which do not require a response.

2. Defendant, Oakley admits the averment in paragraphs II of Plaintiffs' First Amended Complaint that Defendant Starrett sold Lots 24, 25 and 26 in Beachwalk I, and that the sale closed with Molly Gochman shown as the purchaser of Lot 24. Defendant denies the remaining averments in II.

3. Defendant, Oakley, admits the statutory language in Paragraph III of Plaintiffs' First Amended Complaint, and admits that there exists an Order of the Commissioners' Court of Nueces County dated October 23, 1971; all other averments in III are denied.

4. Defendant, Oakley, denies the averment in paragraph IV of Plaintiffs' First Amended Complaint except that he admits that one or both of the Plaintiffs built a home on Lot 24. Oakley is without knowledge or information to admit or deny whether Plaintiffs sought a permit, whether the home was in accordance with the Act or whether Arthur Gochman has any interest in the property.

5. Defendant, Oakley, lacks information and knowledge to admit the contents of the two applications for a permit; otherwise, Defendant, Oakley, denies the averments contained in paragraph V of Plaintiffs' First Amended Complaint.

6. Defendant, Oakley, lacks information and knowledge to admit that Jim Urban prepared the permit applications; otherwise, the averments contained in paragraph VI are denied.

7. Defendant, Oakley lacks information and knowledge to admit the averments contained in paragraph VII of Plaintiffs First Amended Complaint; otherwise the allegations are denied.

8. Defendant, Oakley, lacks information and knowledge to admit the averments contained in paragraph VIII of Plaintiffs' First Amended Complaint; otherwise the allegations are denied.

9. There is no paragraph IX to admit or deny.

10. As to paragraph X Defendant, Oakley, admits that the three lots were purchased by one or more of the Plaintiffs and that a residence was built on Lot 24. Oakley is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph X of Plaintiffs' First Amended Complaint.

11. Defendant, Oakley, lacks information and knowledge to admit the averments contained in paragraph XI of Plaintiffs' First Amended Complaint.

12. Defendant, Oakley, lacks information and knowledge to admit the averments contained in paragraph XII of Plaintiffs' First Amended Complaint.

13. Defendant, Oakley, lacks information and knowledge to admit the averments contained in paragraph XIII of Plaintiffs' First Amended Complaint.

14. Defendant, Oakley lacks information and knowledge to admit that Arthur Gochman an Molly Gochman are consumers as defined in the Deceptive Trade Practice Act.

15. Defendant, Oakley, lacks information and knowledge to admit the averments contained in paragraph XV of Plaintiffs' First Amended Complaint.

16. Defendant, Oakley, lacks information and knowledge to admit the averments contained in paragraph XVI of Plaintiffs' First Amended Complaint.

17. Defendant, Oakley, lacks information and knowledge to admit that demand was made on Starrett for payment of the amount sought as damages by Plaintiffs as alleged in paragraph XVII of Plaintiffs' First Amended Complaint.

18. Defendant, Oakley, denies all of the averments in paragraph XVIII of Plaintiffs' First Amended Original Complaint.

19. Defendant, Oakley, denies all of the averments contained in paragraph XIX of Plaintiffs' First Amended Complaint.

20. The averments contained in paragraph XX of Plaintiffs' First Amended Complaint do not pertain to Defendant, Oakley. To the extent that the averments may be construed to relate to Defendant, Oakley, they are denied.

21. Defendant, Oakley, denies the averments contained in paragraph XXI of Plaintiffs' First Amended Complaint.

22. Defendant, Oakley, denies that Plaintiffs are entitled to any of the relief they seek in the Prayer for Relief section of Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

23. Arthur Gochman was the agent for Molly Gochman. Tim Dykes and Dudley Carpenter were agents for Arthur Gochman and Molly Gochman. Various employees of Academy Sports and Outdoors, Inc. as well as Williams Industries, Inc. and its employees who worked on the Gochman's beach house were all agents for both Molly Gochman and Arthur Gochman. Plaintiffs' injury and damages, if any, were caused by their own negligence or the negligence of their agents in locating the house where they did on Lot 24 or in failing to protest or mitigate when it became obvious there was construction activity occurring immediately to the north of Lot 24. Plaintiffs and their agents were also negligent in failing to take action at an early stage if they had complaints regarding the location of the Oakley house.

