# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**JUL 1 7 2000**

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | |
| & MOLLY GOCHMAN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-126 |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY AND THE CITY OF | § | |
| PORT ARANSAS, TEXAS | § | |

## DEFENDANT STARRETT'S MOTION FOR
## SUMMARY JUDGMENT AGAINST PLAINTIFFS
## ARTHUR GOCHMAN AND MOLLY GOCHMAN

Defendant Stanley A. Starrett, Jr. moves this Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the following grounds:

## I.  SUMMARY JUDGMENT STANDARD

1.  Summary judgment is mandated "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A defendant may discharge its summary judgment burden by pointing out the absence of proof on any one or more of the essential elements of the plaintiff's claims, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S.



317, 323 (1986); *see also International Ass'n of Machinists and Aerospace Workers v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987).

2.   The plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted); *see also State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990) (describing the amount of evidence the non-moving party must bring forward as "significant probative evidence"). Applying these standards to the case at bar, Starrett is entitled to summary judgment on the grounds presented below.

## II.   PLAINTIFFS CANNOT ESTABLISH STATE ACTION BY STARRETT NECESSARY TO MAINTAIN SUIT UNDER 42 U.S.C. § 1983

3.   Plaintiffs assert a claim against Starrett (as well as the City of Port Aransas and Urban) under 42 U.S.C. § 1983 for violation of their property, due process, and equal protection rights. Section 1983 does not create substantive rights, but rather provides a remedy for deprivations of federal constitutional or statutory rights by state officials or those acting under color of state law. *See San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991). Thus, a claim under § 1983 requires proof of state action connected with the deprivation of a constitutional right. Starrett is entitled to summary judgment on Plaintiffs' § 1983

claims because Plaintiffs have failed to raise a genuine issue of material fact as to whether Starrett acted under color of state law.

4. To maintain an action under § 1983, a plaintiff must establish that "some person, acting under state or territorial law, has deprived him of a federal right." *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). Because of the state action requirement, a private party like Starrett may be held liable under § 1983 only if he is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 387 (5th Cir. 1985).

5. The basis for Plaintiffs' § 1983 claim is that the construction of a residence on an adjacent lot destroyed a critical dune in violation of permits issued by the City and in violation of state law.[1]  (Plaintiff's First Amended Complaint at ¶ VI.) Plaintiffs allege in their Complaint that "Starrett, James, the City, and Urban acting under color of law, thereby conspired to deny and the City did deny Plaintiffs their statutory and constitutional rights, both State and Federal, and in violation of 42 U.S.C.A. 1983." (First Amended Complaint at ¶ VI.) Plaintiffs further allege a violation of their procedural due process rights by the City's failure to hold a public hearing prior to the issuance of the permits. (First Amended Complaint at ¶ VII.)

6. Based on these allegations, to support their § 1983 claim against Starrett, Plaintiffs must produce evidence that suggests: (1) an agreement between Starrett

---

[1]To the extent that Plaintiffs' § 1983 claims are based on alleged violation of state law, the Dune Protection Act, the claims must fail because a violation of state law alone does not give rise to a cause of action under § 1983. *See, e.g., Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

DEFENDANT STARRETT'S MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFFS
ARTHUR GOCHMAN AND MOLLY GOCHMAN - 3

and the City to commit an illegal act; and (2) an actual deprivation of constitutional rights. *Cinel v. Connick*, 13 F.3d at 1343. However, Plaintiffs cannot produce any evidence that suggests that Starrett conspired with the City or its agents in obtaining the permits at issue. More importantly, Plaintiffs cannot produce any evidence that suggests that Starrett and the City conspired to deprive them of their civil rights or to commit any other illegal act.

7. In his deposition (excerpts attached as Exhibit A), Starrett testified that during the creation of Beachwalk I and Beachwalk II he dealt with the City of Port Aransas, the General Land Office of the State of Texas, and the Texas Attorney General's office. (Starrett Depo. p. 111.) The only municipal agencies Starrett dealt with regarding the creation of Beachwalk I and II were the Port Aransas City Council and the City Planning and Zoning Commission. (Starrett Depo. p. 109.) There is simply no evidence that Starrett conspired with the City, or with any of these city agencies, to deprive Plaintiffs of any federal rights. There is further no evidence even suggesting that the City or Starrett committed an illegal act in the issuance of the permits. Starrett merely requested that the City issue the applicable permits, as the City was the only entity with authority to do so. Such a request does not render him a "willful participant in joint action with the State." *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("A private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority"); *see also Lewis v. Continental Airlines, Inc.*, 80 F. Supp. 2d 686, 706 (S.D. Tex. 1999) (holding that a private party does not act under

color of state law merely by eliciting, but not joining in, an exercise of state authority).

