**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

**JUL 25 2000**

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | |
| AND | § | |
| MOLLY GOCHMAN | § | |
| | § | |
| VS. | § | **C.A. NO. C-00-126** |
| | § | **JURY** |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY AND | § | |
| THE CITY OF PORT ARANSAS | § | |

### COUNTER-PLAINTIFFS, KEN AND ANDREA OAKLEY'S
### FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE JUDGE OF THIS COURT

**NOW COMES KEN OAKLEY**, Defendant herein, joined by his spouse, **ANDREA OAKLEY**, hereinafter referred to as Counter-Plaintiffs, and file their First Amended Counterclaim against Arthur Gochman and Molly Gochman, herein referred to as Counter-Defendants, and for causes of action would respectfully show the Court as follows:

I.

Counter-Plaintiffs, Ken Oakley and Andrea Oakley, are individuals residing in Nueces County, Texas.

Counter-Defendants, Arthur Gochman and Molly Gochman, are already before this Court and personal service is not necessary.

II.

In July 1998, Counter-Plaintiffs acquired ownership of the real property located at Lot 35, Beachwalk II, addition to the City of Port Aransas, Nueces County, Texas. Counter-Plaintiffs arranged for and began the construction of a new home on said property in or about January 1999. The construction of Counter-Plaintiffs home was substantially completed in late

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 1*



October or early November 1999.

In connection with the construction of their home Counter-Plaintiffs arranged for a construction loan through Frost Bank, N.A., and, in addition, arranged for a permanent mortgage with PHH Mortgage Company. Closing on this transaction was scheduled to held on or about October 28, 1999, at the offices of San Jacinto Title Company in Corpus Christi, Texas.

III.

On or about April 7, 1999, Counter-Defendants filed their Original Petition in this action against Counter-Plaintiffs and the City of Port Aransas. Subsequently, on or about September 9, 1999, Counter-Defendants unlawfully filed a Notice of Lis Pendens against Counter-Plaintiffs above described property in the real property records of Nueces County, Texas. A true and correct copy of Counter-Defendants illegal Lis Pendens Notice is attached hereto as Exhibit "A", and is expressly incorporated herein as if recited verbatim. In keeping with the illegal and secretive nature of their Lis Pendens filing, Counter-Defendants never told Counter-Plaintiffs that Counter-Defendants had filed the notice. Instead, Counter-Plaintiffs learned of the illegal Lis Pendens filing through sources other than Counter-Defendants.

IV.

Counter-Defendants Lis Pendens Notice filing was committed unlawfully, and without legal justification or excuse. Further, the Lis Pendens filing was committed with full knowledge that it would, in all probability, prevent Counter-Plaintiffs from closing on the financial transactions underlying Counter-Plaintiffs construction and acquisition of their new home. In this regard, Counter-Defendant, Arthur Gochman, is not only a licensed Texas attorney, but is also a highly sophisticated businessman. Because of his training, education, and experience, Arthur Gochman, knew, or in the exercise of reasonable care, should have known that his Lis Pendens Notice filing was illegal. Arthur Gochman knew, without question, that his Lis Pendens

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 2*

Notice filing would destroy Counter-Plaintiffs ability to close on the transaction involving their home.

Counter-Defendants, in filing the Lis Pendens Notice, acted willfully, intentionally, maliciously and with conscious indifference to Counter-Plaintiffs rights. Alternatively, Counter-Defendants acted with both gross and ordinary negligence in connection with the unlawful Lis Pendens Notice filing.

### V.

After Counter-Plaintiffs discovered that Counter-Defendants had unlawfully filed their Lis Pendens Notice, Counter-Plaintiffs attorney demanded that Counter-Defendants take immediate steps to cancel and nullify the fraudulent and unlawful document. True and correct copies of relevant correspondence from Counter-Plaintiffs attorney demanding cancellation and removal of the illegal Lis Pendens Notice are attached as Exhibits "B-1" through "B-5", and are expressly incorporated herein as if recited verbatim.

### VI.

In spite of Counter-Plaintiffs good faith attempts to require Counter-Defendants to cancel and nullify their illegal Lis Pendens Notice filing, Counter-Defendants refused to release same unless Counter-Plaintiffs agreed to execute and deliver a contract which, in relevant part: would release Counter-Defendants from all liability arising from the September 9, 1999 Lis Pendens Notice filing; and would further release Counter-Defendants from all liability arising from any future refiling of a Lis Pendens Notice. A true and correct copy of the release agreement forced upon Counter-Plaintiffs, is attached hereto as Exhibit "C", and is expressly incorporated herein as if recited verbatim.

