United States District Court
Southern District of Texas
FILED

JUL 26 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN § | | |
| & MOLLY GOCHMAN § | | CIVIL ACTION NO.-00-126 |
| § | | JURY |
| vs. § | | |
| § | | |
| STANLEY A. STARRETT, JR., § | | |
| KEN OAKLEY, URBAN ENGINEERING, A § | | |
| PARTNERSHIP, THE PERALLA § | | |
| CORPORATION, URBAN CONSULTING § | | |
| ENGINEERING, INC. § | | |
| AND THE CITY OF PORT ARANSAS, § | | |

**UNOPPOSED MOTION TO SUBMIT SUPPORTING AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE
COUNTERCLAIM OF DEFENDANTS KEN OAKLEY AND ANDREA OAKLEY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Plaintiffs, ARTHUR GOCHMAN & MOLLY GOCHMAN with counsel for the Defendants Ken Oakley and Andrea Oakley <u>unopposed</u>, hereby move that this Court consider these Supporting Authorities in Support of Plaintiffs' Motion for Summary Judgment on the First Amended Counterclaim of the Defendants, Ken Oakley and Andrea Oakley, and pray that such submitting authorities be accepted by the Court, although filed out of time, in support of Plaintiffs' previously filed Motion for Summary Judgment, along with a copy of a proposed Order on such Motion for Summary Judgment.

**STATEMENT**

Oakley's First Amended Counterclaim alleges, at Paragraphs II through XIII, a claim for damages based on the filing of the Lis Pendens Notice set out therein which purports to be a cause of action for "bad faith," "malice," "illegal filing," and for refusal to remove the

Lis Pendens Notice. Such allegations are, unquestionably, allegations of the slander of title. Regardless of the caption attached to the allegations, the law of Texas gives absolute privilege to Plaintiffs to file such a Lis Pendens Notice and Oakley's Counterclaim may not be maintained on this basis.

At Paragraphs XIV through XV, Oakley seeks a declaratory judgment that Plaintiffs' suit has no merit and seeks attorneys' fees as a cause of action for such declaratory judgment counterclaim. Under Texas law, a counterclaim for declaratory relief which is simply a defense of Plaintiffs' lawsuit cannot be maintained; that is, if issue is already joined by the filing of the Plaintiffs' suit and the answer thereto, Defendant has no basis for seeking declaratory relief merely for the purpose of recovering his attorneys' fees.

Paragraph XVI appears to be a claim ("groundless" under Fed. R. Civ. P. 11.) As such, it has no place in the Motion for Summary Judgment because under Rule 11, such a "motion" should be made "separately from other motions or requests. . .."

Paragraph XVII claims attorneys' fees under the Deed Restrictions of the Beachwalk Subdivision. Oakley alleges no facts involving the Beachwalk Subdivision. Plaintiffs have made no claims against Oakley involving the Beachwalk Subdivision for any restrictions of any kind. Therefore, Oakley has no basis for recovery of attorneys' fees under this theory.

Paragraph XVII purports to be a claim under the Texas Civil Practice and Remedies Code, Section 38.001, et seq. These Code provisions permit recovery of attorneys' fees to a claimant for:

    (1)    rendered services:

(2)   performed labor;

(3)   furnished materials;

(4)   freight or express overcharges;

(5)   lost or damaged freight express;

(6)   killed or injured stock;

(7)   sworn account; or

(8)   an oral or written contract.

Tex. Civ. Prac. & Rem. Code § 38.001. Oakley has made no claim that falls within § 38.001. Oakley, thus, flails about wildly, seeking, in vain, a vehicle to recover his attorneys' fees.

Because all of these claims are totally spurious and unsupported by law, on their face, Plaintiffs have asked for summary judgment denying recovery to Oakley.

## SUPPORTING AUTHORITIES

### The Filing of Lis Pendens Was Absolutely Privileged

It is a basic principle of Texas law that all communications, filings, communications and other involvements with judicial proceedings in Texas are <u>absolutely privileged</u>. *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909 (Tex. 1942), (Rule of absolute privilege extended by *Reagan* to the proceedings before executive officers and boards and commissions which exercise quasi-judicial powers). *Reagan* stated the rule:

> Any communication, oral or written, uttered or published in the due course of judicial proceeding is <u>absolutely privileged</u> and cannot constitute the basis of a civil action in damages or slander or libel. The falsity of the statement or the mildness of the utterer is immaterial, and the rule of non-liability prevails

Page 3

even though the statement was not relevant, pertinent and material to the issues involved in the case.

