# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 10 2000

Michael N. Milby, Clerk

| | |
|---|---|
| ARTHUR GOCHMAN and §<br>MOLLY GOCHMAN §<br>§<br>  PLAINTIFFS §<br>§<br>vs. §<br>§<br>STANLEY STARRETT, JR., KEN OAKLEY §<br>URBAN ENGINEERING, A PARTNERSHIP, §<br>THE PERALLA CORPORATION, URBAN §<br>CONSULTING ENGINEERS, INC. AND §<br>THE CITY OF PORT ARANSAS, TEXAS §<br>§<br>  DEFENDANTS § | CIVIL ACTION NO. 00-126<br>JURY |

**PLAINTIFFS, ARTHUR GOCHMAN AND MOLLY GOCHMAN,
UNOPPOSED MOTION FOR LEAVE TO RE-FILE THEIR UNOPPOSED
MOTION TO SUBMIT SUPPORTING AUTHORITIES IN SUPPORT OF THE
PLAINTIFFS MOTION FOR SUMMARY JUDGMENT ON THE COUNTER-CLAIM
OF KEN OAKLEY AND ANDREA OAKLEY**

The Plaintiffs, Arthur Gochman and Molly Gochman, filed their, "Unopposed

Motion to Submit Supporting Authorities in Support of the Plaintiffs Motion for

Summary Judgment on the Counter-Claim of the Defendants, Ken Oakley and Andrea

Oakley", on July 26, 2000. The Court struck the Plaintiffs Unopposed Motion to

Submit Supporting Authorities in Support of the Plaintiffs Motion for Summary

Judgment on the Counter-Claim of Defendants, Ken Oakley and Andrea Oakley, by an

Order dated July 30, 2000, because such Unopposed Motion to Submit Authorities in

Support of the Plaintiffs Motion for Summary Judgment on the Counter-Claim of

Defendants, Ken Oakley and Andrea Oakley, because the Southern District of Texas

Bar No. (Federal I.D. No.) for the Plaintiffs Gochman was not listed on the pleadings.

The Plaintiffs Gochman seek the Court's permission to re-file the Unopposed Motion to Submit Supporting Authorities in Support of the Plaintiffs Motion for Summary Judgment on the Counter-Claim of the Defendants, Ken Oakley and Andrea Oakley, which is attached to this Motion for Leave to file, to include the required information. The attorneys in charge for the Defendants Oakleys, and the other Defendants do not oppose this motion.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs, Arthur Gochman and Molly Gochman, pray that the Court grant them permission to re-file the attached Unopposed Motion to Submit Supporting Authorities in Support of the Plaintiffs Motion for Summary Judgment on the Counter-Claim of the Defendants, Ken Oakley and Andrea Oakley to include the Southern District of Texas Bar Number for their attorney in charge.

Respectfully submitted,

Max J. Luther, III, P.C. & Associates
Frost Bank Plaza
802 N. Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165
Telephone: (361) 888-5544
Telecopier: (361) 887-6835

By: _____
Max J. Luther, III
Southern District of Texas Bar No. 298
State Bar No. 12706000

Ed Cogburn
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
Telephone: (713) 940-6000
Telecopier: (713) 940-6099
Southern District of Texas Bar No. 2105
State Bar No. 04501000

**ATTORNEYS FOR PLAINTIFFS',**
Arthur Gochman and Molly Gochman

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been served on the following parties in accordance with the Federal Rules of Civil Procedure on the 10th day of August, 2000.

MAX J. LUTHER, III

ED COGBURN, Esq.
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
**VIA CMRRR#Z-149-738-264**

FRED D. DREILING, Esq.
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471
**VIA CMRRR#Z-149-738-265**

JAMES F. MCKIBBEN, JR., Esq.
Barger, Hermansen, McKibben
       & Villarreal, L.L.P.
800 N. Shoreline Blvd., Ste. 2000 N. Tower
Corpus Christi, Texas 78401
**VIA CMRRR#Z-149-738-266**

MICHAEL GENE MORRIS, Esq.
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
**VIA CMRRR#Z-149-738-267**

MATTHEW J. SULLIVAN, Esq.
Haynes and Boone, L.L.P.
1600 One American Center
600 Congress Avenue
Austin, Texas 78701
**VIA CMRRR#Z-149-738-268**

E. R. FLEURIET, Esq.
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas   78550
**VIA CMRRR#Z-149-738-269**

JORGE C. RANGEL, Esq.
The Law Offices of Jorge C. Rangel, P.C.
P. O. Box 2683
Corpus Christi, Texas   78403-2683
**VIA CMRRR#Z-149-738-270**

