IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 0 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | |
| & MOLLY GOCHMAN | § | CIVIL ACTION NO.C-00-126 |
| | § | JURY |
| vs. | § | |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY, URBAN ENGINEERING, A | § | |
| PARTNERSHIP, THE PERALLA | § | |
| CORPORATION, URBAN CONSULTING | § | |
| ENGINEERING, INC. | § | |
| AND THE CITY OF PORT ARANSAS, | § | |

## THE PLAINTIFFS, ARTHUR AND MOLLY GOCHMANS' ANSWER TO THE COUNTER- PLAINTIFFS, KEN AND ANDREA OAKLEYS' FIRST AMENDED COUNTER-CLAIM

The PLAINTIFFS' ARTHUR AND MOLLY GOCHMAN, (collective hereinafter, "PLAINTIFFS") respond to the above-captioned First Amended Counter-Claim of the Counter-Plaintiffs', Ken and Andrea Oakley, (the Complaint by Counter-Plaintiffs' Ken and Andrea Oakley as "Cross-Plaintiffs") as follows:

I.

### ANSWER TO COUNTER-PLAINTIFFS'
### KEN AND ANDREA OAKLEYS' FIRST AMENDED COUNTER-CLAIM

1.) Counter-Defendants' admit the allegations contained in Section I of the First Amended Counter-Claim;

2.) Counter-Defendants' admit all allegations contained in Section II of the First Amended Counter-Claim;

3.) Counter-Defendants' admit as true that the Counter-Defendants' filed the Original Petition in this Cause on April 7, 1999. Counter-Defendants' admit Lis Pendens Notice is attached as Exhibit "A". Counter-Defendants' deny the remainder of the Paragraph in Section III;

4.) Counter-Defendants' deny the allegations contained in Section IV;

5.) Counter-Defendants' deny that they have unlawfully filed Lis Pendens. Counter-Defendants' admit receiving correspondence from Counter-Plaintiffs' attorney requesting cancellation and removal of the Lis Pendens. See Exhibits "B-l" through "B-5" of the Amended Complaint;

6.) Counter-Defendants' admit as true that the Counter-Plaintiffs' executed a Release to the Counter-Defendants, Gochman. See Exhibit "C" attached to the Amended Complaint. Counter-Defendants' deny the other allegations of Section VI.

7.) Counter-Defendants' deny that the Release by Counter-Plaintiffs was procured by coercion and duress. Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the

2

factual allegations as to the remainder of Section VII, and accordingly deny remainder of Section VII.

8.) Counter-Defendants' deny the allegations contained in Section VIII.

9.) Counter-Defendants' deny the allegations in Section IX.

10.) Counter-Defendants' deny the allegations in Section X.

11.) Counter-Defendants' deny the allegations in Section XI.

12.) Counter-Defendants' deny the allegations in Section XII.

13.) Counter-Defendants' admit filing the Notice of Lis Pendens in Section XIII. As to the remainder of Section XIII, the Counter-Defendants' deny the same.

14.) Counter-Defendants' deny the allegations in Section XIV.

15.) Counter-Defendants' deny the allegations in Section XV.

16.) Counter-Defendants' deny the allegations in Section XVI.

17.) Counter-Defendants' deny the allegations in Section XVII.

18.) Counter-Defendants' deny the allegations in Sections XVIII.

II.

**AFFIRMATIVE DEFENSES**

19.) Oakleys' First Amended Counter-Claim and the purported

3

causes of actions stated therein fail to allege facts sufficient to state any cause of action or any claim which may be granted.

20.) The Cross-Defendants' Gochman plead privilege to the claims made against them. The filing of the Lis Pendens and the re-filing of the Lis Pendens was absolutely privileged.

It is a basic principle of law that all communications, filings, and other involvement with judicial proceedings in Texas are <u>"absolutely privileged"</u>. *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2nd 909(Tex. 1942), (Rule of absolute privilege extended by *Reagan* to the proceedings before executive officers and boards and commissions which exercise quasi-judicial powers). The Court stated the rule in *Reagan*:

> Any communication, oral or written, uttered or published in the due course of judicial proceeding is <u>absolutely privileged</u> and cannot constitute the basis of a civil action in damages or slander or libel. The falsity of the statement or the mildness of the utterer is immaterial, and the rule of non-liability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case.

