IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 1 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ARTHUR GOCHMAN AND<br>MOLLY GOCHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>STANLEY A. STARRETT, JR.<br>KEN OAKLEY, URBAN ENGINEERING,<br>A PARTNERSHIP, THE PERALLA<br>CORPORATION, URBAN CONSULTING<br>ENGINEERS, INC., JAMES URBAN AND<br>THE CITY OF PORT ARANSAS, TEXAS,<br><br>Defendants. | §§§§§§§§§§§§§§§§ | CV ACTION NO. C-00-126 |

## DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY

Defendants Stanley A. Starrett, Jr., Ken Oakley, Urban Engineering, the Peralla Corporation, Urban Consulting Engineers, Inc., James Urban and the City of Port Aransas, Texas (collectively, the "Defendants") file this Motion to Exclude Expert Testimony, and respectfully show the following:

### I.

### PENDING MOTIONS

Pending before the Court are Motions for Summary Judgment against the Plaintiffs filed by: Ken and Andrea Oakley; Urban Engineering, the Peralla Corporation, Urban Consulting Engineers, Inc. and James Urban; the City of Port Aransas; and, Stanley A. Starrett. Plaintiffs Arthur and Molly Gochman have also filed a Motion for Summary Judgment on the Cross-Claim of Ken and Andrea Oakley.

**DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY**     Page 1
A-Motexclude.wpd



## II.

## SUMMARY OF ARGUMENT

Pursuant to the court's scheduling order governing this case, the trial of this matter is set for September 6, 2000. The deadline to designate experts *and* file expert reports was July 12, 2000. On July 12, Plaintiffs Arthur Gochman and Molly Gochman designated eight experts (other than their attorneys) but filed one expert report for Ms. Prouty (which was later heavily supplemented to reflect entirely new opinions) and reports by their counsel Messrs. Luther and Cogburn. Because Plaintiffs failed to provide their expert reports as required, the testimony of Matt C. Deal, Ray Woodard, Charles E. Belaire, Kimberly McKenna, Tim Dykes, Bob Cardenas, and Kenneth Smith should be excluded from trial. Likewise, any testimony from Ms. Prouty regarding opinions that were not reflected in her initial report filed July 12, 2000 should be excluded. Defendants realize that Mr. Dykes is a fact witness, as well. This Motion is not intended to preclude Mr. Dykes' testimony as a fact witness.

## III.

## RELEVANT BACKGROUND INFORMATION

1. On May 23, 2000, this court entered a scheduling order (the "Scheduling Order") setting trial for September 5, 2000 and providing other scheduling deadlines. Pursuant to the terms of the Scheduling Order, discovery ends on August 1, 2000.[1] Experts were to be designated, by all parties, twenty days prior to the discovery deadline--by July 12. The Scheduling Order also provides

---

[1] The Court has since issued an Order moving the trial date to September 6, 2000.

that "[w]ritten reports that fully comply with Federal Rules of Civil Procedure 26 (a)(2)(B) shall be due at the time of designation of each expert."

2.   Plaintiffs filed their "Designation of Expert Witnesses" on July 12, 2000 and designated eight expert witnesses (other than Plaintiffs' attorneys) who might be called to testify at trial.[2] However, Plaintiffs failed to provide the reports containing the experts' mental impressions and opinions or the facts relating to or forming the basis for any such impressions or opinions for all but one of the experts.[3]

3.   Plaintiffs did file an expert report for Jennifer Prouty by the July 12, 2000 deadline. However, on August 7, 2000, Plaintiffs filed a supplemental report for Ms. Prouty. The supplemental report contains opinions and impressions that were not previously contained in the initial report on issues that were not previously addressed by Ms. Prouty. Defendants therefore object to any testimony from Ms. Prouty reflecting these "new" opinions.

## IV.

### GROUNDS FOR EXCLUSION OF EXPERT TESTIMONY

A.   **Plaintiffs failed to provide the opinions and mental impressions of their expert witnesses as required by the Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(B).**

---

[2]   Plaintiffs designated the following experts: Jennifer S. Prouty, Matt C. Deal, Ray Woodard, Max Luther, Ed Cogburn, Charles E. Belaire, Kimberly K. McKenna, Tim Dykes, Bob Cardenas, and Kenneth C. Smith. Mr. Luther and Mr. Cogburn are Plaintiffs' attorneys.

[3]   Plaintiffs filed an expert report for Jennifer Prouty.

