# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

AUG 29 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| ARTHUR GOCHMAN and MOLLY GOCHMAN | § § § | |
| PLAINTIFFS | § § § | |
| vs. | § § | CIVIL ACTION NO. 00-126 |
| STANLEY STARRETT, JR., KEN OAKLEY URBAN ENGINEERING, A PARTNERSHIP, THE PERALLA CORPORATION, URBAN CONSULTING ENGINEERS, INC. AND THE CITY OF PORT ARANSAS, TEXAS | § § § § § § § | JURY |
| DEFENDANTS | § | |

### PLAINTIFF GOCHMANS' RESPONSE AND MOTION TO STRIKE THE DEFENDANTS' MOTION TO EXCLUDE THE PLAINTIFFS EXPERT TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Arthur Gochman and Molly Gochman, Plaintiffs, in answer and reply to the Defendants Motion to Exclude the Plaintiffs Expert Testimony and Plaintiffs Motion to Strike such motion, and in support thereof would respectfully show the Court as follows:

I.

Pending before the Court are the Motions for Summary Judgment filed by each of the four Defendants against the Plaintiffs Gochman, Ken and Andrea Oakley; Urban Engineering; The Peralla Corporation; Urban Consulting Engineers; James Urban; The City of Port Aransas, Texas; and Stanley A. Starrett, Jr. The Plaintiffs, Arthur Gochman and Molly Gochman, have also filed a Motion for Summary Judgment on the Cross-Claim of Ken and Andrea Oakley against the Plaintiffs.

II.

The Court entered its Scheduling Order providing for a Jury Trial on September 6, 2000, beginning at 8:00 a.m. Final Pretrial is set for Friday, September 1, 2000, at 8:30 a.m.



The Court by its Final Scheduling Order reset the Trial from Friday, March 2, 2001, to Tuesday, September 5, 2000, and the Final Pretrial Conference was reset from March 1, 2001, to Friday September 1, 2000.

Discovery was scheduled to end August 1, 2000, but has been extended by agreement of the parties.

### III.

The Plaintiffs have now supplied the Defendants with the Reports of its Designated Experts. The Plaintiffs designated its experts timely in its Designation of Experts. However, the Plaintiffs did not have Reports from its experts at this time of their designation, and the same were immediately forwarded to each counsel for the Defendants as such Reports were received by Plaintiffs.

### IV.

Plaintiffs have by telephone conversations with lead counsel, and in writing to all counsel, notified the Defendants that the Plaintiffs will present any one are all of its designated experts for deposition in Corpus Christi, Texas, at any time available when requested by the Defendants. Counsel for the Defendants have been made aware of the substance of the experts testimony, and the availability of the expert for deposition in Corpus Christi, Texas at the request of any one of the several Defendants. The Defendants have not been harmed.

At this time, only the deposition of the expert, Jennifer Prouty, Ph.D., has been requested by the Defendants, and that deposition is scheduled for Friday, August 25, 2000, at 11:00 a.m..

### V.

Further, the Plaintiffs have requested to be able to inspect the outside of the Defendants Oakleys premises on Lot 35, which would include measurements of the piling under the residence,

2

and estimation and documentation of the amount of sand removed in from the Dune in the construction of the Oakley house.

At the time of the filing of this motion, consent has not been obtained from Defendant Oakley, and completion of the expert testimony of Ray Woodard, a designated expert for Plaintiffs, cannot be obtained, in detail, until he is allowed to measure and photograph the Defendant Oakley's Lot 35.

VI.

The Plaintiffs have not delayed to purposely cause the Defendants harm, and have delivered to Defendants reports obtained by Plaintiffs the same or next day after receipt by Plaintiffs. The delay was simply caused by time restraint placed upon Plaintiffs by large number of Defendants and the large amount of the pre trial work and upon Plaintiffs experts.

VII.

Motion to Strike

Now comes, the Plaintiffs, and moves the Court to strike the Defendants Motion to Exclude the Plaintiffs Expert Testimony and in support thereof would respectfully show the Court as follows:

VIII.

By its Scheduling Order, this Court ordered:

"Discovery shall end on August 1, 2000. DESIGNATION OF EXPERTS, by all parties, are due 20 DAYS prior to the Discovery deadline . . Hearings on expert testimony and/or qualifications (i.e. Daubert and Markman) shall be requested no later than the deadline for discovery."

IX.

On May 23, 2000, this Court held its Hearing in the above-captioned matter, with all parties being present and represented by counsel.

In its hearing, the Court instructed counsel beginning at line 7 of page 29, "the Court":

3

THE COURT: "The reason that I'm able to do that is because of my discovery policy. If you have a discovery problem, what you do is a joint call and if there are four defense counsels, you can designate one to do this. It may just involve one defendant anyway. The defense counsel can do that, if they would like, to designate one of you to handle discovery matters that may pertain to all of you, but you must do a joint telephone call to the case manager. If there's any discovery issue-- if you're in the middle of depositions, you've received answers to interrogatories that are displeasing or incomplete, you do a joint call to Ms. Garza or Ms. Alfono, the case manager, and she'll have you into the court within an hour or two for the discovery conference. <u>No written motions may be filed without prior telephonic permission of the court</u>. It saves your client some money. Actually, it probably doesn't save them all that money, but it saves you all paperwork and it lets you use all of your time on behalf of your clients to either settle the case or prepare for trial. And we usually take care of these discovery matters in a matter of moments. If I'm on vacation or in seminars, I do these discovery calls. I'm going to give you an order for mediation. If you think that might be beneficial, anyone object to mediation?" (Emphasis added by underlingin)

Page 29 of the Court's Order of the Hearing of May 23, 2000, is attached as Exhibit "A".