24. Plaintiffs have failed to mitigate their damages; if any.

25. Plaintiffs are equitably estopped from making any complaint or seeking any relief regarding construction of the Oakley house. Oakley specifically invokes the equitable doctrine of laches with respect to all matters of which Plaintiffs complain regarding the Oakley house.

26. Plaintiffs' claims under 42 USC § 1983 are barred by the statute of limitations.

27. Plaintiffs lack standing or capacity to bring suit alleging violations of, and requesting enforcement of, the Dune Protection Act.

28. Plaintiffs are guilty of contributory negligence of such degree that Plaintiffs are barred from the recovery of monetary damages or any order for equitable relief.

29. Plaintiffs' failure to timely initiate and prosecute this litigation and their allegations that Defendants violated the Dune Protection Act constitutes an intentional surrender

of Plaintiffs' alleged rights under the Dune Protection Act, or intentional conduct inconsistent with claiming such alleged rights.

30. Plaintiffs' failure to timely initiate and prosecute this litigation and their allegations that Defendants violated the Dune Protection Act constitutes an estoppel.

## PRAYER

31. Defendant, Ken Oakley prays that Plaintiffs take nothing by their suit against him, that he have and recover his reasonable and necessary attorneys' fees and court costs as prayed for and that he have such other further relief to which he may show himself entitled.

Respectfully submitted,

LAW OFFICE OF FRED D. DREILING
BANK OF AMERICA BUILDING
500 NORTH SHORELINE – SUITE 714
CORPUS CHRISTI, TX 78471-1007
TELEPHONE:     (361) 883-0186
FACSIMILE:      (361) 882-4112
E-MAIL: DREILINGFD@AOL.COM

FRED D. DREILING
State Bar No. 06115100
Federal ID No. 19239

**ATTORNEY IN CHARGE
FOR DEFENDANT KEN OAKLEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed to the following counsel of record in accordance with the Federal Rules of Civil Procedure on this the _22_ day of June 2000.

Mr. Max J. Luther, III
*Law Office of Max J. Luther, III*
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165

Mr. Michael G. Morris
Attorney at Law
5350 South Staples, Suite 222
Corpus Christi, Texas 78411

Mr. Ed Cogburn
*Dow, Cogburn & Friedman, P.C.*
9 Greenway Plaza
Houston, Texas 77046

Mr. E.R. Fleuriet
*The Fleuriet Schell Law Firm, L.L.P.*
621 East Tyler
Harlingen, Texas 78550

Mr. James F. McKibben, Jr.
*Barger, Hermansen, McKibben & Villarreal, L.L.P.*
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478

Mr. Jorge C. Rangel
*Law Offices of Jorge C. Rangel*
P.O. Box 2683
Corpus Christi, TX 78403-2683

Mr. Matthew J. Sullivan
*Haynes and Boone, L.L.P.*
1600 One American Center
600 Congress Avenue, Suite 1600
Austin, TX 78701-3236

Fred D. Dreiling

*Defendant, Ken Oakley's, Second Amended Answer*
*Gochman vs. Oakley, et. al.*
*Page 6*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN <br> AND <br> MOLLY GOCHMAN <br><br> VS. <br><br> STANLEY A. STARRETT, JR., <br> ET. AL. | § § § § § § § § § § | C.A. NO. C-00-126 <br> JURY |

## ORDER

On this day came to be heard the Defendant Ken Oakley's Motion for Leave to File Second Amended Answer.

The Court, upon consideration of said Motion, hereby grants same.

Entered on this the ____ day of _____, 2000.

_____
**UNITED STATES DISTRICT JUDGE**