8. There is no evidence that Starrett forced (or indeed *could* force) the City to issue the construction permits, or that Starrett otherwise had any illicit impact on the procedure by which the permits were approved and issued. As the developer of Beachwalk I and Beachwalk II, Starrett merely applied to the City for the appropriate permits and cooperated in giving the City the information needed to evaluate the request. Therefore, absent any evidence of "State action," Plaintiffs have no claim against Starrett pursuant to § 1983, and Starrett is entitled to summary judgment in his favor.

## III.   STARRETT DID NOT UTTER ANY OF THE ALLEGED MISREPRESENTATIONS

9. Plaintiffs allege that Starrett made three essential misrepresentations:

(1)    Starrett stated unequivocally that no adjacent lot owner could ever build closer to the beach than Plaintiffs' building area;

(2)    ... because the Line of Critical Dunes (the "Critical Dune Line") between the Home Lots and the water was the furthest seaward allowed for building of homes; and

(3)    that if Starrett bought the property to the north and developed it that any such development project would have no relation to Beachwalk I either in location or development.

(Plaintiffs' First Amended Complaint at ¶ VIII.)

10.   As shown below, Plaintiff Arthur Gochman's own sworn testimony conclusively contradicts each of these factual allegations.   As a direct result,

Starrett is entitled to judgment as a matter of law on each allegation of misrepresentation.

**A.     Starrett Stated Unequivocally That No Adjacent Lot Owner Could Ever Build Closer To The Beach Than Plaintiffs' Building Area**

11.    Attached to this motion as Exhibit B are excerpts from the sworn deposition of Arthur Gochman taken on May 21, 1999.  These excerpts contain Mr. Gochman's entire testimony regarding the misrepresentations he alleges were made by Mr. Starrett.  Gochman's testimony covers two meetings with Mr. Starrett in which he claims that Mr. Starrett made the actionable misrepresentations.  One meeting was in February 1997 when Mr. Gochman first viewed the property accompanied by a companion, Gunilla Asp.  The second occasion was in March 1997 when Mr. Gochman again visited Beachwalk I.

12.    The first misrepresentation alleged by Plaintiffs in their current Complaint on file asserts that Mr. Starrett stated *unequivocally* that no adjacent lot owner could ever build closer to the beach than Plaintiffs' building area because of the "Line of Critical Dunes."  However, according to Mr. Gochman's sworn testimony, at both the February and March 1997 on-site meetings at Beachwalk I Mr. Starrett made statements with respect to a "vegetation line." (Arthur Gochman Depo. pp. 43-62 and 68-71.)  Mr. Gochman's own recital of the representations made to him therefore establishes, as a matter of law, that Mr. Starrett made no representations regarding a "Line of Critical Dunes" as a reference point from which the Gochman house or any other house in the area could be located.  Because the

testimony of Mr. Gochman himself conclusively belies that Mr. Starrett ever made any statement or representation with respect to the alleged "Line of Critical Dunes," Defendant Starrett is entitled to judgment as a matter of law.

> **B.    ... Because The Line Of Critical Dunes (the "Critical Dune Line") Between The Home Lots And The Water Was The Furthest Seaward Allowed For Building Of Homes**

13.    As established in the discussion immediately above, Mr. Gochman's testimony offered as summary judgment proof conclusively negates the allegation that Mr. Starrett ever made any representation regarding the location of the Gochman house or any other house with respect to a "Line of Critical Dunes." Defendant Starrett therefore is entitled to judgment as a matter of law on this alleged misrepresentation, as well.