### VII.

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 3*

Counter-Defendants release agreement, attached as Exhibit "C", was procured by the use of coercion and duress. Counter-Plaintiffs would show that the release agreement is null and void because it was intentionally procured by Counter-Defendants use of economic coercion of such a degree as to cause Counter-Plaintiffs to act contrary to their own free will and interest. Simply put, Counter-Defendants refused to cancel and nullify their illegal September 9, 1999, Lis Pendens Notice filing unless Counter-Plaintiffs submitted to Counter-Defendants demand that Counter-Plaintiffs execute the release attached hereto. If Counter-Plaintiffs chose to refuse to execute this release, Counter-Plaintiffs would have suffered financial ruin. The financial transactions underlying Counter-Plaintiffs acquisition and purchase of their new home would not have closed. PHH Mortgage Company would not have funded Counter-Plaintiffs permanent mortgage. Counter-Plaintiffs construction loan from Frost Bank, N.A. would not have been paid at closing. Frost Bank, as Counter-Plaintiffs construction lender, would then have had the contractual right to declare a default, accelerate the construction note, initiate foreclosure and sell Counter-Plaintiffs property and home at a forced sale.

Had Counter-Plaintiffs refused to submit to Counter-Defendants demand to release Counter-Defendants from all liability for their illegal act in filing the Lis Pendens Notice in the first place, Counter-Plaintiffs would have been ruined financially. Counter-Plaintiffs would have lost their new home. Counter-Plaintiffs credit reputation would have been destroyed. In all probability, Counter-Plaintiffs would have been forced into bankruptcy. As a result, Counter-Plaintiffs execution of Counter-Defendants release was the result of duress, coercion or undue influence, and the release is null, void and of no force and effect.

VIII.

Counter-Plaintiffs would show that Counter-Defendants, in filing the September 9, 1999, Lis Pendens Notice, and in any future refiling of a Lis Pendens Notice against Counter-Plaintiffs

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 4*

property, have violated the provisions Tex. Civ. Prac. & Rem. Code Ann., Sect. 12.001(A), et. seq. and Texas Government Code Ann., Sect. 51.901, et. seq. In this regard, Counter-Plaintiffs would show that any Lis Pendens Notice filed by Counter-Defendants as to Counter-Plaintiffs property is a document presumed to be fraudulent pursuit to the provisions of Sect. 51.901(c)(2)(A) and (B), of the Government Code.

Pursuant to Sect. 12.006(A), of the Texas Civil Practices and Remedies Code, Counter-Plaintiffs seek judgment against Counter-Defendants, jointly and severally for costs, attorney's fees and all of Counter-Plaintiffs expenses related to bringing this action.

## IX.

In filing their illegal September 9, 1999, and any subsequent Lis Pendens Notice refiling and in refusing to release same unless Counter-Plaintiffs signed their release, Counter-Defendants acted intentionally, recklessly or with extreme and outrageous conduct.  Counter-Defendants conduct was so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a democratic society.  Counter-Defendants intentionally inflicted severe emotional distress on Counter-Plaintiffs, thereby causing Counter-Plaintiffs to suffer damages in a sum in excess of the minimum jurisdictional limits of the Court, and for such sums Counter-Plaintiffs sue Counter-Defendants, jointly and severally.

## X.

Alternatively, Counter-Defendants conduct in filing the illegal September 9, 1999, Lis Pendens Notice, and in refusing to release same unless Counter-Plaintiffs executed the release Counter-Defendants demanded, and in connection with any future re-filing, was committed with both ordinary and gross negligence. Counter-Defendants failed to exercise ordinary care in that Counter-Defendants failed to do that which a person of ordinary prudence would have done

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 5*

under the same or similar circumstances, or they did what a person of ordinary prudence would not have done under the same or similar circumstances. In truth and in fact, Counter-Defendants acted with malice toward Counter-Plaintiffs. Counter-Defendants specifically intended to cause Counter-Plaintiffs substantial injury by deriving them of their right to buy and move into their home. Further, Counter-Defendants conduct involved an extreme degree of risk to Counter-Plaintiffs. Counter-Defendants had actual subjective awareness of the risk involved. Counter-Defendants nevertheless proceeded with conscious indifference to Counter-Plaintiffs rights or welfare.

## XI.

As a result of the forgoing, Counter-Plaintiffs seek punitive damages from Counter-Defendants, jointly and severally, in a sum in excess of the minimum jurisdictional limits of the Court.

## XII.

In addition to the foregoing, Counter-Plaintiffs would show that Counter-Defendants had knowledge of, agreed to, and intended a common objective or course of action that resulted in the aforementioned damages to Counter-Plaintiffs. Counter-Defendants conspired with each to unlawfully file the September 9, 1999, Lis Pendens Notice. Additionally, Counter-Defendants conspired with each other in connection with their decision to demand that Counter-Plaintiffs execute Counter-Defendants unconscionable unlawful release.