*Id.* At 912 (emphasis added).

This principle has been recognized by the United States Court of Appeals for the Fifth Circuit in *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997).

> Under Texas law no remedy exists in a civil action for libel or slander if an absolute privilege exists. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942). A communication made in the course of a judicial proceeding is absolutely privileged. *Id.* This privilege applies to quasi-judicial proceedings before government agencies as well. *Astro Resources Corp. v. Ionics Inc.*, 577 F.Supp. 446, 447 (S.D. Tex. 1983). In dismissing Matta's lawsuit, the district court relied on *Russell v. Clark*, 620 S.W.2d 865 (Tex. Civ. App.–Dallas 1981, writ ref'd n.r.e.) which held that:
>
>> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

118 F.3d at 415.

In *Manders v. Manders*, 897 F.Supp. 972, 975-998 (S.D. Tex. 1995), the district court rejected claims of slander of title <u>and tortious interference</u> based on the filing of a lis pendens notice:

> The filing of a notice of lis pendens is viewed the by the Texas courts as constituting part of the judicial proceeding. *Kropp v. Prathers*, 526 S.W.2d 283, 287 (Tex. Civ. App.–Tyler 1975, writ ref'd n.r.e.); *see Bayou Terrace Inv. Corp. v. Lyles*, 881 S.W.2d 810, 818 (Tex. App.–Houston [1st Dist.] 1994, no writ). "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot form the basis for a cause of action in libel or slander."

> *Kropp*, 526 S.W.286; see *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942); *Rung v. Franklin*, 72 Tex. 585, 10 S.W. 721, 723 (1899); *Hauglum v. Durst*, 769 S.W.2d 646, 653 (Tex. App.–Corpus Christi 1989, no writ). When the notice is filed under the authority of a statute it is "as much entitled to the benefit of privilege. . . as are the pleadings in the action to which the notice relates."

at 875-976.

But see *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1269-1271 (5th Cir. 1991), a suit for tortious interference, questioning (as did the district court in that case) whether "Texas law provides for an *un*qualified privilege to file a lawsuit." (Lis Pendens was not involved) Despite raising this question, *International Shortstop* made <u>no holding</u> on the issue, but simply reversed and sent the case back for the completion of discovery before summary judgment could be ruled upon, declining to "rethread the needle" of the privilege doctrine. Notably, *International Shortstop* did not cite *Reagan* which has been frequently followed by Texas courts. Therefore, it is still good law and the doctrine of absolute privilege cannot seriously be challenged.

By *Matta* and *Manders*, the Fifth Circuit now recognizes that Texas law still gives an absolute privilege against a lawsuit based on a filing of lis pendens. The Texas cases following the decision in *Reagan* are numerous. *Bayou Terrace Inv. Cor. v. Lyles*, 881 S.W.2d 810, 818 (Tex. App.–Houston [1st Dist. 1994, writ den'd). ("Absolute privilege bars a suit for damages arising from the filing of the lis pendens"); *Prappas v. Meyerland Comm. Imp. Ass'n*, 795 S.W.2d 794, 796-799 (Tex. App.–Houston [14th Dist.] 1990, writ den'd) ("Noncompliance with filing requirements in no way abrogates the privilege that has long gone hand in hand with judicial proceedings"); *Sharif-Munir-Davidson Dev. Corp. v. Bell*,

Page 5

788 S.W.2d 427, 430 (Tex. App.–Dallas 1990, writ den'd.) (Suit for "malicious prosecution" based on lis pendens notice properly rejected by summary judgment, based on absolute privilege.); *Griffin v. Rowden*, 702 S.W.2d 692, 694-695 (Tex. App.–Dallas 1985, writ ref'd, n.r.e.) (lis pendens "absolutely privileged" in an action for tortious interference with contract); *Kropp v. Prather*, 526 S.W.2d 283, 286-288 (Tex. Civ. App.–Tyler, writ ref'd n.r.e.) (Lis pendens held to be a part of judicial proceeding and subject to absolute judicial privilege). *Kropp*, in specifically bringing lis pendens under the judicial privilege doctrine cited a broad consensus of opinions elsewhere in the U.S., in support.

These authorities demonstrate why Oakley's counterclaim for the filing of the lis pendens is invalid, and why summary judgment should be granted.