C:\DATA\REL\REFILE.GOC:NAC

4

United States District Court
Southern District of Texas
FILED

AUG 1 0 2000

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARTHUR GOCHMAN § | CIVIL ACTION NO.-00-126 |
| & MOLLY GOCHMAN § | JURY |
| § | |
| vs. § | |
| § | |
| STANLEY A. STARRETT, JR., § | |
| KEN OAKLEY, URBAN ENGINEERING, A § | |
| PARTNERSHIP, THE PERALLA § | |
| CORPORATION, URBAN CONSULTING § | |
| ENGINEERING, INC. § | |
| AND THE CITY OF PORT ARANSAS, § | |

### UNOPPOSED MOTION TO SUBMIT SUPPORTING AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM OF DEFENDANTS KEN OAKLEY AND ANDREA OAKLEY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Plaintiffs, ARTHUR GOCHMAN & MOLLY GOCHMAN with counsel for the Defendants Ken Oakley and Andrea Oakley unopposed, hereby move that this Court consider these Supporting Authorities in Support of Plaintiffs' Motion for Summary Judgment on the First Amended Counterclaim of the Defendants, Ken Oakley and Andrea Oakley, and pray that such submitting authorities be accepted by the Court, although filed out of time, in support of Plaintiffs' previously filed Motion for Summary Judgment, along with a copy of a proposed Order on such Motion for Summary Judgment.

### STATEMENT

Oakley's First Amended Counterclaim alleges, at Paragraphs II through XIII, a claim for damages based on the filing of the Lis Pendens Notice set out therein which purports to be a cause of action for "bad faith," "malice," "illegal filing," and for refusal to remove the

Lis Pendens Notice. Such allegations are, unquestionably, allegations of the slander of title. Regardless of the caption attached to the allegations, the law of Texas gives absolute privilege to Plaintiffs to file such a Lis Pendens Notice and Oakley's Counterclaim may not be maintained on this basis.

At Paragraphs XIV through XV, Oakley seeks a declaratory judgment that Plaintiffs' suit has no merit and seeks attorneys' fees as a cause of action for such declaratory judgment counterclaim. Under Texas law, a counterclaim for declaratory relief which is simply a defense of Plaintiffs' lawsuit cannot be maintained; that is, if issue is already joined by the filing of the Plaintiffs' suit and the answer thereto, Defendant has no basis for seeking declaratory relief merely for the purpose of recovering his attorneys' fees.

Paragraph XVI appears to be a claim ("groundless" under Fed. R. Civ. P. 11.) As such, it has no place in the Motion for Summary Judgment because under Rule 11, such a "motion" should be made "separately from other motions or requests. . .."

Paragraph XVII claims attorneys' fees under the Deed Restrictions of the Beachwalk Subdivision. Oakley alleges no facts involving the Beachwalk Subdivision. Plaintiffs have made no claims against Oakley involving the Beachwalk Subdivision for any restrictions of any kind. Therefore, Oakley has no basis for recovery of attorneys' fees under this theory.

Paragraph XVII purports to be a claim under the Texas Civil Practice and Remedies Code, Section 38.001, et seq. These Code provisions permit recovery of attorneys' fees to a claimant for:

(1)     rendered services:

Page 2

(2)     performed labor;

(3)     furnished materials;

(4)     freight or express overcharges;

(5)     lost or damaged freight express;

(6)     killed or injured stock;

(7)     sworn account; or

(8)     an oral or written contract.

Tex. Civ. Prac. & Rem. Code § 38.001.  Oakley has made no claim that falls within §

38.001.  Oakley, thus, flails about wildly, seeking, in vain, a vehicle to recover his attorneys'

fees.

Because all of these claims are totally spurious and unsupported by law, on their

face, Plaintiffs have asked for summary judgment denying recovery to Oakley.

## SUPPORTING AUTHORITIES

### The Filing of Lis Pendens Was Absolutely Privileged

It is a basic principle of Texas law that all communications, filings, communications

and other involvements with judicial proceedings in Texas are <u>absolutely privileged</u>.

*Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909 (Tex. 1942), (Rule of absolute privilege

extended by *Reagan* to the proceedings before executive officers and boards and

commissions which exercise quasi-judicial powers).  *Reagan* stated the rule:

> Any communication, oral or written, uttered or published in the
> due course of judicial proceeding is <u>absolutely privileged</u> and
> cannot constitute the basis of a civil action in damages or
> slander or libel.  The falsity of the statement or the mildness of
> the utterer is immaterial, and the rule of non-liability prevails

Page 3

even though the statement was not relevant, pertinent and material to the issues involved in the case.