Id. At 912 (emphasis added).

This principle was recognized by the United States Court of Appeals for the Fifth Circuit in *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997).

> "Under Texas law no remedy exists in a civil action for libel or slander is an absolute privilege exists. *Reagan v Guardian Life*

4

*Ins. Co.*, 140 Texas. 105, 166 S.W.2nd 909, 912 (1942). A communication made in the course of a judicial proceeding is absolutely privileged. Id. This privilege applies to quasi-judicial proceedings before government agencies as well. *Astro Resources Corp. v. Ionics Inc.,* 577 F. Supp. 446, 447 (S.D. Tex. 1983). In dismissing *Matta's* lawsuit, the district court relied on *Russell v. Clark*, 620 S.W.2nd 865 (Tex. Civ. App. - Dallas 1981, writ ref'd n.r.e.) which held that:

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

118 F.3rd at 415

In *Manders v. Manders*, 897 F.Supp. 972, 975-998 (S.D. Tex. 1995), the district court rejected claims of slander of title and tortious interference based on the filing of a Lis Pendens Notice:

> The filing of a notice of Lis Pendens is viewed by the Texas courts as constituting part of the judicial proceeding. *Kropp v. Prathers*, 526 S.W.2nd 283, 287 (Tex. Civ. App. - Tyler 1975, writ ref'd n.r.e.); see *Bayou Terrace Inv. Corp. v. Lyles,* 881 S.W. 2nd 810, 818 (Tex. App. - Houston [1st Dist.] 1994, no writ). "Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot form the basis for a cause of action in libel or slander." *Kropp*, 526 S.W. 286; see *Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2nd 909, 912 (1942); *Rung v. Franklin,* 72 Tex. 585, 10 S.W. 721, 723 (1899); *Hauglum v. Durst,* 769 S.W.2nd 646, 653 (Tex. App. - Corpus Christi 1989, no writ). When the Notice is filed under the authority of a statute it is "as

much entitled to the benefit of privilege...as are the pleadings in the action to which the Notice releases."

At 875-976.

The Fifth Circuit now recognizes that Texas law gives absolute privilege against a lawsuit based on the filing of a Lis Pendens, under *Matta and Manders* cited above. For a list of Texas cases following the decision in *Reagan, Bayou Terrace Inv. Cor v. Lyles* 881 S.W.2nd 810, 818 (Tex. App. - Houston [1st Dist. 1994, writ den'd) . ("Absolute privilege bars a suit for damages arising from the filing of a Lis Pendens"). See cases cited the last paragraph at page 5 of the Unopposed Motion to Submit Supporting Authorities in Support of the Plaintiffs' Motion for Summary Judgment on the Counterclaim of the Defendants Ken Oakley and Andrea Oakley beginning at page 5. The same are incorporated by reference as fully set out and copied herein in detail.

The authorities cited demonstrate that the Counter-Plaintiffs Oakleys' Counter-Claim for the filing of Lis Pendens is invalid.

### III.

### DECLARATORY JUDGMENT BY COUNTER-CLAIM IS NOT PERMITTED

21.) At Section XIII of the Amended Complaint, Counter-Plaintiffs, Oakley, purported to sue for Declaratory Judgment as a vehicle to recover

6

attorney's fees. Under these pleadings and under Texas Law Declaratory Judgment action cannot be maintained. See *Heritage Life v. Heritage Group Holding*, 751 S.W.2nd 229, 235-236 (Tex. App. - Dallas 1988, writ den'd) considered a counter-claim for Declaratory Judgment that the buyer had breached it duties under a contract upon which the buyer sued and that seller was entitled to keep earnest money. The Court stated:

> This counter-claim merely restates seller's defenses to issues already raised under buyer's action for return of the earnest money. Thus, seller is not entitled to relief under the Declaratory Judgment Act in the form of a counter-claim. The identical conclusion was heretofore reached by this court in *Narisi v. Legend Diversified Inv.*, 715 S.W.2nd 49, 51-52 (Tex. App. - Dallas 1986, writ ref'd n.r.e.). <u>In *Narisi* we recognized that a counter-claim under the Declaratory Judgment Act, presenting no new controversies but brought solely to pave an avenue to attorney's fees, was not proper.</u> (emphasis added)