As noted above, the Scheduling Order requires that reports conforming to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) were due on July 12, 2000. Federal Rule of Civil Procedure 26(a)(2)(B) provides in pertinent part:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. P. 26(a)(2)(B).

Despite the requirements of Rule 26 and the Scheduling Order, Plaintiff provided only the identity and resumes for all but one of the designated experts, and utterly failed to provide the experts' opinions and mental impressions or the factual bases therefor. Thus, because Plaintiff failed to provide Defendants with *any* opinion or mental impression held by *any* expert expected to testify at trial, other than for Dr. Prouty, Plaintiffs' experts' testimony should be excluded.

**B.  The Defendants will be prejudiced because they will be unable to adequately prepare for the depositions of Plaintiffs' experts.**

The parties have agreed to extend the time under which they will complete discovery in this matter to conduct depositions of various witnesses. However, the Defendants are prejudiced by Plaintiffs' failure to comply with the Scheduling Order because they will be unable to adequately prepare to depose Plaintiffs' designated experts. The Defendants do not intend to take, at this time, the depositions of Messrs. Cogburn or Luther. The Defendants do not have any reasonable information related to what Plaintiffs' experts are going to testify about. Plaintiffs have provided no

information whatsoever regarding the opinions of their experts. The ultimate purpose of discovery is to seek the truth. "The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less of a game of blind man's b[l]uff and more of a fair contest' where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

The Defendants are entitled to the information that would be contained in the expert reports that Plaintiffs have not provided. Plaintiffs have prejudiced the Defendants by concealing relevant information required to be disclosed in the expert reports.

## V.

## EXCLUSION OF PLAINTIFFS' EXPERT TESTIMONY IS WARRANTED

The Federal Rules of Civil Procedure provide for sanctions when a party does not comply with required discovery. Exclusion of the Plaintiffs' expert testimony as a sanction for violation of the Scheduling Order is warranted pursuant to Federal Rules of Civil Procedure 16 and 37.

Rule 16(b) authorizes federal courts to control and expedite the discovery process through a scheduling order. FED. R. CIV. P. 16(b). "Consistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

Rule 37(b)(2) authorizes the district court to impose sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence. *Barrett*, 95 F.3d at 380. Rule 37(b)(2) states in pertinent part:

> If a party . . . *fails to obey an order entered under Rule 26(f)*, the court in which the action is pending may make such orders in regard to the failures as are just, and among others the following:
>
>> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

FED. R. CIV. P. 37(b)(2) (emphasis added).

It is clear from the recitation of facts above that Plaintiffs failed to comply with the Scheduling Order and provide the experts' reports containing the mental impressions and opinions their testifying experts by the court-imposed deadline of July 12, 2000. Plaintiffs' experts, with the exception of testimony by Jennifer Prouty related only to the opinions included in her July 12, 2000 report and Plaintiffs' attorneys, should therefore be excluded.

## VI.

## PRAYER

For the foregoing reasons, Defendants Stanley A. Starrett, Jr., Ken Oakley, Urban Engineering, the Peralla Corporation, Urban Consulting Engineers, Inc., James Urban and the City of Port Aransas, Texas request that the Court grant their Motion to Exclude Expert Testimony and enter an Order excluding any and all testimony by Matt C. Deal, Ray Woodard, Kimberly McKenna, Tim Dykes, Bob Cardenas, Charles E. Belaire and Kenneth Smith. Defendants also request that the court exclude any testimony from Jennifer Prouty that was not reflected in the opinions she provided in her July 12, 2000 expert report. Defendants also request that the Court grant them such other relief to which they may be entitled.

Respectfully submitted,

*Matthew J. Sullivan* w/ Permission
by David Green

Matthew J. Sullivan
Attorney-In-Charge
State Bar No. 19488325
Federal ID No. 16960
Andrea L. Sloan
State Bar No. 90001678
Federal ID No. 24404

HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1600
Austin, Texas 78701
Telephone: 512/867-8400
Telecopier: 512/867-8470

ATTORNEYS FOR
URBAN ENGINEERING, THE PERALLA CORPORATION, URBAN CONSULTING ENGINEERS, INC. AND JAMES URBAN

*E.R. Fleuriet w/ Permission by David Green*

_____
E.R. Fleuriet
Attorney-In-Charge
State Bar No. 07145500
Federal ID No. 1327

THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 East Tyler
Harlingen, Texas 78550
Telephone: 956/428-3030
Telecopier: 956/421-4339

and

Jorge C. Rangel
State Bar No. 16543500
Federal ID No. 5698
THE LAW OFFICES OF JORGE C. RANGEL, P.C.
P.O. Box 2683
Corpus Christi, TX 78403-2683
Telephone: 361/883-8500
Telecopier: 361/883-2611

ATTORNEYS FOR
STANLEY A. STARRETT, JR.