X.

Based upon information and belief, the Plaintiffs believe that there was no telephonic permission of the Court to file the Motion to Exclude the Plaintiffs Expert Witnesses. Thus, the Defendants Motion to Exclude should be denied, or in the alternative, the Defendants Motion to Exclude the Plaintiffs Expert Testimony should be struck for failure to comply with the Court Scheduling Order.

IX.

This motion is not made for delay, but in the interest of justice, in so that the Court may have

4

the benefit of the Plaintiffs expert testimony.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs Gochman pray that the Defendants Motion to Exclude the Plaintiffs Expert Testimony be denied, or in the alternative that such motion be struck, and for such other and further relief as the Court shall deem proper.

        Max J. Luther, III, P.C. & Associates
        Frost Bank Plaza
        802 N. Carancahua, Suite 1350
        Corpus Christi, Texas 78470-0165
        Telephone: (361) 888-5544
        Telecopier: (361) 887-6835

By: _____
        Max J. Luther, III
        Southern District of Texas Bar No. 298
        State Bar No. 12706000

and

Ed Cogburn
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
Telephone: (713) 940-6000
Telecopier: (713) 940-6099
Southern District of Texas Bar No. 2105
State Bar No. 04501000

ATTORNEY FOR PLAINTIFFS,
ARTHUR GOCHMAN AND MOLLY GOCHMAN

5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been served on the following parties in accordance with the Federal Rules of Civil Procedure on the 29th day of August, 2000.

MAX␣J.␣LUTHER, III

EDMUND L. COGBURN
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046
**VIA CMRRR#** 7099 3220 0001 4298 4622

MATTHEW J. SULLIVAN
Haynes and Boone, L.L.P.
1600 One American Center
600 Congress Avenue
Austin, Texas 78701
**VIA  CMRRR#** 7099  3220  0001  4298  4660

FRED D. DREILING
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471
**VIA CMRRR#** 7099 3220 0001 4298 4639

E. R. FLEURIET
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas   78550
**VIA CMRRR#** 7099 3220 0001 4298 4677

JAMES F. MCKIBBEN, JR.
Barger, Hermansen, McKibben
    & Villarreal, L.L.P.
800 N. Shoreline Blvd., Ste. 2000 N.Tower
Corpus Christi, Texas 78401
**VIA CMRRR#** 7099 3220 0001 4298 4646

JORGE C. RANGEL
The Law Offices of Jorge C. Rangel
P. O. Box 2683
Corpus Christi, Texas   78403-2683
**VIA CMRRR#** 7099 3220 0001 4298 4684

MICHAEL GENE MORRIS
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
**VIA CMRRR#** 7099 3220 0001 4298 4653

1  continuances for any reason. And the reason I'm able to get these -- in fact, in six
2  years on the bench, everybody's gone to trial. Haven't they, Mr. Rangel, Mr.
3  McKibben?
4      C: Yes, your Honor.
5      THE COURT: Like clock work.
6      C: Yes, your Honor.
7      THE COURT: The reason I'm able to do that is because of my
8  discovery policy. If you have a discovery problem, what you do is do a joint call and if
9  there are four defense counsels, you can designate one to do this. It may just involve
10 one defendant anyway. The defense counsel can do that, if they would like, to
11 designate one of you to handle discovery matters that may pertain to all of you, but
12 you must do a joint telephone call to the case manager. If there's any discovery issue –
13 if you're in the middle of depositions, you've received answers to interrogatories that
14 are displeasing or incomplete, you do a joint call to Ms. Garza or Ms. Alfono, the case
15 manager, and she'll have you into the court within an hour or two for the discovery
16 conference. No written motions may be filed without prior telephonic permission of
17 the court. It saves your client some money. Actually, it probably doesn't save them all
18 that money, but it saves you all paperwork and it lets you use all your time on behalf
19 of your clients to either settle the case or prepare for trial. And we can usually take
20 care of these discovery matters in a matter of moments. If I'm on vacation or in
21 seminars, I do these discovery calls. I'm going to give you an order for mediation. If
22 you think it might be beneficial, anyone object to mediation?
23     C: (Inaudible.)
24     THE COURT: Are we taking a poll? Mr. Rangel, do you want to say
25 something?

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | |
| & MOLLY GOCHMAN | § | CIVIL ACTION NO.C-00-126 |
| | § | JURY |
| vs. | § | |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY, URBAN ENGINEERING, A | § | |
| PARTNERSHIP, THE PERALLA | § | |
| CORPORATION, URBAN CONSULTING | § | |
| ENGINEERING, INC. | § | |
| AND THE CITY OF PORT ARANSAS, | § | |

## ORDER GRANTING TO THE PLAINTIFFS, GOCHMANS' RESPONSE AND MOTION TO STRIKE THE DEFENDANTS' MOTION TO EXCLUDE THE PLAINTIFFS' EXPERT TESTIMONY

On this the ____ day of August, 2000, came on to be heard in the above-entitled and numbered Cause, The Plaintiffs, Gochmans' Response and Motion to Strike the Defendants' Motion to Exclude the Plaintiffs' Expert Testimony.

The Court, having considered the same, finds that such Motion is well taken and should be granted.

It is accordingly ORDERED that the Defendants' Motion to Exclude the Plaintiffs' Expert Testimony be, and the same is hereby denied,

Signed and Ordered enter on this the \_\_\_\_\_ day of August, 2000.

_____
United States District Judge Presiding

c:\data\ref\mot2.goc:kc

2