> **C.    That If Starrett Bought The Property To The North And Developed It That Any Such Development Project Would Have No Relation To Beachwalk I Either In Location Or Development**

14.    Last, Plaintiffs allege that Starrett misrepresented that if Starrett bought property to the north and developed it, that any such development project would have no relation to Beachwalk I either in location or development.   The testimony offered by Mr. Gochman relating to this representation is contained at pp. 68-73 of his deposition.   According to Mr. Gochman, when speaking about the property "next to you", *i.e.*, to the north of Lot 24, Starrett stated that he would have to build "the same number of feet back of the vegetation line." (Arthur

Gochman Depo. pp. 69-70.)   Gochman's own testimony therefore conclusively establishes that the only statement Starrett made with respect to the property next door was again in relation to a vegetation line.   Moreover, when asked specifically about all representations made by Starrett to Gochman in that March 1997 meeting, Mr. Gochman confirmed that there was no other representation of the sort now appearing in paragraph VIII of the First Amended Complaint, namely that "Starrett also represented that if he bought property to the north and developed it that any such development project would have no relation to Beachwalk I either in location or development."   (Arthur Gochman Depo. pp. 68-73.)   Therefore, Mr. Gochman's own testimony conclusively establishes that no such representation was made.   Starrett is entitled to judgment as a matter of law on this alleged representation as well as the other two.   Defendant Starrett therefore requests summary judgment in his favor on all causes of action pled by Plaintiffs.

## IV.   PLAINTIFFS HAVE SUSTAINED NO DAMAGES AS A MATTER OF LAW

15.   In their First Amended Complaint, Plaintiffs assert that they have been damaged by the purported diminution in value of the "Home Lots," defined by Plaintiffs as Lots 24, 25 and 26, Block 1, Beachwalk I addition to the City of Port Aransas.   (*See* Plaintiffs' First Amended Complaint at ¶ II (defining "Home Lots").)   Plaintiffs specifically allege that:

> As a proximate result of Starrett's fraud, Plaintiffs have incurred the following costs and expenses:  (1) **purchase price of the Home Lots**, Three Hundred Thousand Dollars ($300,000.00); (2) **building costs of**

the residence upon the Home Lots, One Million Three Hundred Thousand Dollars ($1,300,000.00), **total $1,600,000, the fair market value of the Home Lots**, as of the end of the Plaintiffs' construction of the Home. As a result of the misrepresentations and actions of Starrett and the construction of the Oakley House, **the Home Lots** have, instead, a value of $650,000 less than as represented, with such improvements included, to Plaintiffs' damage in such amount.

(Plaintiffs' First Amended Complaint at ¶ XII (emphasis added).) Similarly, in their Initial Disclosures Plaintiffs characterize their computed damages as follows:

The Plaintiffs [sic] Gochman, purchased the **home lots, Lots 24, 25, and 26**, from Defendant Starrett for $300,000.00. Thereafter, Plaintiffs [sic] Gochman built upon the property, specifically lot 24, the Gochman residence, at a cost of $1,300,000.00, **to the total cost, land and building**, to the Plaintiffs **of $1,600,000.00**. Due to the removal of part of the sand dunes joining the **home lots** and the buildings of the Oakley house North and seaward of the **home lots**, the **home lots are diminished in value to $650,000.00**.

(Plaintiffs' Initial Disclosures, Exhibit C at pp. 8-9 (emphasis added).) Thus, Plaintiffs claim that they spent $1,600,000 to purchase all three properties and to construct improvements on Lot 24. Plaintiffs claim further that the collective value of the Home Lots and improvements has been either reduced *by*, or reduced *to*, $650,000.[2] This reduction in value (of whichever form) is the basis for Plaintiffs' alleged damages.

16. The affidavits of Terrence Wood, attached as Exhibits D and E, show that Plaintiffs' Home Lots have a current fair market value in excess of the $1,600,000 total cost alleged by Plaintiffs. Mr. Wood's expert appraisal establishes that Lots 25

---

[2]As indicated in Section V below, Plaintiffs have asserted fatally inconsistent damage claims while at the same time failing to offer a damage computation.

DEFENDANT STARRETT'S MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFFS
ARTHUR GOCHMAN AND MOLLY GOCHMAN - 9

and 26 have a fair market value of $190,000 each, while the value of Lot 24 with its improvements is $1,225,000. The total fair market value of the three Home Lots is therefore $1,605,000[3], or $5,000 more than Plaintiffs' expenditures. It is apparent that Plaintiffs can have no claim for damages against Defendant Starrett when the fair market value of their property exceeds the amount which Plaintiffs themselves claim they expended to buy and improve the property. In short, Plaintiffs have lost nothing, with the result that all of their claims for damages arising from the purchase of Lots 24, 25 and 26, and the construction of the home on Lot 24, fail as a matter of law.