## XIII.

Pleading further if same be necessary, Counter-Plaintiffs would show that on or about February 1, 2000, Counter-Defendant, Arthur Gochman, refiled a Notice of Lis Pendens with the Nueces County Clerk's office as to Counter-Plaintiffs' property. A true and correct copy of Arthur Gochman's February 1, 2000, Notice of Lis Pendens is attached hereto as Exhibit "D",

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 6*

and is expressly incorporated herein as if recited verbatim.  Counter-Plaintiffs would show that the February 1, 2000, notice filing was illegal, and that said notice was filed in contravention of Tex. Prop. Code Ann., Section 12.007; Tex. Civ. Prac. and Rem. Ann., Section 12.001(A); and Tex. Gov't. Code Ann. Section 51.901(c)(2)(A).

XIV.

Pursuant to the provisions of Tex. Civ. Prac. & Rem. Code Ann., Section 37.001, et. seq., the "Uniform Declaratory Judgments Act", Counter-Plaintiffs seek a declaration from the Court that: (1) Counter-Defendants September 9, 1999, and February 1, 2000, Lis Pendens Notice filings constituted a slander and cloud on Counter-Plaintiffs title, and were illegal and therefore null,  void and of no force and effect;  (2) Any filing of a Lis Pendens Notice by Counter-Defendants after September 9, 1999, constitutes a slander and cloud on Counter-Plaintiffs title, and is illegal and therefore null, void and of no force and effect;  (3) The release Counter-Defendants forced Counter-Plaintiffs to sign before Counter-Defendants would release their illegal Lis Pendens Notice is null, void and of no force and effect;  (4) Counter-Plaintiffs have not, in any significant manner, violated any material provision of the Texas Dune Protection Act or the Coastal Management Plan; (5) In connection with the construction of their new home, Counter-Plaintiffs substantially complied with all material provisions of the Texas Dune Protection Act and Coastal Management Plan; and  (6) Counter-Defendants suit is frivolous, groundless, brought in bad faith and for purposes of harassment.

XV.

Pursuant to Section 37.009 of the Uniform Declaratory Judgments Act, Counter-Plaintiffs seek judgment against Counter-Defendants, jointly and severally, for all costs, and for all reasonable and necessary attorney's fees incurred by Counter-Plaintiffs, as may be equitable and just.

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 7*

## XVI.

Counter-Plaintiffs would show that Counter-Defendants lawsuit is groundless in that it either has no basis in fact, or is not warranted by existing law. Accordingly, the Court should sanction Counter-Defendants, and award Counter-Plaintiffs the reasonable and necessary attorney's fees Counter-Plaintiffs have incurred and will incur in defending this action, and in prosecuting this counterclaim.

## XVII.

Pursuant to the provisions of the deed restrictions of the Beachwalk Subdivision, Counter-Plaintiffs would show that they are entitled to recover their costs, expenses and reasonable and necessary attorney's fees of and from Counter-Defendants, jointly and severally.

## XVIII.

Pleading further, if same be necessary, Counter-Plaintiffs claim and would show a right to their recovery of reasonable and necessary attorney's fees, costs and expenses pursuant to Tex. Civ. Prac. & Rem. Code Ann., Section 38.001, et. seq.

Wherefore, premises considered Defendant, Ken Oakley, requests judgment of the Court that Plaintiffs take nothing by their suit; that Counter-Plaintiffs, Ken Oakley and Andrea Oakley, have and recover judgment against Counter-Defendants for actual and punitive damages; that Counter-Plaintiffs recover their attorney's fees, costs and expenses; that Counter-Plaintiffs have and recover pre and post judgment interest as allowed by law; and for such other and further relief, at law or in equity, as to which by this pleading, or proper amendment thereto, Counter-Plaintiffs may show themselves justly titled to receive.

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 8*

Respectfully submitted,

**LAW OFFICE OF FRED D. DREILING
BANK OF AMERICA BUILDING
500 NORTH SHORELINE – SUITE 714
CORPUS CHRISTI, TEXAS 78471
E-MAIL: DREILINGFD@AOL.COM
TELEPHONE: 361-883-0186
FACSIMILE: 361-882-4112**

**FRED D. DREILING
FEDERAL ID NO. 19239
STATE BAR NO. 06115100**

**ATTORNEY IN CHARGE
FOR COUNTER-PLAINTIFFS
KEN OAKLEY AND ANDREA OAKLEY**

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim
Gochman vs. Oakley, et. al.
Page 9*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed to the following counsel of record in accordance with the Federal Rules of Civil Procedure on this the 24th day of July, 2000, in the manner indicated below.