### Declaratory Judgment by Counterclaim is Not Permitted

At Paragraph XIII Oakley purports to sue for declaratory judgment presumably as a vehicle to recover attorneys' fees. Under Texas law and these pleadings, a declaratory judgment action cannot be maintained. *Heritage Life v. Heritage Group Holding*, 751 S.W.2d 229, 235-236 (Tex. App.–Dallas 1988, writ den'd) considered a counterclaim for declaratory judgment that the buyer had breached its duties under the contract upon which buyer sued and that seller was entitled to keep earnest money. The court stated:

> This counterclaim merely restates seller's defenses to issues already raised under buyer's action for return of the earnest money. Thus seller is not entitled to relief under the Declaratory Judgment Act in the form of a counterclaim. The identical conclusion was heretofore reached by this court in *Narisi v. Legend Diversified Inv.*, 715 S.W.2d 49, 51-52 (Tex. App.–Dallas 1986, writ ref'd n.r.e.). <u>In *Narisi* we recognized that a counterclaim under the Declaratory Judgment Act, presenting no new controversies but brought solely to pave an avenue to attorneys' fees, was not proper.</u> (emphasis added)

Page 6

The Declaratory Judgment Act is not available to settle disputes already pending before a court. *Johnson v. Hewitt*, 539 S.W.2d 239, 240-241 (Tex. Civ. App.–Houston [1st Dist.] 1976, no writ); *Joseph v. City of Ranger*, 188 S.W. 2d 1013, 1014 (Tex. Civ. App.–Eastland 1945, writ ref'd w.o.m.).

<u>Groundless Claim is Not a Cause of Action</u>

Proceeding to Paragraph XV, the claim that Plaintiffs' suit is "groundless in that it either has no basis in fact, or is not warranted by existing law" is covered by Rule 11, FRCP and should be done by separate motion if that is the intention. Otherwise, the rule of "absolute privilege" obtains. It has no place in a straight defensive pleading, and Plaintiffs should be permitted to address it separately, after the ruling on the Summary Judgment filed by Oakley.

<u>Restrictive covenants Are Not At Issue Herein</u>

As to XVI, which claims attorneys' fees based on restrictions of the "Beachwalk Subdivision," the applicable provision is Section 5.006 of the Texas Property Code which provides:

> (a)  In action based on breach of a restrictive covenant pertaining to rule of property, the court shall allow to a prevailing party who asserted the action reasonable attorneys' fees in addition to the party's costs and claim.

No party to this cause has asserted a cause of action based on "breach of a restrictive covenant" contained in the "deed restrictions of the Beachwalk Subdivision." Oakley's claims for the attorneys' fees based on the Beachwalk restrictions should be denied.

Page 7

### No Statutory Attorneys' Fees Are Recoverable

With respect to XVII, it has already been noted that Section 38.001 of the Texas Practice and Remedies Code does not provide for reasonable attorneys' fees under the circumstances alleged herein. Oakley does not claim under any of the items listed above, in the Preliminary Statement, that are essential to the recovery of attorneys' fees under Section 38.001.

## CONCLUSION

Controlling Texas authority establishes a complete bar of absolute privilege to Oakley's suit based on the Lis Pendens Notice. Texas authority has been recognized by the Fifth Circuit, is supported by Texas Supreme Court holdings as well as holdings of the courts of appeals and it is unquestionably the rule in Texas.

Oakley's attempt to recovery attorneys' fees under the Texas Declaratory Judgment Act is improper because the declaratory relief sought relates to a "dispute already pending before a court."

Oakley's claim, based on "groundless" lawsuit, must be urged if appropriate, under Rule 11, by separate motion and has no place in a pleading responding to Plaintiffs' suit.

Deed restrictions are not involved in this suit and provide no basis for recovery of attorneys' fees.

Oakley has not sought recovery of attorneys' fees under any of the causes of action allowed under Tex. Civ. Prac. & Rem Code § 38.001. Therefore, the claim for attorneys' fees is improper.

Based on the above, Plaintiffs submit that the authorities support a complete denial of Oakley's Counterclaim.

PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court accept this <u>unopposed</u> filing out of time herein and the form of Order granting summary judgment herein submitted and consider them in connection with Plaintiffs' Motion for Summary Judgment and for such other and further relief that this Court might deem proper to grant.