*Id.* At 912 (emphasis added).

This principle has been recognized by the United States Court of Appeals for the

Fifth Circuit in *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997).

> Under Texas law no remedy exists in a civil action for libel or slander if an absolute privilege exists. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942). A communication made in the course of a judicial proceeding is absolutely privileged. *Id.* This privilege applies to quasi-judicial proceedings before government agencies as well. *Astro Resources Corp. v. Ionics Inc.*, 577 F.Supp. 446, 447 (S.D. Tex. 1983). In dismissing Matta's lawsuit, the district court relied on *Russell v. Clark*, 620 S.W.2d 865 (Tex. Civ. App.–Dallas 1981, writ ref'd n.r.e.) which held that:
>
>> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

118 F.3d at 415.

In *Manders v. Manders*, 897 F.Supp. 972, 975-998 (S.D. Tex. 1995), the district

court rejected claims of slander of title <u>and tortious interference</u> based on the filing of a lis

pendens notice:

> The filing of a notice of lis pendens is viewed the by the Texas courts as constituting part of the judicial proceeding. *Kropp v. Prathers*, 526 S.W.2d 283, 287 (Tex. Civ. App.–Tyler 1975, writ ref'd n.r.e.); *see Bayou Terrace Inv. Corp. v. Lyles*, 881 S.W.2d 810, 818 (Tex. App.–Houston [1st Dist.] 1994, no writ). "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot form the basis for a cause of action in libel or slander."

Page 4

*Kropp*, 526 S.W.286; *see Reagan v. Guardian Life Ins. Co.,*
140 Tex. 105, 166 S.W.2d 909, 912 (1942); *Rung v. Franklin,*
72 Tex. 585, 10 S.W. 721, 723 (1899); *Hauglum v. Durst,* 769
S.W.2d 646, 653 (Tex. App.–Corpus Christi 1989, no writ).
When the notice is filed under the authority of a statute it is "as
much entitled to the benefit of privilege. . . as are the pleadings
in the action to which the notice relates."

at 875-976.

But *see International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1269-1271 (5th

Cir. 1991), a suit for tortious interference, questioning (as did the district court in that case)

whether "Texas law provides for an *un*qualified privilege to file a lawsuit." (Lis Pendens

was not involved)  Despite raising this question, *International Shortstop* made no holding

on the issue, but simply reversed and sent the case back for the completion of discovery

before summary judgment could be ruled upon, declining to "rethread the needle" of the

privilege doctrine.  Notably, *International Shortstop* did not cite *Reagan* which has been

frequently followed by Texas courts.  Therefore, it is still good law and the doctrine of

absolute privilege cannot seriously be challenged.

By *Matta* and *Manders*,  the Fifth Circuit now recognizes that Texas law still gives

an absolute privilege against a lawsuit based on a filing of lis pendens.  The Texas cases

following the decision in *Reagan* are numerous.  *Bayou Terrace Inv. Cor. v. Lyles*, 881

S.W.2d 810, 818 (Tex. App.–Houston [1[st] Dist. 1994, writ den'd).  ("Absolute privilege bars

a suit for damages arising from the filing of the lis pendens"); *Prappas v. Meyerland Comm.*

*Imp. Ass'n*, 795 S.W.2d 794, 796-799 (Tex. App.–Houston [14[th] Dist.] 1990, writ den'd)

("Noncompliance with filing requirements in no way abrogates the privilege that has long

gone hand in hand with judicial proceedings"); *Sharif-Munir-Davidson Dev. Corp. v. Bell*,

Page 5

788 S.W.2d 427, 430 (Tex. App.–Dallas 1990, writ den'd.) (Suit for "malicious prosecution"
based on lis pendens notice properly rejected by summary judgment, based on absolute
privilege.); *Griffin v. Rowden*, 702 S.W.2d 692, 694-695 (Tex. App.–Dallas 1985, writ ref'd,
n.r.e.) (lis pendens "absolutely privileged" in an action for tortious interference with
contract); *Kropp v. Prather*, 526 S.W.2d 283, 286-288 (Tex. Civ. App.–Tyler, writ ref'd
n.r.e.) (Lis pendens held to be a part of judicial proceeding and subject to absolute judicial
privilege). *Kropp*, in specifically bringing lis pendens under the judicial privilege doctrine
cited a broad consensus of opinions elsewhere in the U.S., in support.

These authorities demonstrate why Oakley's counterclaim for the filing of the lis
pendens is invalid, and why summary judgment should be granted.