The Declaratory Judgment Act is not available to settle disputes already pending before the Court. *Johnson v. Hewitt,* 539 S.W.2nd 239, 240-241 (Tex. Civ. App. - Houston [1st Dist.] 1976, no writ); *Joseph v. City of Ranger*, 188 S.W. 2nd 1013, 1014 (Tex. Civ. App. - Eastland 1945, writ ref'd w.o.m.).

22.) In Section XVI, Counter-Plaintiffs' Oakleys claim attorney's fees based on restrictions of the "Beachwalk Subdivision," under the provisions

7

of Section 5.006 of the Texas Property Code. Restrictive covenants are not an issue in this case.

No party to this cause of action has asserted a cause of action based on "breach of a restrictive covenant" contained in the "deed restrictions of the Beachwalk Subdivision." Counter-Plaintiffs Oakleys and Counter-Defendants Gochman are in separate Beachwalk Subdivisions. They are not in the same subdivision. Counter-Plaintiffs' claims for the attorneys' fees based on the Beachwalk restrictions should be denied.

23.) In Section XVII Counter-Plaintiff has not plead the prerequisites for recovery of attorneys' fees under Section 38.001 of the Texas Practice and Remedies Code. The Code only allows recovery for a stated claim set out in the Code for 1-8, see Page 2 of Plaintiffs' Supporting Authorities in Support of Plaintiffs' Motion for Summary Judgment. Oakleys' claim should be denied for failing to state essential statement of recovery as provided by the Code.

24.) The Counter-Plaintiffs' claims are barred by the applicable Statute of Limitations.

25.) The Counter-Plaintiffs' claims are barred by laches.

26.) The Counter-Plaintiffs' claims are barred by estoppel.

8

27.)   The Counter-Plaintiffs' claims are barred by waiver.

## IV.

## PRAYER FOR RELIEF

a.)   That the Counter-Plaintiffs' claims in their First Amended Complaint be dismissed, and that the Counter-Plaintiffs' take nothing from the Counter-Defendants Gochman;

b.)   That the Counter-Claim of Counter-Defendants Gochman be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

MAX J. LUTHER, III, P.C.
    & Associates
1350 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas  78470
Telephone:  (361)888-5544
Facsimile:  (361)887-6835

BY: _____
MAX J. LUTHER, III
Southern District of Texas Bar Number: 298
State Bar No. 12706000

and

**EDMUND L. COGBURN**
DOW, COGBURN, & FRIEDMAN, P.C.
9 Greenway Plaza

9

Houston, Texas 77046
Telephone: (713)940-6000
Telecopier: (713)940-6099
Southern District of Texas Bar Number:  2105
State Bar No. 04501000
  ATTORNEY FOR PLAINTIFFS
    **ARTHUR AND MOLLY**
          **GOCHMAN**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure to counsel as indicated below on this the 10th day of August, 2000.

MAX J. LUTHER, III

EDMUND L. COGBURN
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046
**VIA CMRRR#** Z 149 738 264

MATTHEW J. SULLIVAN
Haynes and Boone, L.L.P.
1600 One American Center
600 Congress Avenue
Austin, Texas 78701
**VIA CMRRR#** Z 149 738 268

FRED D. DREILING
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471
**VIA CMRRR#** Z 149 738 265

E. R. FLEURIET
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas   78550
**VIA CMRRR#** Z 149 738 269

JAMES F. MCKIBBEN, JR.
Barger, Hermansen, McKibben
    & Villarreal, L.L.P.
800 N. Shoreline Blvd, Ste 2000 N. Tower
Corpus Christi, Texas 78401
**VIA CMRRR#** Z 149 738 266

JORGE C. RANGEL
The Law Offices of Jorge C. Rangel
P. O. Box 2683
Corpus Christi, Texas   78403-2683
**VIA CMRRR#** Z 149 738 270

MICHAEL GENE MORRIS
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
**VIA CMRRR#** Z 149 738 267