*James F. McKibben, Jr. w/ Permission by David Green*

_____
James F. McKibben, Jr.
Attorney-In-Charge
State Bar No. 13713000
Federal ID No. 914

BARGER, HERMANSEN, MCKIBBEN
    & VILLARREAL, L.L.P.
800 North Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
Telephone: 361/882-6611
Telecopier: 361/866-8039

and

Michael Gene Morris
State Bar No. 14495500
5350 S. Staples, Suite 222
Corpus Christi, TX 78411
Telephone: 361/993-4571
Telecopier: 361/993-4573

ATTORNEYS FOR
CITY OF PORT ARANSAS


*Fred Dreiling by Permission David Shea*

Fred Dreiling
Attorney-In-Charge
State Bar No. 06115100
Federal ID No. 19239

LAW OFFICES OF FRED D. DREILING
Bank of America, Suite 714
500 North Water Street
Corpus Christi, Texas 78471
Telephone: 361/883-0186
Telecopier: 361/882-4112

ATTORNEYS FOR
KEN OAKLEY AND ANDREA OAKLEY

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served on the following parties by certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure on the 11th day of August, 2000:

<u>Via Certified Mail</u>
Max J. Luther, III, Esq.
Frost Bank Plaza
802 North Carancahua, Suite 1350
Corpus Christi, TX 78470-0165

<u>Via Certified Mail</u>
Edmund Cogburn, Esq.
Dow, Cogburn & Friedman, PC
9 Greenway Plaza
Houston, TX 77046

<u>All Via Regular Mail</u>
Jorge C. Rangel, Esq.
The Law Offices of Jorge C. Rangel, P.C.
P.O. Box 2683
Corpus Christi, TX 78403-2683

E.R. Fleuriet, Esq.
The Fleuriet Schell Law Firm, L.L.P.
621 East Tyler
Harlingen, TX 78550

James F. McKibben, Jr., Esq.
Barger, Hermansen, McKibben & Villarreal, L.L.P.
800 North Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, TX 78401

Michael Gene Morris, Esq.
5350 S. Staples, Suite 222
Corpus Christi, TX 78411

Fred Dreiling, Esq.
Law Offices of Fred D. Dreiling
Bank of America, Suite 714
500 North Water Street
Corpus Christi, TX 78471

_____   *w/ Permission*
Matthew J. Sullivan   *by David [Lea]*

## CERTIFICATE OF CONFERENCE

Movant conferred with opposing counsel concerning the matters raised in this motion on this 9th day of August, 2000. The parties could not agree as to the disposition of this matter; therefore, opposing counsel opposes the filing of this motion.

*[signature: Matthew J. Sullivan]*
Matthew J. Sullivan
*w/ Permission by*
*[signature: David Green]*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN AND<br>MOLLY GOCHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>STANLEY A. STARRETT, JR.<br>KEN OAKLEY, URBAN ENGINEERING,<br>A PARTNERSHIP, THE PERALLA<br>CORPORATION, URBAN CONSULTING<br>ENGINEERS, INC., JAMES URBAN AND<br>THE CITY OF PORT ARANSAS, TEXAS,<br><br>Defendants. | §§§§§§§§§§§§§§§ | CV ACTION NO. C-00-126 |

**ORDER EXCLUDING PLAINTIFFS' EXPERT TESTIMONY**

The Court has considered the Motion to Exclude Expert Testimony filed by Defendants Stanley A. Starrett, Jr., Ken Oakley, Urban Engineering, the Peralla Corporation, Urban Consulting Engineers, Inc. and the City Of Port Aransas, Texas. After considering the Motion, the Court finds that the Motion should be granted.

It is, accordingly, ORDERED, ADJUDGED AND DECREED that Plaintiffs' experts Matt C. Deal, Ray Woodard, Charles E. Belaire, Kimberly McKenna, Bob Cardenas, and Kenneth Smith should be excluded from testifying at trial. It is further Ordered that Plaintiffs may not elicit testimony from Jennifer Prouty related to opinions or impressions that were not reflected in her July 12, 2000 expert report, nor may they elicit any expert testimony from Tim Dykes at the time of trial.

Signed this ____ day of _____, 2000.

                                                           **Janis Graham Jack**
                                                           **United States District Judge**