## V.   PLAINTIFFS CANNOT ESTABLISH THE DAMAGES THEY ALLEGE AS A MATTER OF LAW

17.   This is an additional ground for summary judgment on all causes of action asserted by Plaintiffs against Defendant Starrett pursuant to Federal Rule of Civil Procedure 56.   Starrett contends that Plaintiffs cannot establish any purported damages as a matter of law; accordingly, this is a no-evidence motion on the essential element of damages pled by Plaintiffs. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (U.S. 1986).

18.   It is axiomatic that it is Plaintiffs' burden to prove their damages and that damages are an essential element of Plaintiffs' claims against Starrett. In paragraph XII of the Plaintiffs' First Amended Complaint, Plaintiffs allege that "PLAINTIFFS HAVE INCURRED DAMAGES," asserting that the Home Lots have

---

[3]$190,000 (Lot 25) + $190,000 (Lot 26) + $1,225,000 (Lot 24 with improvements) = $1,605,000.

DEFENDANT STARRETT'S MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFFS
ARTHUR GOCHMAN AND MOLLY GOCHMAN - 10

a value of $650,000.00 less than as represented after inclusion of the improvements made to Lot 24.

19. Plaintiffs were required to make initial disclosures pursuant to Rule 26(a). On June 1, 2000 Plaintiffs made their Rule 26(a) Initial Disclosures, a true and correct copy of which is attached hereto as Exhibit C. Plaintiffs were required under Rule 26(a)(1)(C) to include a computation of any category of damages which they claimed, making available for inspection and copying documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of the injuries suffered. In response to this requirement, Plaintiffs answered as follows:

> The Plaintiffs [sic] Gochman, purchased the home lots, Lots 24, 25, and 26, from Defendant Starrett for $300,000.00. Thereafter, Plaintiffs [sic] Gochman built upon the property, specifically lot 24, the Gochman residence, at a cost of $1,300,000.00, to the total cost, land and building, to the Plaintiffs of $1,600,000.00. Due to the removal of part of the sand dunes joining the home lots and the building of the Oakley house North and seaward of the home lots, the home lots are diminished in value to $650,000.00.
>
> Please see documents referred to in B above.

(Plaintiffs' Initial Disclosures, Exhibit C at pp. 8-9.) As the Court can see, in this Initial Disclosure Plaintiffs claim that the "home lots *are diminished in value to* $650,000.00" whereas their latest Complaint alleges that the Home Lots have "a value of $650,000.00 *less than as represented*" for a resulting damage figure of $950,000.00. Plaintiffs are obviously not sure what their damages are, how the purported damages should be measured, or whether they even have any damages at

all, for they assert two different methods of arriving at damages and fail entirely to include any computation as required by Rule 26(a)(1)(C). None of the documents they reference in "B above" speak to any diminution in value that would constitute proof of any damages to Plaintiffs. There are no expert opinions attached nor are there any appraisals attached that would support either measurement of damages that Plaintiffs assert. Plaintiffs cannot offer competent summary judgment proof that they have any damages whatsoever to the Home Lots. Therefore, summary judgment in favor of Starrett on all causes of action alleged by Plaintiffs is appropriate.

## VI.   PLAINTIFF ARTHUR GOCHMAN WAS NOT A PURCHASER OF LOT 24

20.   Arthur Gochman signed an Earnest Money Contract for the purchase of three lots in Beachwalk I, to wit: Lots 24, 25 and 26. However, it is undisputed that Arthur Gochman was not the purchaser of Lot 24 when the Earnest Money Contract was closed. His daughter, Plaintiff Molly Gochman, purchased Lot 24 from Stan Starrett as revealed by her deposition excerpts and Exhibits 1 and 2 attached thereto, which accompany this motion as Exhibit F.

21.   As shown by Exhibits 1 and 2 to her deposition, Molly Gochman borrowed $100,000 to purchase Lot 24 from Stan Starrett. After designing the house she wanted with her architect, Tim Dykes, Molly Gochman then executed a Mechanic's Lien Contract with Williams Industries, Inc. to build her beach house, and she

further borrowed $1,000,000 from Chase Bank in Houston to pay for the construction costs. *See* Exhibits 3-6 attached to the Molly Gochman deposition.