Mr. Max J. Luther, III                                   **C.M. #Z 100 888 436/RRR**
*Law Office of Max J. Luther, III*
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165

Mr. Michael G. Morris                                    **U.S.P.S. Regular Delivery**
*Law Office of Michael G. Morris*
5350 South Staples, Suite 222
Corpus Christi, Texas 78411

Mr. Ed Cogburn                                           **C.M. #Z 100 888 437/RRR**
*Dow, Cogburn & Friedman, P.C.*
9 Greenway Plaza
Houston, Texas 77046

Mr. E.R. Fleuriet                                        **U.S.P.S. Regular Delivery**
*The Fleuriet Schell Law Firm, L.L.P.*
621 East Tyler
Harlingen, Texas 78550

Mr. James F. McKibben, Jr.                               **U.S.P.S. Regular Delivery**
*Barger, Hermansen, McKibben & Villarreal, L.L.P.*
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478

Mr. Jorge C. Rangel                                      **U.S.P.S. Regular Delivery**
*Law Offices of Jorge C. Rangel*
P.O. Box 2683
Corpus Christi, TX 78403-2683

Mr. Matthew J. Sullivan                                  **U.S.P.S. Regular Delivery**
*Haynes and Boone, L.L.P.*
1600 One American Center
600 Congress Avenue, Suite 1600
Austin, TX 78701-3236

**FRED D. DREILING**

*Counter-Plaintiffs, Ken and Andrea Oakley's First Amended Counterclaim*
*Gochman vs. Oakley, et. al.*
*Page 10*



## CAUSE NO. 99-1891-H

| | | |
|---|---|---|
| ARTHUR GOCHMAN and<br>MOLLY GOCHMAN | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | 347TH JUDICIAL DISTRICT |
| KEN OAKLEY and THE CITY<br>OF PORT ARANSAS, TEXAS | §<br>§ | NUECES COUNTY, TEXAS |

### NOTICE OF LIS PENDENS

| | |
|---|---|
| STATE OF TEXAS | §<br>§ |
| COUNTY OF NUECES | § |

NOTICE IS HEREBY GIVEN that Cause No. 99-1891-H, styled Arthur Gochman and Molly Gochman vs. Ken Oakley and The City of Port Aransas, Texas, in the 347th District Court of Nueces County, Texas was filed and commenced in the 347th District Court of Nueces County, Texas on the 17th of April 1999, and is now pending in such court.

The action is a suit for damages, a suit to remove structures built in violation of the Dune Protection Law of The State of Texas, and a suit for mandamus to enforce the Dune Protection Laws of The State of Texas against the real property situated in Nueces County, Texas, and described as follows:

Lots 35, Beachwalk II Addition to the City of Port Aransas, Nueces County, Texas

The action is a suit for damages, and a suit to mandamus the enforcement of the Dune Protection Law of The State of Texas and for the removal of structures built on the above described property.

SIGNED this the 9th day of September, 1999.

Max J. Luther, III
Attorney for the PLAINTIFFS
ARTHUR GOCHMAN and
MOLLY GOCHMAN

Notary Public in and for The State of Texas

NADINE A. CANTU
Notary Public
STATE OF TEXAS
My Comm. Exp. Oct. 6, 2001

**Exhibit "A"**

## ACKNOWLEDGMENT

STATE OF TEXAS              §
                           §
COUNTY OF NUECES           §


BEFORE ME, the undersigned Notary Public, on this day personally appeared Max J. Luther, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office this 9th day of September, 1999

Notary Public in and for The State of Texas

NADINE A. CANTU
Notary Public
STATE OF TEXAS
My Comm. Exp. Oct. 6, 2001

c:\data\gen\lispend\goc:nac

2

LAW OFFICES

# FRED D. DREILING

NATIONS BANK TOWERS
500 NORTH SHORELINE – SUITE 714
CORPUS CHRISTI, TEXAS 78471-1007

PHONE: [361] 883-0186          E-MAIL: FDDREILING@AOL.COM          FAX: [361] 882-4112

September 28, 1999

VIA FAX NO. [361] 887-6835 and
C.M. #Z 465 337 263/RRR

Mr. Max J. Luther, III.
*MAX J. LUTHER, III P. C. & ASSOCIATES*
802 North Carancahua, Suite 1350,
Corpus Christi, Texas 78470-0165,

RE:     Cause No. 99-1891-H; Arthur Gochman and Molly Gochman vs. Ken Oakley
        and The City of Port Aransas, Texas; In the 347th Judicial District of Nueces
        County, Texas

Dear Max:

It has come to my attention that on September 10, 1999, Arthur Gochman and Molly Gochman filed the enclosed "Notice of Lis Pendens" against my clients' property.