Respectfully submitted,

MAX J. LUTHER III, P.C. & ASSOCIATES
1350 Frost Bank Plaza
802 North Carancahua,
Corpus Christi, Texas 78470-0165
Telephone: 361/888-5544
Telecopy: 361/887-6835

By: /s/ Max J. Luther III
MAX J. LUTHER III
Texas Bar Number 12706000

DOW, COGBURN & FRIEDMAN, PC
Edmund L. Cogburn
Texas Bar Number 04501000
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
Telephone: 713/940-6012
Telecopier: 713/940-6099

ATTORNEYS FOR PLAINTIFFS
Arthur Gochman and Molly Gochman

Page 9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure to counsel as indicated below on this 26TH day of July, 2000.

Ed Cogburn
Dow, Cogburn & Friedman, PC
9 Greenway Plaza, Suite 2300
Houston, TX 77046

Matthew J. Sullivan
Haynes and Boone, LLP
1600 One American Center
600 Congress Avenue
Austin, TX 78701

Fred D. Dreiling
500 N. Shoreline St., Suite 714
Corpus Christi, TX 78471

E. R. Fleuriet
621 E. Tyler
Harlingen, TX

James F. McKibben, Jr.
Barger, Hermansen, McKibben
    & Villareal, LLP
2000 North Tower
800 N. Shoreline Blvd.
Corpus Christi, TX 78401

Jorge C. Rangel
PO Box 2683
Corpus Christi, TX 78403-2683

Michael Morris
5350 S. Staples, Suite 222
Corpus Christi, TX 78411

O:\100\100026\0190\MSMSJ\072520001728

Page 10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN and <br> MOLLY GOCHMAN | § <br> § <br> § | CIVIL ACTION NO. C-00-126 |
| vs. | § <br> § | Jury |
| STANLEY A. STARRETT, JR., <br> KEN OAKLEY, URBAN ENGINEERING, <br> A PARTNERSHIP, THE PERALLA <br> CORPORATION, URBAN CONSULTING <br> ENGINEERS, INC. AND <br> THE CITY OF PORT ARANSAS | § <br> § <br> § <br> § <br> § <br> § | |

### ORDER GRANTING UNOPPOSED MOTION TO SUBMIT SUPPORTING AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM OF DEFENDANTS, KEN OAKLEY AND ANDREA OAKLEY

On this the _____ day of _____, 2000, came on to be considered the Plaintiffs' Unopposed Motion to Submit Supporting Authorities in Support of Plaintiffs' Motion For Summary Judgment on the Counterclaim of Defendants, Ken Oakley and Andrea Oakley. The Court having considered the same, finds that the Motion is unopposed by counsel for Defendants, Ken Oakley and Andrea Oakley, and that said Motion should be granted.

It is accordingly ORDERED that the Plaintiffs' Unopposed Motion to Submit Supporting Authorities in Support of Plaintiffs' Motion For Summary Judgment on the Counterclaim of Defendants, Ken Oakley and Andrea Oakley, be and the same is hereby granted.

Signed and Entered this the _____ day of _____, 2000.

_____
United States District Judge, Judge Presiding

c:\data\rcl\gochman.ord:kc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN<br>& MOLLY GOCHMAN<br><br>vs.<br><br>STANLEY A. STARRETT, JR.,<br>KEN OAKLEY, URBAN ENGINEERING, A<br>PARTNERSHIP, THE PERALLA<br>CORPORATION, URBAN CONSULTING<br>ENGINEERING, INC.<br>AND THE CITY OF PORT ARANSAS, | § § § § § § § § § § § § | CIVIL ACTION NO.-00-126<br>JURY |

**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF
PLAINTIFFS ARTHUR GOCHMAN AND MOLLY GOCHMAN
ON THE COUNTERCLAIM OF DEFENDANT KEN OAKLEY**

On the _____ day of August, 2000, came on the Motion for Summary Judgment filed by Plaintiffs Arthur Gochman and Molly Gochman with respect to the First Amended Counterclaim ("Counterclaim") of Cross-Plaintiffs Ken and Andrea Oakley, the Court having considered such Motion and determining that it is well taken, hereby:

ORDERS the Motion for Summary Judgment filed by Plaintiffs Arthur Gochman and Molly Gochman praying for a judgment with respect to the Counterclaim of Counter-Plaintiffs Ken and Andrea Oakley, that Counter-Plaintiffs take nothing, is hereby granted, and it is further

ORDERED that such Counter-Plaintiffs, Ken and Andrea Oakley, take nothing by their Counterclaim and that Plaintiffs Arthur Gochman and Molly Gochman be and are hereby awarded their costs with respect thereto.

SIGNED this _____ day of August, 2000.

_____
United States District Judge

O:\100\100026\0190\ORDER 01\072520001730