### Declaratory Judgment by Counterclaim is Not Permitted

At Paragraph XIII Oakley purports to sue for declaratory judgment presumably as
a vehicle to recover attorneys' fees. Under Texas law and these pleadings, a declaratory
judgment action cannot be maintained. *Heritage Life v. Heritage Group Holding*, 751
S.W.2d 229, 235-236 (Tex. App.–Dallas 1988, writ den'd) considered  a counterclaim for
declaratory judgment that the buyer had breached its duties under the contract upon which
buyer sued and that seller was entitled to keep earnest money.  The court stated:

> This counterclaim merely restates seller's defenses to issues
> already raised under buyer's action for return of the earnest
> money.  Thus seller is not entitled to relief under the
> Declaratory Judgment Act in the form of a counterclaim.  The
> identical conclusion was heretofore reached by this court in
> *Narisi v. Legend Diversified Inv.*, 715 S.W.2d 49, 51-52 (Tex.
> App.–Dallas 1986, writ ref'd n.r.e.).  In *Narisi* we recognized
> that a counterclaim under the Declaratory Judgment Act,
> presenting no new controversies but brought solely to pave an
> avenue to attorneys' fees, was not proper.  (emphasis added)

Page 6

The Declaratory Judgment Act is not available to settle disputes already pending before a court. *Johnson v. Hewitt*, 539 S.W.2d 239, 240-241 (Tex. Civ. App.–Houston [1st Dist.] 1976, no writ); *Joseph v. City of Ranger*, 188 S.W. 2d 1013, 1014 (Tex. Civ. App.–Eastland 1945, writ ref'd w.o.m.).

### Groundless Claim is Not a Cause of Action

Proceeding to Paragraph XV, the claim that Plaintiffs' suit is "groundless in that it either has no basis in fact, or is not warranted by existing law" is covered by Rule 11, FRCP and should be done by separate motion if that is the intention. Otherwise, the rule of "absolute privilege" obtains. It has no place in a straight defensive pleading, and Plaintiffs should be permitted to address it separately, after the ruling on the Summary Judgment filed by Oakley.

### Restrictive covenants Are Not At Issue Herein

As to XVI, which claims attorneys' fees based on restrictions of the "Beachwalk Subdivision," the applicable provision is Section 5.006 of the Texas Property Code which provides:

> (a)     In action based on breach of a restrictive covenant pertaining to rule of property, the court shall allow to a prevailing party who asserted the action reasonable attorneys' fees in addition to the party's costs and claim.

No party to this cause has asserted a cause of action based on "breach of a restrictive covenant" contained in the "deed restrictions of the Beachwalk Subdivision." Oakley's claims for the attorneys' fees based on the Beachwalk restrictions should be denied.

Page 7

## No Statutory Attorneys' Fees Are Recoverable

With respect to XVII, it has already been noted that Section 38.001 of the Texas Practice and Remedies Code does not provide for reasonable attorneys' fees under the circumstances alleged herein. Oakley does not claim under any of the items listed above, in the Preliminary Statement, that are essential to the recovery of attorneys' fees under Section 38.001.

## CONCLUSION

Controlling Texas authority establishes a complete bar of absolute privilege to Oakley's suit based on the Lis Pendens Notice. Texas authority has been recognized by the Fifth Circuit, is supported by Texas Supreme Court holdings as well as holdings of the courts of appeals and it is unquestionably the rule in Texas.

Oakley's attempt to recovery attorneys' fees under the Texas Declaratory Judgment Act is improper because the declaratory relief sought relates to a "dispute already pending before a court."

Oakley's claim, based on "groundless" lawsuit, must be urged if appropriate, under Rule 11, by separate motion and has no place in a pleading responding to Plaintiffs' suit.

Deed restrictions are not involved in this suit and provide no basis for recovery of attorneys' fees.

Oakley has not sought recovery of attorneys' fees under any of the causes of action allowed under Tex. Civ. Prac. & Rem Code § 38.001. Therefore, the claim for attorneys' fees is improper.

Page 8

Based on the above, Plaintiffs submit that the authorities support a complete denial of Oakley's Counterclaim.

PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court accept this unopposed filing out of time herein and the form of Order granting summary judgment herein submitted and consider them in connection with Plaintiffs' Motion for Summary Judgment and for such other and further relief that this Court might deem proper to grant.