22.  Because Arthur Gochman never owned Lot 24, as a matter of law he cannot claim any damages relating to Lot 24.  Further, Arthur Gochman, as a matter of law, cannot demonstrate that he paid any money for the purchase of Lot 24 or that he paid for any of the subsequent improvements to this Lot.  The summary judgment evidence conclusively establishes that Molly Gochman bought Lot 24 and paid for the improvements thereon.  Accordingly, Stan Starrett is entitled to partial summary judgment that Arthur Gochman recover nothing in respect of Lot 24.

## VII.  MOLLY GOCHMAN IS NOT A "CONSUMER" UNDER THE DTPA AS TO LOT 24; NOR CAN SHE RECOVER UNDER THE TEXAS REAL ESTATE STATUTE, § 27.01 TEXAS BUSINESS AND COMMERCE CODE

23.  A plaintiff must be a "consumer" in order to bring a claim under the Texas Deceptive Trade Practices Act.  *Meinike Discount Muffler v. Jaynes*, 999 F.2d 120, 125 (5th Cir. 1993); *Bass v. Hendrix*, 931 F. Supp. 523, 525 (S. D. Tex. 1996).  A "consumer," in turn, is one who seeks to acquire goods or services by purchase or lease, so long as the same goods or services form the basis of the DTPA claim. *Meinike Discount Muffler v. Jaynes*, 999 F.2d at 125; *Bass v. Hendrix*, 931 F. Supp. at 525.

24.  It is undisputed that any statements which Stan Starrett made were made to Arthur Gochman, not Molly Gochman.  Molly Gochman therefore did not seek, by purchase or lease, any goods or services from Stan Starrett.  Pages 13-14 of

the deposition of Molly Gochman (attached as Exhibit F) conclusively establish that Starrett never spoke or otherwise communicated to her. Molly Gochman therefore is not a "consumer" under the Texas Deceptive Trade Practices Act, and Starrett is accordingly entitled to judgment as a matter of law.

25. In the same way, Molly Gochman has no claim against Starrett pursuant to Texas Business and Commerce Code § 27.01, which establishes a cause of action for fraud in real estate and stock transactions. Under § 27.01, fraud in a transaction involving real estate consists of a false representation "*made to a person* for the purpose of inducing *that person* to enter into a contract . . . ." TEX. BUS. & COM. CODE ANN. § 27.01 (emphasis added). Because Molly Gochman never once spoke or otherwise communicated with Starrett, Starrett could not have made any false representation to Molly Gochman for the purpose inducing Molly Gochman to purchase a lot. Thus, under the plain language of § 27.01, Molly Gochman has no claim against Starrett under § 27.01 and Starrett is entitled to judgment as a matter of law.

## VIII. ARTHUR GOCHMAN HAS SUSTAINED NO DAMAGES AS TO LOTS 25 AND 26 AS A MATTER OF LAW

26. The affidavit of Terrence Wood attached hereto as Exhibit E establishes that Lots 25 and 26 have a current fair market value of $190,000 each, far in excess of the $100,000 that Arthur Gochman paid for each lot. As a matter of law Arthur Gochman has not been damaged with respect to Lots 25 and 26. Therefore, all

causes of action he asserts for damages in respect of Lots 25 and 26 fail as a matter of law.

## CONCLUSION AND PRAYER

Defendant Starrett is entitled to summary judgment as sought herein against Plaintiffs Arthur Gochman and Molly Gochman, for which judgment he now prays. Defendant Starrett also seeks to recover his costs of court and to proceed to trial on his counterclaim against Plaintiffs for attorney's fees.