As I understand, Mr. and Ms. Oakley have secured a construction loan in order to build their home. This interim loan will be converted to a permanent mortgage at closing, which I understand is scheduled for October 1999. I feel sure that the title company handling the closing will discover that the Gochmans have filed the Notice of Lis Pendens. As a consequence, the involved title insurer will refuse to issue a title policy unless the lis pendens is cancelled. The Oakleys' mortgage lender will refuse to fund the permanent commitment. This home is Mr. and Ms. Oakley's "dream house", in which they have invested a considerable sum of money. Mr. Oakley tells me he and his wife's available funds have been utilized for the construction of their home. If the Oakleys are unable to secure their permanent mortgage and close because of the Notice of Lis Pendens, their damages will be astronomical. Mr. and Ms. Oakley will look to the Gochmans, the Academy Stores, and any other individual and entity responsible for this disaster in order to secure justice for the loss the lis pendens filing will cause.

It is imperative that the Gochmans immediately cancel the unlawfully filed Notice of Lis Pendens. This lawsuit does not involve a dispute regarding the title to my clients' property, an establishment by the Gochmans of an interest in my clients' property or the Gochmans' enforcement of an encumbrance against the Oakleys' property. The Lis Pendens Statute is inapplicable to this litigation. The Gochmans act in filing the Notice has no basis in law or in fact, and is patently unlawful. TEX. PROP. CODE ANN., §12.007 *et. seq.*; and *Flores v. Haberman*, 915 S.W.2d 477 (Tex. 1995).

Exhibit "B-1"

Mr. Max J. Luther III
September 28, 1999
Page 2

---

Max, I would appreciate your advising the Gochmans that the enclosed Notice of Lis Pendens should be cancelled immediately, and providing me with evidence that it has been.

Thank you for your attention to this matter.

Sincerely,

Fred D. Dreiling

FDD:sjr

Enclosure as stated

cc:    Mr. Michael Morris               **(With enclosure)**
      Attorney at Law
      5350 S. Staples, Suite 222
      Corpus Christi, Texas 78411

      Mr. and Ms. Ken Oakley          **(With enclosure)**



LAW OFFICES

# FRED D. DREILING

NATIONS BANK TOWERS
500 NORTH SHORELINE - SUITE 714
CORPUS CHRISTI, TEXAS 78471-1007

PHONE: [361] 883-0186        E-MAIL: FDDREILING@AOL.COM        FAX: [361] 882-4112

October 13, 1999

VIA FAX NO. [361] 887-6835 and
U. S. FIRST CLASS MAIL

Mr. Max J. Luther, III
*MAX J. LUTHER, III P. C. & ASSOCIATES*
802 North Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165

> RE:    Cause No. 99-1891-H; Arthur Gochman and Molly Gochman vs. Ken Oakley
>        and The City of Port Aransas, Texas; In the 347th Judicial District of Nueces
>        County, Texas

Dear Max:

Please let this serve as a follow up to my September 28, 1999, correspondence regarding the Lis Pendens Notice that was filed against Mr. and Ms. Oakley's property on or about September 10, 1999, by the Gochmans.

Ken Oakley tells me that the closing on the property is scheduled for October 28, 1999. Mr. and Ms. Oakley secured a construction loan through Frost Bank. The Oakleys have a commitment for a 7% permanent mortgage from USAA Investment Services. This interest rate is locked in until November 4, 1999, i.e., if closing is not held on October 28, 1999, the Oakleys will lose the 7% interest rate. Mortgage interest rates have been on the rise during the last several months. Even assuming the Oakleys are able to close at some later date, any delay in closing caused by the Lis Pendens filing will cause the Oakleys to incur a higher rate of interest. However, the immediate problems facing Mr. and Ms. Oakley, due to the Lis Pendens filing, are more severe.

Frost Bank expects that arrangements for the full payment of the construction loan will be finalized at the October 28, 1999, closing. In fact, Frost Bank has already issued a statement requiring full payment of the construction loan at or immediately subsequent to the October 28, 1999, closing. Obviously, if payment of the construction loan is not forthcoming due to a delay in closing caused by the Lis Pendens filing, Frost Bank will look to the collateral for loan satisfaction, and will undoubtedly commence foreclosure proceedings against the Oakleys' property. The Oakleys' dilemma is simple. If the Lis Pendens is not lifted the Oakleys will not be able to close. Frost Bank will call the construction note, because USAA will refuse to fund the permanent mortgage, and pay off the Frost loan. Frost Bank will initiate foreclosure proceedings, and it is

**Exhibit "B-2"**

Mr. Max J. Luther III
October 13, 1999
Page 2

conceivable that Mr. and Ms. Oakley will lose their home – an investment in excess of $330,000.00. Even the initiation of foreclosure will destroy the Oakleys credit reputation.

The Oakleys are adamant that I take whatever steps are necessary to see to it that the Lis Pendens Notice is cancelled, and that they be allowed to close on October 28, 1999. It would be in everyone's best interest if the Lis Pendens was lifted by agreement, and not by Court order.