Respectfully submitted,

MAX J. LUTHER, III, P.C.
& Associates
1350 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas  78470
Telephone; (361)888-5544
Facsimile:  (361)887-6835

BY:

MAX J. LUTHER, III
Southern District of Texas Bar Number: 298
State Bar No. 12706000

and

**EDMUND L. COGBURN**
DOW, COGBURN, & FRIEDMAN, P.C.
9 Greenway Plaza
Houston, Texas 77046
Telephone: (713)940-6000
Telecopier: (713)940-6099
Southern District of Texas Bar Number:  2105
State Bar No. 04501000
        ATTORNEY FOR PLAINTIFFS
        **ARTHUR AND MOLLY**
        **GOCHMAN**

Page 9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure to counsel as indicated below on this the 10th day of August, 2000.

MAX J. LUTHER, III

EDMUND L. COGBURN
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046
**VIA CMRRR#** Z 149 738 264

MATTHEW J. SULLIVAN
Haynes and Boone, L.L.P.
1600 One American Center
600 Congress Avenue
Austin, Texas 78701
**VIA CMRRR#** Z 149 738 268

FRED D. DREILING
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471
**VIA CMRRR#** Z 149 738 265

E. R. FLEURIET
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas   78550
**VIA CMRRR#** Z 149 738 269

JAMES F. MCKIBBEN, JR.
Barger, Hermansen, McKibben
    & Villarreal, L.L.P.
800 N. Shoreline Blvd, Ste 2000 N. Tower
Corpus Christi, Texas 78401
**VIA CMRRR#** Z 149 738 266

JORGE C. RANGEL
The Law Offices of Jorge C. Rangel
P. O. Box 2683
Corpus Christi, Texas   78403-2683
**VIA CMRRR#** Z 149 738 270

MICHAEL GENE MORRIS
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
**VIA CMRRR#** Z 149 738 267

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



ARTHUR GOCHMAN and          §
MOLLY GOCHMAN              §
                          §    CIVIL ACTION NO. C-00-126
vs.                        §    Jury
                          §
STANLEY A. STARRETT, JR.,  §
KEN OAKLEY, URBAN ENGINEERING, §
A PARTNERSHIP, THE PERALLA  §
CORPORATION, URBAN CONSULTING §
ENGINEERS, INC. AND        §
THE CITY OF PORT ARANSAS   §

## ORDER GRANTING UNOPPOSED MOTION TO SUBMIT SUPPORTING AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM OF DEFENDANTS, KEN OAKLEY AND ANDREA OAKLEY

On this the _____ day of _____, 2000, came on to be considered the

Plaintiffs' Unopposed Motion to Submit Supporting Authorities in Support of

Plaintiffs' Motion For Summary Judgment on the Counterclaim of Defendants, Ken

Oakley and Andrea Oakley. The Court having considered the same, finds that the

Motion is unopposed by counsel for Defendants, Ken Oakley and Andrea Oakley,

and that said Motion should be granted.

It is accordingly ORDERED that the Plaintiffs' Unopposed Motion to Submit

Supporting Authorities in Support of Plaintiffs' Motion For Summary Judgment on

the Counterclaim of Defendants, Ken Oakley and Andrea Oakley, be and the same

is hereby granted.

Signed and Entered this the _____ day of _____, 2000.

_____
United States District Judge, Judge Presiding

c:\data\rel\gochman.ord·kc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

ARTHUR GOCHMAN           §
8 MOLLY GOCHMAN       §
                                      §

vs.                                  §

STANLEY A. STARRETT, JR.,   §
KEN OAKLEY, URBAN ENGINEERING, A   §
PARTNERSHIP, THE PERALLA   §
CORPORATION, URBAN CONSULTING   §
ENGINEERING, INC.          §
AND THE CITY OF PORT ARANSAS,   §

CIVIL ACTION NO.-00-126
JURY

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF
## PLAINTIFFS ARTHUR GOCHMAN AND MOLLY GOCHMAN
## ON THE COUNTERCLAIM OF DEFENDANT KEN OAKLEY

On the _____ day of August, 2000, came on the Motion for Summary Judgment filed by Plaintiffs Arthur Gochman and Molly Gochman with respect to the First Amended Counterclaim ("Counterclaim") of Cross-Plaintiffs Ken and Andrea Oakley, the Court having considered such Motion and determining that it is well taken, hereby:

ORDERS the Motion for Summary Judgment filed by Plaintiffs Arthur Gochman and Molly Gochman praying for a judgment with respect to the Counterclaim of Counter-Plaintiffs Ken and Andrea Oakley, that Counter-Plaintiffs take nothing, is hereby granted, and it is further

ORDERED that such Counter-Plaintiffs, Ken and Andrea Oakley, take nothing by their Counterclaim and that Plaintiffs Arthur Gochman and Molly Gochman be and are hereby awarded their costs with respect thereto.

SIGNED this _____ day of August, 2000.

_____
United States District Judge

O:\1001\0002\0019\ORDER 010072520001730