Respectfully submitted,

E. R. Fleuriet by

E. R. Fleuriet
State Bar No. 07145500
Fed. I. D. No. 1327
Attorney-in-Charge for Defendant Starrett
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030
(956) 421-4339 (Fax)

OF COUNSEL:

**THE FLEURIET SCHELL LAW FIRM LLP**
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030
(956) 421-4339 (Fax)

Jorge C. Rangel
State Bar No. 16543500
Fed. I. D. No. 5698
THE  LAW  OFFICES  OF  JORGE  C.
    RANGEL, P.C.
615 Upper North Broadway, Suite 900
Corpus Christi, TX 78477
361-883-8500
361-883-2611 (Fax)

Attorneys for Defendant Starrett

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was served upon the following counsel of record:

| | |
|---|---|
| Max J. Luther, III<br>1350 Frost Bank Plaza<br>802 North Carancahua<br>Corpus Christi, Texas 78470 | Edmund L. Cogburn<br>9 Greenway Plaza<br>Houston, TX 77046 |
| Michael G. Morris<br>5350 S. Staples, Suite 222<br>Corpus Christi, TX 78411 | Fred D. Dreiling<br>Bank of America Building<br>500 North Shoreline – Suite 714<br>Corpus Christi, TX 78471-1007 |
| James F. McKibben, Jr.<br>One Shoreline Plaza<br>800 North Shoreline Blvd.<br>Suite 2000 North Tower<br>Corpus Christi, TX 78401 | Matthew J. Sullivan<br>600 Congress Avenue, Suite 1600<br>Austin, TX 78701-3236 |

Jorge C. Rangel
THE LAW OFFICES OF JORGE C. RANGEL, P.C.
615 Upper North Broadway
Suite 900
Corpus Christi, TX 78477

via hand delivery or regular mail on this the ___*14th*___ day of July, 2000.

E. R. Fleuriet

DEFENDANT STARRETT'S MOTION FOR
SUMMARY JUDGMENT AGAINST PLAINTIFFS
ARTHUR GOCHMAN AND MOLLY GOCHMAN - 16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | |
| & MOLLY GOCHMAN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-126 |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY AND THE CITY OF | § | |
| PORT ARANSAS, TEXAS | § | |

## AFFIDAVIT OF EDWARD E. ROBINSON

BEFORE ME, the undersigned Notary Public, appeared Edward E. Robinson,

a person known to me, who upon his oath deposed and said as follows:

(1)   My name is Edward E. Robinson. I am over the age of eighteen years and I have never been convicted of a felony. I have personal knowledge of the facts stated herein and they are all true and correct.

(2)   Attached to Defendant Starrett's Motion for Summary Judgment Against Plaintiffs Arthur Gochman and Molly Gochman are copies of portions of depositions taken in either the underlying state court litigation (Cause No. 99-1336-B) or in the instant cause. I have reviewed the deposition excerpts, and each of the excerpts from depositions are true and correct copies.

(3)   Also attached to Defendant Starrett's Motion for Summary Judgment Against Plaintiffs Arthur Gochman and Molly Gochman as Exhibit C is a true and correct copy of Plaintiffs' Arthur Gochman and Molly Gochman, Rule 26(A) Initial Disclosure.

Further Affiant sayeth not.

_____
Edward E. Robinson

AFFIDAVIT OF EDWARD E. ROBINSON - 1

SUBSCRIBED AND SWORN TO before me, the undersigned authority, by the said Edward E. Robinson on the _13th_ day of July, 2000, to certify which witness my hand and seal of office.



Notary Public in and for
The State of Texas
My Commission Expires: May 11, 2002

> ISABEL R. MEJIA
> Notary Public
> STATE OF TEXAS
> My Comm Exp May 11, 2002

**AFFIDAVIT OF EDWARD E. ROBINSON** - 2

# EXHIBITS NOT IMAGED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

ARTHUR GOCHMAN            §
& MOLLY GOCHMAN        §
                                  §
v.                               §        CIVIL ACTION NO. C-00-126
                                  §
STANLEY A. STARRETT, JR.,    §
KEN OAKLEY AND THE CITY OF   §
PORT ARANSAS, TEXAS         §

## ORDER GRANTING DEFENDANT STARRETT'S
## MOTION FOR SUMMARY JUDGMENT

BE IT REMEMBERED that on this day came on for hearing Defendant Starrett's Motion for Summary Judgment Against Plaintiffs Arthur Gochman and Molly Gochman, and the Court, after considering said motion, Plaintiffs' response and all proper summary judgment proof is of the opinion that Starrett's motion should be granted; it is therefore

ORDERED that Defendant Starrett's Motion for Summary Judgment Against Plaintiffs Arthur Gochman and Molly Gochman is hereby GRANTED.

DONE at Corpus Christi, Texas this _____ day of _____, 2000.

                              _____

                              JANIS GRAHAM JACK
                              UNITED STATES DISTRICT JUDGE