I understand you have not been able to reach the Gochmans concerning the cancellation of the Lis Pendens Notice. I understand that you will continue to diligently attempt to speak with the Gochmans concerning this issue. Max, cancellation of the Lis Pendens Notice will not prejudice or harm the Gochmans in any way, shape or form. I understand the Gochmans were concerned that the Oakleys were in the process of selling the property; however, I can assure you that this is not the case. The Gochmans failure to cancel the Lis Pendens Notice will damage the Oakleys greatly, and will destroy any possibility of this dispute ever being resolved. You have asked me if the Oakleys would consider selling the property. I have discussed this with Mr. Oakley, and he advises me that he would consider an offer from anyone, including the Gochmans. However, Mr. Oakley will not entertain any discussion regarding the sale of he and his wife's property while the Lis Pendens Notice is in place.

Max, thank you for your attention to this matter. I understand that it is not your clients' intent to damage the Oakleys personally; however, this will certainly happen if the Lis Pendens Notice is not lifted. I look forward to a prompt resolution of this very important issue.

Sincerely,

Fred D. Dreiling

FDD:sjr

cc:   Mr. Michael Morris                 (FAX NO. [361] 993-4573 and
      Attorney at Law                     U.S. FIRST CLASS MAIL)
      5350 S. Staples, Suite 222
      Corpus Christi, Texas 78411

      Mr. and Ms. Ken Oakley              (U.S. FIRST CLASS MAIL)

LAW OFFICES

# FRED D. DREILING

BANK OF AMERICA

500 NORTH SHORELINE, SUITE 714

CORPUS CHRISTI, TEXAS 78471-1007

PHONE: (361) 883-0186           E-MAIL: dreilingfd@aol.com           FAX: (361) 882-4112

October 25, 1999

Mr. Max J. Luther III                                    (VIA FAX NO. [361] 887-6835)
*MAX J. LUTHER, III. P.C. & ASSOCIATES*
1350 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470

> **RE:   Cause 99-1891-H;  Arthur Gochman and Molly Gochman vs. Ken Oakley
> and The City of Port Aransas, Texas; In the 347th Judicial District of Nueces
> County, Texas**

Dear Max:

Mr. and Ms. Oakley are becoming very concerned, and have called me repeatedly regarding a status on the resolution of the Lis Pendens filing. The closing on the Oakleys' property is scheduled for Thursday, October 28, 1999, and we still have no word from the Gochmans on the Lis Pendens Cancellation, and the modifications I have made to the Release you sent me.

Mr. and Ms. Oakley have told me they will agree to give the Gochmans advanced written notice in the event they decide to sell, or list the property for sale. The Oakleys' agreement to provide advance written notice should be sufficient to resolve this matter.

Max, I would appreciate your assistance in having this matter resolved no later than 5:00 p.m. on Tuesday, October 26, 1999.

Thank you for your attention to this matter.

Sincerely,

Fred D. Dreiling

FDD:sjr

cc:    Mr. Michael Morris                              (U.S. First Class Mail)
       Attorney at Law
       5350 S. Staples, Suite 222
       Corpus Christi, TX 78411

       Mr. and Ms. Ken Oakley                          (U.S. First Class Mail)

**Exhibit "B-3"**

LAW OFFICES
# FRED D. DREILING

BANK OF AMERICA
500 NORTH SHORELINE, SUITE 714
CORPUS CHRISTI, TEXAS 78471-1007

# FILE COPY

PHONE: [361] 883-0186                E-MAIL: dreilingfd@aol.com                FAX: [361] 882-4112

October 27, 1999

VIA FAX NO. [361] 887-6835

Mr. Max J. Luther, III.
*Max J. Luther, III. P. C. & Associates*
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165

RE:   Cause No. 99-1891-H; Arthur Gochman and Molly Gochman vs. Ken Oakley
and The City of Port Aransas, Texas; In the 347th Judicial District of Nueces
County, Texas

Dear Max:

Please let this serve as a follow up to our October 27, 1999, telephone conversation regarding the above-referenced matter.

I understand that you prepared a Cancellation of Lis Pendens while I was out of town. I understand from our conversation that you were advised by San Jacinto Title Company that the original Cancellation you had prepared was acceptable. I further understand that based upon this assurance you had the original Cancellation signed, and have the original in your file. Max, please have this Cancellation hand delivered to Ms. Borchardt at San Jacinto Title Company today, and copy me by facsimile.

However, since the preparation of the initial Cancellation, San Jacinto has requested some minor modifications to the document. I redrafted the Cancellation in accordance with San Jacinto's requests, and had same hand delivered to you Monday morning, October 25, 1999. I understand you have sent the redrafted Cancellation to Mr. Gochman by overnight mail, and that you will have this back tomorrow, October 28, 1999, which is the scheduled date for closing. Max, it is absolutely essential that you furnish San Jacinto Title with the properly executed Cancellation as soon as you receive it tomorrow, and copy me on your correspondence to San Jacinto.

In the interim, please furnish San Jacinto Title today, by facsimile, at least a copy of the executed and redrafted Cancellation.

**Exhibit "B-4"**

Mr. Max J. Luther III
October 27, 1999
Page 2

Max, thank you for your attention to this matter.  Should you have any questions, please do not hesitate to call.

Sincerely,

Fred D. Dreiling

FDD:sjr

Enclosure as stated

cc:   Ms. Karen Borchardt                    (VIA FAX NO. [361] 949-8657)
      *SAN JACINTO TITLE COMPANY*
      14602 South Padre Island Drive
      Corpus Christi, Texas 78418

      Mr. Michael Morris                     (U.S. FIRST CLASS MAIL)
      Attorney at Law
      5350 S. Staples, Suite 222
      Corpus Christi, Texas 78411

      Mr. and Ms. Ken Oakley                 (U.S. FIRST CLASS MAIL)

FILE COPY

LAW OFFICES

# FRED D. DREILING

BANK OF AMERICA
500 NORTH SHORELINE, SUITE 714
CORPUS CHRISTI, TEXAS 78471-1007

PHONE: [361] 883-0186          E-MAIL: dreilingfd@aol.com          FAX: [361] 882-4112

October 28, 1999

VIA FAX NO. [361] 887-6835

Mr. Max J. Luther, III.
*Max J. Luther, III. P. C. & Associates*
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165

RE:   **Cause No. 99-1891-H; Arthur Gochman and Molly Gochman vs. Ken Oakley
and The City of Port Aransas, Texas; In the 347th Judicial District of Nueces
County, Texas**

Dear Max:

Please let this serve to confirm our telephone conversation this morning regarding the cancellation of the lis pendens notice.

I understand that you and Mr. Gochman have signed the Cancellation of Lis Pendens that contains the modifications requested by San Jacinto Title Company, and that you have this original document in your office. However, I also understand that Mr. Gochman has instructed you to not deliver the Cancellation to San Jacinto Title Company unless Mr. and Ms. Oakley agree to sign the Release you have delivered me.

As I understand it, Mr. Gochman has rejected my modifications to his Release; has rejected my proposal that the Oakleys provide advance written notice in the event they decide to sell the property, or list it for sale; and instead is arbitrarily insisting that the Oakleys sign the Release he wants. What is clear to me is that Mr. Gochman is unlawfully demanding a release from the Oakleys of all liability for any damages that may be caused by the Lis Pendens filing.

The Lis Pendens Notice that was filed as to my clients' property in September 1999 was filed without lawful justification or excuse, and was filed in direct violation of the Lis Pendens Statute. It is as simple as that. Because of Mr. Gochman's unreasonable and unlawful demands, the Oakleys are faced with two choices. First, the Oakleys can simply knuckle under and cave in to Mr. Gochman's ultimatum that the Oakleys release he, his daughter and you from all claims and damages arising from not only the September 1999 Lis Pendens filing, but from any future Lis Pendens filing as well.

**Exhibit "B-5"**

Alternatively, the Oakleys can refuse to submit to Mr. Gochman's heavy handed tactics, and refuse to sign the Release Mr. Gochman is demanding they sign – before he will allow them to close on and move into their own home. Unfortunately, this is not really a choice. Unlike Mr. Gochman, the Oakleys do not have unlimited financial resources. If the Oakleys choose this alternative they will be ruined. San Jacinto Title Company will not close the sale. The Oakleys' construction loan will not be funded. The construction lender will declare a default, initiate foreclosure proceedings, and sell the Oakleys' property at a forced sale. The Oakleys will lose their property and their home, and their credit reputation will be destroyed. Obviously, this alternative is not an option at all.

I have discussed this matter at length with Mr. Oakley. Mr. Oakley views this issue with a clarity that lawyers often do not have. Mr. Oakley knows that what Mr. Gochman is doing is simply wrong; however, Mr. Oakley knows that he and his wife have no choice but to sign the Release Mr. Gochman is demanding. The Oakleys know that their refusal of this unlawful demand will result in insurmountable hardship and loss for them. Ken Oakley feels as if Mr. Gochman is "holding a gun to his head" in demanding the Oakleys' signatures. Unfortunately, the Oakleys have no choice but to sign the Release Mr. Gochman is demanding, and will do so, with great reluctance. With this assurance, I trust you will deliver the Cancellation of Lis Pendens directly to Ms. Borchardt at San Jacinto Title Company.

Thank you for your attention to this matter.

Sincerely,

Fred D. Dreiling

FDD:sjr

cc:     Mr. Michael Morris                      (VIA FAX NO. [361] 993-4573)
        Attorney at Law
        5350 S. Staples, Suite 222
        Corpus Christi, Texas 78411

        Mr. and Ms. Ken Oakley                  (U.S. FIRST CLASS MAIL)

Case 2:00-cv-00126  Document 48  Filed in TXSD on 07/25/2000  Page 22 of 25

STATE OF ARIZONA    §
                     §
COUNTY OF MARICOPA  §

KNOW ALL MEN BY THESE PRESENTS, that I, **KEN OAKLEY and ANDREA OAKLEY**, of Nueces County, State of Texas, in consideration of the cancellation of Notice of Lis Pendens filed on or about September 9, 1999, under document No. 199040332 and filed and recorded in the Official Records of Nueces County, Texas, by Ernest Briones, County Clerk, as same pertains to Lot 35, Beachwalk II, an addition to the City of Port Aransas, Nueces County, Texas, which is good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, do by these presents, and for ourselves, our heirs, agents, assigns and administrators, do hereby release and forever discharge the said **ARTHUR GOCHMAN and MOLLY GOCHMAN** as PLAINTIFFS, and Max J. Luther, III, and the Law Office of Max J. Luther, III, P.C. & Associates, their heirs and assigns, of and for all manner of liability, suits, cause of action claims, whatsoever claimed against them the said **ARTHUR GOCHMAN, MOLLY GOCHMAN** and Max J. Luther, III, and Max J. Luther, III, P.C. & Associates, their agents, heirs and assigns, and any manner claimed, owned, held, or possessed by us the said **KEN OAKLEY and ANDREA OAKLEY** in our own right at the time of the execution of these presents, or in the future arising out of and pertaining to Notice of Lis Pendens which was filed on or about September 9, 1999, and which was canceled on or about the 29th day of October, 1999, and any future re-filing of the Notice of Lis Pendens, (hereby acknowledging the intention of Gochmans to re-file) all pertaining to notice in a Cause of Action No. 99-1891-H; styled Arthur Gochman and Molly Gochman v. Ken Oakley and The City of Port Aransas, Texas; In the 347th Judicial District Court of Nueces County, Texas.

**Exhibit "C"**

Case 2:00-cv-00126   Document 48   Filed 11/30/01   Page 23 of 25

WITNESSED our hands this 29th day of October, 1999.

_____
KEN OAKLEY

_____
ANDREA OAKLEY

_____
WITNESS

_____
WITNESS

Doc# 2000005544

# CAUSE NO. 99-1891-H

| | | |
|---|---|---|
| ARTHUR GOCHMAN and | § | IN THE DISTRICT COURT OF |
| MOLLY GOCHMAN | § | |
| | § | |
| vs. | § | 347TH JUDICIAL DISTRICT |
| | § | |
| KEN OAKLEY and THE CITY | § | |
| OF PORT ARANSAS, TEXAS | § | NUECES COUNTY, TEXAS |

## NOTICE OF LIS PENDENS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

NOTICE IS HEREBY GIVEN that Cause No. 99-1891-H, styled Arthur Gochman and Molly Gochman vs. Ken Oakley and The City of Port Aransas, Texas, in the 347th District Court of Nueces County, Texas was filed and commenced in the 347th District Court of Nueces County, Texas on the 17th of April 1999, and is now pending in such court.

The action is a suit for damages, a suit to remove structures built in violation of the Dune Protection Law of The State of Texas, and a suit for mandamus to enforce the Dune Protection Laws of The State of Texas against the real property situated in Nueces County, Texas, and described as follows:

Lots 35, Beachwalk II Addition to the City of Port Aransas, Nueces County, Texas

The action is a suit for damages, and a suit to mandamus the enforcement of the Dune Protection Law of The State of Texas and for the removal of structures built on the above described property.

SIGNED this the 1st day of February, 2000.

_____
ARTHUR GOCHMAN

**Exhibit "D"**

# ACKNOWLEDGMENT

Doc# 2000005544
# Pages 2
Date: 2/8/2000 4:25:48 PM
Filed & Recorded in
Official Records of
NUECES COUNTY
ERNEST A. BRIONES
COUNTY CLERK
Fees $11.00

STATE OF TEXAS      §
                    §
COUNTY OF NUECES    §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Arthur Gochman, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office this 1st day of February 2000. 1999.

GEORGIA A. EDGAR
Notary Public, State of Texas
Commission Expires 12-28-2002

Notary Public in and for The State of Texas

c:\data\gen\lispend.goc\nau

May J. Luther, III
1350 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX.
78470

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of Race, Color, Religion, Sex, Handicap, Familial Status or National Origin, is invalid and unenforceable under FEDERAL LAW, 3/12/88

STATE OF TEXAS
COUNTY OF NUECES
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped herein by me, and was duly RECORDED, in the Official Public Records of Nueces County, Texas

2

COUNTY CLERK
NUECES COUNTY, TEXAS