United States District Court
Southern District of Texas
FILED

AUG 3 0 2000

MICHAEL N. MILBY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR GOCHMAN | § | CIVIL ACTION NO. 00-126 |
| & MOLLY GOCHMAN | § | JURY |
| | § | |
| vs. | § | |
| | § | |
| STANLEY A. STARRETT, JR., | § | |
| KEN OAKLEY, URBAN ENGINEERING, | § | |
| A PARTNERSHIP, THE PERALLA | § | |
| CORPORATION, URBAN CONSULTING | § | |
| ENGINEERING, INC. AND THE CITY OF | § | |
| PORT ARANSAS, TEXAS | § | |

### PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFFS' REPLY TO THE OAKLEY "RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT"

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, ARTHUR GOCHMAN & MOLLY GOCHMAN, in their capacity as Counter-Defendants, file this their **unopposed** Motion for leave to file this "Reply" to the pleading designated as "Counter-Plaintiffs Ken and Andrea Oakley's Response to Plaintiffs' Motion for Summary Judgment." There is good cause for such leave, because the Oakley Response discusses, fully, issues which were only partially briefed in the previous discussions of the issues involved in the Counterclaim of Oakley against Plaintiffs and, therefore, Plaintiffs respectfully submit this Reply to provide a completion of the discussion, including citation and review of additional authorities which relate to such Counterclaim.

### Preliminary Statement

The facts may be summarized briefly. Plaintiffs brought suit on April 7, 1999 against Ken Oakley and the City of Port Aransas, filing a Notice of Lis Pendens ("Lis Pendens") to

protect themselves from bona fide purchasers, as designed by the provisions respecting notices of lis pendens. Tex. Prop. Code § 12.007(a):

> (a)     After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

At Tab 5 of the Response, there is a copy of the original pleading filed by Plaintiffs captioned "Plaintiffs' Original Petition for Injunction and Mandamus." Contrary to the statement of the Response at page 2, Plaintiffs' original suit, as does its current suit, did seek "the establishment of an interest in real property." See Tex. Prop. Code, § 12.007(a).

At page 2 of the Petition, Tab 5 to the Response, the statement is made:

> The Plaintiffs are the owners of certain <u>real property or rights</u> <u>threatened</u> with the irreparable injury of the conduct of the Defendant, Ken Oakley. (Our emphasis)

A complete reading of II of the Petition reveals a claim of property right in the protection of the critical dune located on both Lot 35, Beachwalk II (the "Oakley Property") and Lot 24, Beachwalk Addition (the "Plaintiffs' Property"). At Paragraph VIII, the Plaintiffs state:

> <u>The real property rights involved are unique and irreplaceable</u>, and it is difficult to accurately measure in monetary terms the damages caused by the Defendant Oakley's conduct. The property interest is, by such pleading, being claimed in the critical dune which is found on both the property of Plaintiffs and the property of Oakley. <u>The property right claimed is the right to</u> <u>protection from invasion and damage to the critical dune that</u> <u>protects the property of Plaintiffs.</u>

The Texas Dune Protection Act recognizes the rights of persons in the position of Plaintiffs by allowing "littoral" owners to challenge the granting of a Dune Protection Permit in the district court. Tex. Nat. Res. Code Ann., § 63.151. Plaintiffs <u>were</u> and <u>are</u> littoral owners,

based on the definition of "littoral ownership" at Tex. Nat. Res. Code Ann., § 61.001(6), as we will demonstrate further on in this Reply.

Plaintiffs are, regardless, protected by judicial privilege, an absolute privilege, which, undisputedly, applies to lis pendens. The "Fraudulent Records Acts", enacted to prevent the "guerilla warfare" of spurious filings, as used by the lawless adherents of the "Republic of Texas", is not applicable to changing the time-honored statutory remedy of lis pendens, and there no basis for applying it here. See Tabs 1 ("Senate Committee Report"), 2 ("Engrossed Version"), and 3 ("Home Committee Report").

The discussion in the Response, moreover, is superficial with respect to the several legal doctrines which provide an absolute privilege to Plaintiffs in the filing of the Lis Pendens, regardless of the technical "pigeonholes" set out in the Lis Pendens provisions.

In considering the two motions for summary judgment, one filed by Plaintiffs and the other by Oakley, there are, essentially, five discrete issues involved respecting Plaintiffs' notice of lis pendens, each with its own historical and policy origins and, in most cases, its own case law support. The Response of Oakley to Plaintiffs' Motion, the first attempt by Oakley to raise all of these issues, and, thereby, clarify Oakley's claims, tends strongly to obscure these issues, by lumping them altogether, as if they were one. These issues involve:

1.      The propriety of the lis pendens filing itself, which Plaintiffs contend gave notice of a pleading seeking to establish a property right in the critical dune for Plaintiffs, as littoral owners, under the Dune Protection Act.

2.      The Rule of Judicial Privilege, that the filing of a lawsuit is absolutely privileged in Texas, and cannot create liability for the filing party (unless "groundless" under Rule 13, Tex. R. Civ. P. and Rule 11, F.R.C.P.)

3. The Rule that statements made in connection with a filed lawsuit, including those in a notice of lis pendens, even a Lis Pendens improperly filed, are protected by Judicial Privilege from being a source of liability (with, again, the exceptions for Texas Rule 13 and Federal Rule 11).

4. The Rule created by the Fraudulent Records Act, which creates civil liability for the filing of "Court" documents, if they are not provided for by the constitution or laws of Texas or those of the United States, and its effect on the Rule of Judicial Privilege, if any.

5. The effect of the Fraudulent Records Act upon the holding of lis pendens as absolutely privileged, under the Rule of Judicial Privilege.

### Plaintiffs, as Littoral Owners on the Shore of Port Aransas, Had a Valid Property Right to Establish in the Suit Against Oakley, And, Therefore, Properly Filed the Lis Pendens.

"'Littoral Owner' means the owner of land adjacent to the shore and <u>includes a lessee, licensee, or anyone acting under the littoral owner's authority</u>."  Tex. Nat. Res. Code Ann. § 61.001.4 (West 1999). (Our emphasis)

To be a "littoral owner," the owner's property must, therefore, be "adjacent" to the shore. The term adjacent has been interpreted by Texas law as commonly meaning "in the vicinity of and not necessarily contiguous or touching upon," depending on the context of the particular situation.

Pursuant to Section 63.151 of the Texas Natural Resources Code, "littoral owners" have the right to appeal to district court from local governing body decisions made under the Dune Protection Act, sections 63.011 through 63.152 of the Texas Natural Resources Code.  In the case at hand, Oakley has claimed that Plaintiffs, Arthur and Molly Gochman ("Plaintiffs"), are not littoral owners because, supposedly, the property in question, Lot 24 (the "Property"), does not abut the Gulf.  Plaintiffs assert their littoral ownership.

We construe the statutory definition of "littoral", in accordance with the relevant authority, which defines the meaning of "adjacent" as "nearby". Black's Law Dictionary defines the word 'adjacent' as, "[l]ying near or close to; sometimes, contiguous; neighboring. *Adjacent* implies that the two objects are not widely separated, though they may not actually touch" BLACK'S LAW DICTIONARY 38 (5th ed. 1979). In line with this, the Texas Supreme Court has stated that, "[t]he term 'adjacent' is not a word of fixed or definite meaning. The authorities are <u>almost unanimous</u> in according to that term the meaning of 'neighboring or close by' or 'in the vicinity of and not necessarily contiguous or touching upon.'" *State ex rel. Pan Am. Production Co. v. Texas City*, 303 S.W.2d 780, 784 (Tex. 1957) (our emphasis); *see also Broun v. Texas & N.O.R. Co.*, 295 S.W. 670, 674-675 (Tex. App.-Beaumont 1927, reh'g den.) (discussing the meaning of 'adjacent' and finding that "near" and "across the street" satisfy adjacency requirements). With this in mind, the Supreme Court has further stated that, "[a]djacency is a question of law which must be determined in the context of the facts of each particular case." *Waco v. City of McGregor*, 523 S.W.2d 649, 653 (Tex. 1975); *see also Broun*, at 674 (stating that 'adjacent' is a relative and not definite or absolute term). From this the word "adjacent" <u>generally</u> means "in the vicinity of."

With respect to this <u>general</u> understanding of the word "adjacent," the Property (and also lots 25 and 26) <u>is</u> "adjacent" to the Gulf, and hence is littoral property. The only tract of land separating the Property from the Gulf is the beachfront tract, Lot 67 ("BW"), which Starrett conveyed to the city for public use, reserving a "Beach Access Easement" across it to the beach for the Lot Owners in Beachwalk Addition. See Plat of Beachwalk Tab 11 to the Response; Starrett Correction Deed to the City, Tab 13 to the Response. The Property enjoys a view of and easy access to the Gulf. It is as close to the water as any private property in the area and near the shore could possibly be. For these reasons, it is effectively beachfront property, neighboring,

Page 5

close by, in the vicinity of and thus *adjacent* to the shore, and should accordingly be treated as littoral property.

The same result follows when considering the particular circumstances of the statute. The Dune Protection Act's principal purpose is to protect those properties or persons that may be adversely affected by the erosion and destabilization of Gulf Coast dunes. Tex. Nat. Res. Code Ann. § 63.001.1-8 (West 1999). Accordingly, section 63.151 (allowing littoral owners to appeal municipal decisions concerning the dunes), of the Act, acknowledges that certain properties or persons close to the shore are especially vulnerable to dune erosion by giving them a special voice for appeal. The true test, therefore, for determining whether a certain property is littoral for purposes of this Act, is whether or not the property especially relies on dune support and stability. In the case at hand, the Property, being partially landward of the dune, certainly stands to suffer upon any change in the structure of the critical dune. Because of this, the policy behind the Dune Protection Act requires that the Property be categorized as littoral.

Backing this claim is the language of the recently amended section of the statute defining "littoral owner." In 1991 the legislature enlarged the definition of littoral owner to include *lessees or licensees* of the land adjacent to the shore. Tex. Nat. Res. Code Ann. § 61.001.6 (West 1999). This backs the policy claim in the previous paragraph, further stressing the special interests of those individuals, like Plaintiffs, who stand to suffer from any change in the nearby dunes.

In addition to Plaintiffs' obvious littoral interest in the Property based on the general policy and definitions discussed above, Plaintiffs' position is further strengthened by their easement over the property between BW and the beach owned by the city, Lot 67, which Lot, Oakley agrees, is littoral property. Plaintiffs, therefore, have an easement interest in land that is not disputed, which supports their ownership of littoral property. If we review this easement interest along with the revised wording of the statute, we find Plaintiffs have a greater interest than a

"license" or "lease" (both temporary interests) in the undisputedly littoral property. It follows then, that because of this, they must be considered to be littoral owners. Furthermore, coupling Plaintiffs ownership in the Property with their easement across the beachfront, Plaintiffs, a fortiori, stand to suffer even more from any change in the dune structure, and should therefore, in line with state policy as littoral owners, be given the right to appeal governmental decisions concerning the dunes.

In response to Plaintiffs claim as littoral owners, Oakley argues that Plaintiffs should not be considered littoral owners because the Property does not abut the Gulf. Oakley cites the definition of "littoral rights" in Black's Law Dictionary and one case backing this claim. Defendants have, however, improperly interpreted their sources. The statutory definition in the Natural Resource Code would certainly control the Black's Law Dictionary definition of Littoral Rights as "Rights concerning properties abutting an ocean, sea or lake rather than a river or stream (riparian). Littoral rights are usually concerned with the use and enjoyment of the shore." BLACK'S LAW DICTIONARY 842 (5th ed. 1979). Oakley argues for a definition contrary to the Code definition, which just is not the law.

Similarly, Defendants cannot rely on the case they have cited, *City of Corpus Christi v. Davis*, 622 S.W.2d 640, 646 (Tex. App.-Austin 1981, writ ref'd n.r.e.), a case decided long before the enactment of the Dune Protection Act, and certainly not purporting to construe it.

The lis pendens provisions provide specifically for a "suit to establish an interest in real property," which the language quoted from the pleading, above at page 2, demonstrates we have in this case. Tex. Prop. Code, § 12.007(a).

Page 7

## Conclusion

Plaintiffs are littoral owners. The Property's proximity and material connection to the dunes ("nearby" and "in the vicinity") along with the easement across the beachfront are within both the letter of the Act and the policy behind it. As a result, a lawsuit, such as the one originally brought by Plaintiffs against Oakley, to establish a property right in the dune allowing Plaintiffs to protect the dune, is every bit as much entitled to a lis pendens filing as any other suit involving property or an interest in property.

### The Doctrine of Judicial Privilege Is a Basic Common Law Rule, Long Recognized by the Courts of Texas, as Buttressing the Constitutional Guaranty of "Open Courts"

The most recent discussion of the Texas Rule of Judicial Privilege by the Fifth Circuit may be found at *Matta v. May*, 118 F.3rd 410, 415 (5th Cir.1997), citing *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex.1942). Both *Matta* and *Reagan* describe the judicial privilege as absolute. Oakley's Response does not discuss or mention *Matta*.

An earlier Fifth Circuit opinion holding the same is *Burzynski v. Aetna Life Ins. Co.*, 967 F.2d 1063, 1067 (5th Cir. 1992), which cites *James v. Brown*, 637 S.W.2d 914, 916-917 (Tex.1982), as well as *Reagan*, supra. for the doctrine of "absolute privilege from suit." The Response ignores *Burzynski* and *James*, as it does *Matta*. *James v. Brown*, the most recent holding on this point from the Texas Supreme Court, stated:

> Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made. (Citing *Reagan*, supra). <u>This privilege extends to any statement made by the judge jurors, counsel, parties or witness</u>, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case. (Our emphasis)

Page 8

Oakley's Response relies on *International Shortstop v. Rally's Inc.*, 939 F.2d 1257, 1269-1271 (5th Cir. 1991) (decided before *Burzinski* and *Matta*) previously discussed by Plaintiffs' supporting authority to Plaintiffs' Motion, an opinion that questioned, <u>not the applicability of the judicial privilege to a notice of lis pendens</u>, since lis pendens was not an issue in *International Shortstop*, but whether "Texas law provides for an unqualified privilege to file a lawsuit", even where malice was involved. *International Shortstop* either was unaware of *Reagan*, supra, *James*, supra., and *Burzynski*, supra. (as, it appears Oakley was, also), or ignored them, because none of them were discussed by either *International Shortstop* or Oakley's Response. At any rate, even though *International Shortstop* questioned the doctrine of absolute privilege, it limited itself to commentary, expressly refusing to make a holding on the issue. Lis Pendens was mentioned in *International Shortstop*, but only because the numerous lis pendens cases provided most of the recent holdings on the Rule of Judicial Privilege, as absolute.

*Manders v. Manders*, 897 F. Supp. 972, 975-998 (S.D. Tex. 1995), used as a "whipping boy" by Oakley's Response because of its magistrate status, was, at least, aware of *Reagan*, as well as the earlier *Rung v. Franklin*, 10 S.W. 721, 723 (Tex. 1899) and the lower appellate court rulings on judicial privilege, and ruled accordingly.

In *Prappas v. Meyerland Com. Imp. Ass'n*, 795 S.W.2d 794, 796-799 (Tex. App.–Houston [14[th] Dist.], writ den'd), the Court of Appeals, ruling on summary judgment, considered and denied a suit for slander of title and tortious interference based on a lis pendens, which actually failed to comply with the lis pendens statute (exactly as Oakley claims here). *Prappas* held:

1. Lis pendens is part of a judicial proceeding and is, therefore, absolutely privileged, citing *Griffin v. Rowden*, 702 S.W.2d 692 (Tex. App.–Dallas 1985, writ ref'd, n.r.e.).

2.  The privilege rests upon the "open courts" provision of the Texas Constitution, Art. I, Section 13, thereby rising to the level of a constitutional right, citing *Griffin, supra*;

3.  The concept of "authority" to file the notice being limited to "one of the three pigeonholes" (of Section 12.007, Tex. Prop. Code.) was held to be "far too narrow", and, therefore, it was not actionable, the remedy being for the court to strike the notice, but not a suit for damages for the filing thereof.

The decided cases uniformly hold in favor of the doctrine of absolute privilege in judicial proceedings, including in such proceedings any filing of a notice of lis pendens, technically proper or not.   Likewise, the privilege is constitutional in nature, under the Open Courts provisions of the Texas Constitution.  Both by statute and constitutional provision, lis pendens is a basic part of Texas law, as interpreted by the Texas Courts, and may not be discarded by a strained interpretation of a statute enacted to avoid an evil unrelated to the purpose of lis pendens.

### The Case Law Is Overwhelming in the Plethora of Holdings That a Filing of a Notice of Lis Pendens Is Protected by the Absolute Judicial Privilege.

The Oakley Response concedes, at page 10 that "case law exists that supports the proposition that the filing of a notice of lis pendens is privileged."  The Response cites <u>no</u> <u>authority</u> which <u>denies</u> that "proposition." It sets out to distinguish our situation from the decided cases.

The basic distinction urged to the six cases listed at page 10 of the Response is that, supposedly, Plaintiffs' notice did not fall within "the three pigeonholes."  Plaintiffs reject this as a statement, because they contend strongly they did comply with the statute.  Regardless,

Page 10

however, there is one case cited to which their argument does not apply, *Prappas v. Meyerland Com. Imp. Ass'n*, 795 S.W.2d 794, 796-799 (Tex. App.–Houston [14th Dist.], writ den'd), discussed above, which involved a filing <u>outside</u> the "pigeonholes.".

Not being able to distinguish *Prappas,* they seek to discredit it.  They argue that policy should require this court to reject *Prappas*, although there is no holding of the Texas Supreme Court inconsistent with it.  In *James v. Brown*, 637 S.W.2d 914, 916-917 (Tex.1982), the Court quoted from the Restatement (Second) of Torts, Section 588:

> A witness is absolutely privileged to publish defamatory matter concerning another in *communications preliminary to a proposed judicial proceeding* or as a part of judicial proceeding in which he is testifying, *if it has some relation to the proceeding.* (Our emphasis)

Obviously *Prappa*s is *not* out of line.  Even out of court statements *concerning litigation* are privileged.  *James*, supra, at 917 (letter from physician to attorney for children of Plaintiff, expressing negative opinion of Plaintiff's competency held privileged, because it was written in "contemplation of a judicial proceeding."); Bennett v. Computer Associates, Inc., 932 S.W.2d 197 (Tex. App.–Amarillo 1996, writ den'd) (Statements by President of Defendant Corporation, made in settlement discussions, calling Plaintiff a "crook" or "thief" were absolutely privileged because related to "proposed or existing litigation"); Russell v. Clark, 620 S.W.2d 865, 870, 868-869 (Tex. Civ. App.–Dallas 1981, writ ref'd, n.r.e.) (Comments in conferences preliminary to suit held subject to absolute judicial privilege.)

Justice Brown's dissent in *Prappas* was largely leveled at the egregious circumstance in *Prappas*, where the lis pendens was filed <u>after the trial</u>, when the Plaintiff which filed it had <u>lost</u> the case, and had a <u>judgment entered against it</u>.

Page 11

**The Fraudulent Records Act Was Not Intended to Change the Law of
Lis Pendens, And, by its Own Terms, Does Not Do So.**

Oakley relies heavily upon the provisions codified in Tex. Civ. Prac. & Rem. Code at §
12.001, et seq. and in the Texas Government Code at § 11.901, et seq (the "Fraudulent Records
Acts").  These  were passed after the experience of county clerks in Texas with  a group  who
called themselves the "Republic of Texas," purportedly acting in the name of a revolutionary
regime.  They filed various purported judicial liens and other similar documents bearing the
imprimatur of courts of the "Republic", as if they were issued by legitimate court systems, in the
records of the county clerks in many counties. This had the effect of clouding titles and hindering
the conveyance of property.    Ultimately, the "Republic" culminated in  violence and prison
sentences for principals involved.  Because of the edicts of the spurious "courts," during this
campaign by the "Republic," the legislature decided to enact corrective legislation and the result
was the  "Fraudulent Records Acts."  See Tabs 1 through 3.

To hinder the use of the "Notice of Lis Pendens" was not the purpose of the legislature
in enacting the Fraudulent Records Acts.  Nonetheless, Oakley claims the language of these
Acts is sufficiently broad so as to wipe out the previous settled law with respect to lis pendens.
To do so would, effectively disable the lis pendens by converting it to an "act on your peril"
source of dangerous civil liability.  There is nothing in the history of the Acts which suggests that
was the intent of the legislature.  Moreover, a proper reading of the Acts, as well as their
historical purpose, cannot justify that result.

First of all, Tex. Civ. Prac. & Rem. Code, § 12.002 "Liability," provides civil liability for the
use of a document with "knowledge that the document or other record is a fraudulent record or

a fraudulent lien or claim against real or personal property or an interest in real or personal property. . ."

The "document or other record" must, therefore, be a fraudulent lien or claim against real or personal property or an interest in real or personal property. A notice of lis pendens (certainly not a "lien") is not itself a "claim." It is a notice to the public in general that there is a suit pending in which a "claim" has been asserted. Presumably, someone who reads the notice would, if interested, procure a copy of the pleading to determine what kind of "claim" is asserted by the pleading. If the pleading asserts no "claim," then the person interested may go forward without regard to the lis pendens, and incur no detriment from doing so. Further, in order to incur liability, there must be "knowledge" on the part of the person "who present(s) or use(s)" the document. As we have demonstrated above, Plaintiffs have very good reason to believe that they have a claim to rights in the critical dune which crosses both Oakley's property and theirs, as we have discussed above. The lis pendens was not filed with "knowledge" of "fraudulence" because in our estimation there is no "fraudulence," and, indeed, our claim is good. Oakley argues for a construction which would require the filer of a lis pendens to act at his peril, ultimately destructive of the practical usage of the notice itself and contrary to the purpose of the lis pendens statute.

Another condition of "liability" under § 12.002, *supra*, was the "intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in § 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property." (Our emphasis)

A reading of this provision restricts the purported fraudulent "document" to either a "court record" or a "document of a court" which is not of a court "created by or established under the

Page 13

constitution or laws of this state or the United States or another entity listed in § 37.01, Penal Code evidencing a valid lien or claim against real or personal property or an interest in real or personal property;. . ." Tex. Civ. Prac. & Rem. Code, § 12.002.

At § 37.01(1), Texas Penal Code, are listed the following "entities":

(A)     this state;

(B)     another state;

(C)     The United States;

(D)     a foreign country recognized by an act of Congress or a treaty or other international convention to which the United States is a party;

(E)     an Indian tribe recognized by the United States; or

(F)     any other jurisdiction, territory or protectorate entitled to full faith and credit in this state or the United States Constitution.

This list documents the intent of the legislature to pinpoint attempts such as those of the "Republic," which set up an alternative government and pretended to issue documentary counterparts resembling those of legitimate court systems. The statute does not provide that it would apply to any document other than one created by a spurious "court."

The Fraudulent Records Act contained in §§ 51.901 through 51.905, Tex. Gov. Code, does not purport to provide a civil liability remedy in the form of a suit for damages. This Act deals only with actions to remove the "record" rather than recover damages.

Section 51.901, Tex. Gov. Code requires that a document be "presumed to be fraudulent" if it is not a document of a "purported court or a purported judicial entity or purported judicial officer" that it not be a "document or instrument provided for by the constitution or laws of this state or the United States. The result of a filing under this statute and §§ 51.902 and 51.903 is

Page 14

simply a judicial finding that the document creates "no valid judgment lien" for "no valid lien or claim created by (the) documentation or instrument."

In construing the provision of a code, the legislature has enacted provisions commonly known as the Code Construction Act. Tex. Gov. Code §§ 311.01, et. seq. Section 311.021 "Intention Enactment of Statutes" states:

> In enacting a statute it is presumed that:
>
> (1) compliance with the constitutions of this state and the United States is intended;
>
> (2) the entire statute is intended to be effective;
>
> (3) a just and reasonable result is intended;
>
> (4) a result feasible of execution is intended; and
>
> (5) public interest is favored over any private interest.

Since, as construed by Oakley, the Fraudulent Records Acts are supposedly in conflict with the Open Courts provisions of the Texas Constitution, the construction of Oakley should yield to the Constitution because we may assume that "compliance with the constitution of this state. . . is intended." The "Fraudulent Records Act" cannot be construed to affect the doctrine of lis pendens.

## SUMMARY

Oakley has no suit by way of counterclaim against Plaintiffs based on the notice of lis pendens by which Plaintiffs put of record a reference to a lawsuit against Oakley. The failure of the Counterclaim as a matter of law is based on:

(a)    The conformity of Plaintiffs suit with the lis pendens statute, by being a suit to "establish a property right" in the critical dune which crosses both Plaintiffs' property and Oakley's property;

Page 15

(b.)   Lis Pendens partakes of the doctrine of judicial privilege, protecting all allegations relating to an action at law from civil liability, as an absolute privileged area; and

(c.)   The "Fraudulent Records Acts" historically passed for a completely different purpose, from changing the doctrine of Lis Pendens, by the wording and language cannot be tortured into providing a cause of action to Oakley in this context.

PREMISES CONSIDERED, Plaintiffs pray for leave to submit this Unopposed Motion for Leave to File this Response, and for Summary Judgment, all as set out in the original Motion for Summary Judgment herein and for such other and further relief as the Court might deem proper to grant.

Max J. Luther, III, P.C. & Associates
Frost Bank Plaza
802 N. Carancahua, Suite 1350
Corpus Christi, Texas 78470-0165
Telephone: (361) 888-5544
Telecopier: (361) 887-6835

By
Max J. Luther, III
Southern District of Texas Bar No.298
State Bar No. 12706000

and

Ed Cogburn
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
Telephone: (713) 940-6000
Telecopier: (713) 940-6099
Southern District of Texas Bar No. 2105
State Bar No. 04501000

ATTORNEY FOR PLAINTIFFS,
ARTHUR GOCHMAN AND MOLLY
GOCHMAN

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been served on the following parties in accordance with the Federal Rules of Civil Procedure on the 30th day of August, 2000.

MAX J. LUTHER, III

EDMUND L. COGBURN
Dow, Cogburn & Friedman, P.C.
9 Greenway Plaza
Houston, Texas 77046
**VIA CMRRR#** 7099 3220 0001 4298 4691

MATTHEW J. SULLIVAN
Haynes and Boone, L.L.P.
1600 One American Center
600 Congress Avenue
Austin, Texas 78701
**VIA CMRRR#** 7099 3220 0001 4298 4738

FRED D. DREILING
Attorney at Law
Bank of America
500 North Water St., Suite 714
Corpus Christi, Texas 78471
**VIA CMRRR#** 7099 3220 0001 4298 4707

E. R. FLEURIET
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas   78550
**VIA CMRRR#** 7099 3220 0001 4298 4745

JAMES F. MCKIBBEN, JR.
Barger, Hermansen, McKibben
        & Villarreal, L.L.P.
800 N. Shoreline Blvd., Ste. 2000 N.Tower
Corpus Christi, Texas 78401
**VIA CMRRR#** 7099 3220 0001 4298 4714

JORGE C. RANGEL
The Law Offices of Jorge C. Rangel
P. O. Box 2683
Corpus Christi, Texas   78403-2683
**VIA CMRRR#** 7099 3220 0001 4298 4752

MICHAEL GENE MORRIS
Attorney at Law
5350 S. Staples, Suite 222
Corpus Christi, Texas 78411
**VIA CMRRR#** 7099 3220 0001 4298 4721

1

CHiPDF – www.fwsio.com

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 19 of 38

SRC-AAA H.B. 1185 75(R)BILL ANALYSIS

Senate Research Center H.B. 1185
By: Hightower (Sponsor)
Jurisprudence
3-25-97
Committee Report (Amended)

DIGEST

Currently, individuals and organizations have begun to take action based on their refusal to recognize the authority and sovereignty of the government of the State of Texas. These entities have filed fraudulent judgment liens issued by so-called "common law courts" and fraudulent documents purporting to create liens or claims on personal and real property with the secretary of state and many county and district court clerks throughout the state. Many of the filings have been against the State of Texas and public officers and employees, as well as private individuals. These filings have clogged the channels of commerce and have amounted to harassment and intimidation of both public officials and ordinary citizens. This bill provides both civil and criminal remedies for those against whom such fraudulent filings have been made. Specifically, this bill creates a criminal offense for filing a fraudulent court document or record, exercising a function of public office that has no lawful existence, to deliver or cause to be delivered a document that simulates a legal process, and refusing to execute a release of a fraudulent instrument purporting to create a lien or claim. This bill creates an expedited judicial process that permits someone aggrieved by the fraudulent filing to obtain an expedited legal process to obtain a court order declaring the filing to be fraudulent. This bill also provides for civil remedies by creating a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to create a lien against real or personal property in favor of a person aggrieved by the filing or an attorney representing the state, county, or municipality.

PURPOSE

As proposed, H.B. 1185 creates a criminal offense for filing a fraudulent court document or record, exercising a function of public office that has no lawful existence, delivering a document that simulates a legal process, and refusing to execute a release of a fraudulent instrument purporting to create a lien or claim. This bill creates an expedited judicial process that permits someone aggrieved by the fraudulent filing to obtain a court order declaring the filing to be fraudulent. This bill also provides for civil remedies by creating a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to create a lien against real or personal property in favor of a person aggrieved by the filing or an attorney representing the state, county, or municipality.

RULEMAKING AUTHORITY

This bill does not grant any additional rulemaking authority to a state officer, institution, or agency.

SECTION BY SECTION ANALYSIS

SECTION 1. Amends Sections 32.21(e) and (f), Penal Code, to provide that an offense under this section is a felony if the writing is a government record listed in Section 37.01(2)(C), rather than 37.01(1)(C), Penal Code.

Makes a conforming change.

SECTION 2.  Amends Section 32.46, Penal Code, to provide that a person commits an offense if, by deception, the person induces a public servant to file certain documents containing certain deceptive information. Provides that an offense under Subsection (a)(2) is a state jail felony. Defines "deception."

SECTION 3. Amends Chapter 32D, Penal Code, by adding Section 32.48, as follows:

Sec. 32.48. SIMULATING LEGAL PROCESS. Sets forth requirements under which a person commits an offense for simulating legal process. Provides that proof the document was mailed is proof of delivery. Provides that it is not a defense to prosecution that the simulating document contains certain provisions. Sets forth the conditions whereby there is a rebuttable presumption that a simulated document was delivered with certain intent Provides that an offense under this section is a Class A misdemeanor, except as provided by Subsection (f). Provides that an offense under this section is a state jail felony if the defendant has previously been convicted of a violation under this section.

SECTION 4. Amends Chapter 32D, Penal Code, by adding Section 32.49, as follows:

Sec. 32.49. REFUSAL TO EXECUTE RELEASE OF FRAUDULENT LIEN OR CLAIM. Provides that a person commits a Class A misdemeanor if the person takes certain actions with an intent to defraud or harm another person.

SECTION 5. Amends Section 37.01, Penal Code, to define "court record" and redefine "governmental record." Makes a conforming change

SECTION 6. Amends Section 37.10, Penal Code, by amending Subsection (d) and adding Subsection (h), to provide that an offense under this section is a third degree felony if the governmental record was shown at trial to be a letter of patent. Authorizes a person to be prosecuted under this section and Sections 32.48 or 37.13, Penal Code

SECTION 7. Amends Section 37.11, Penal Code, to provide that it is a state jail felony, rather than a Class A misdemeanor, if a person knowingly exercises any function of certain public servants and the position has no lawful existence under the constitution of the United States or this state.

SECTION 8. Amends Chapter 37, Penal Code, by adding Section 37.13, as follows:

Sec. 37.13. RECORD OF A FRAUDULENT COURT. Provides that a person commits a Class A misdemeanor if a person makes, presents, or uses any document or record with knowledge or intent that the record is not a genuine court record. Provides that an offense under this section is a Class A misdemeanor, except that the offense is a felony of the third degree if it is shown on the trial of the offense that the defendant has previously been convicted under this section on two or more occasions. Authorizes an offender to be prosecuted under this section or Section 32.49 or 37.10, Penal Code, if conduct that constitutes an offense under this section also constitutes an offense under the above sections.

SECTION 9. Amends Section 71.02(a), Penal Code, to provides that a person commits an offense if he or she commits or conspires to commit an offense under Section 37.11(a), Penal Code.

SECTION 10. Amends Chapter 37, Penal Code, by adding Section 37.101, as follows:

**Sec. 37.101. FRAUDULENT FILING OF FINANCING STATEMENT.** Provides that a person commits an offense if he or she files or causes a financing statement to be presented for filing if certain provisions are met. Sets forth the classes of the offense.

**SECTION 11.** Amends Chapter 1, Code of Criminal Procedure, by adding Article 1.052, as follows:

**Art. 1.052. SIGNED PLEADINGS OF DEFENDANT.** Sets forth who is to sign a pleading or motion filed for or on behalf of a defendant. Sets forth the effect of a signature on a pleading or motion. Sets forth the effect of an unsigned pleading or motion. Sets forth sanctions for pleadings or motions signed in violation of this article. Requires a court to presume a pleading or motion is filed in good faith. Prohibits sanctions from being imposed except for good cause stated in a sanction order. Sets forth certain pleas which do not constitute a violation of this article. Provides that an allegation that an event took place on or about a particular date does not constitute a violation of this article. Defines "groundless."

**SECTION 12.** Amends Chapter 13, Code of Criminal Procedure, by adding Article 13.26, as follows:

**Art. 13.26. SIMULATING LEGAL PROCESS.** Authorizes an offense under Section 32.46, 32.48, or 32.49, or 37.13, Penal Code, to be prosecuted in the county from which the document was sent or in the county in which the document was delivered.

**SECTION 13.** Amends Section 51.605(c), Government Code, to require 20 hours of a required continuing education course to include at least one hour of continuing education regarding fraudulent court documents and filings.

**SECTION 14.** Amends Chapter 51, Government Code, by adding Subchapter J, as follows:

**SUBCHAPTER J. CERTAIN FRAUDULENT RECORDS OR DOCUMENTS**

**Sec. 51.901. FRAUDULENT DOCUMENT OR INSTRUMENT.** Requires certain clerks to take certain actions if there is reason to believe that a document or instrument is fraudulent. Sets forth requirements of a clerk's written notice. Sets forth provisions by which a document or instrument is presumed fraudulent.

**Sec. 51.902. ACTION ON FRAUDULENT JUDGMENT LIEN.** Sets forth a form which is authorized to be filed with the district clerk by a person against whom a judgment was rendered and has reason to believe a filing previously filed against him or her is fraudulent. Sets forth actions to be taken by a judge on a motion filed under this section. Prohibits a district clerk from collecting a fee for filing a motion under this section. Requires the judge to enter an appropriate finding of fact and conclusion of law, which is to be filed, and prohibits a district clerk from collecting a fee for filing a motion under this section. Prohibits a district clerk from collecting a fee for filing a district judge's finding of fact and conclusion of law under this section. Sets forth a suggested form order appropriate to comply with this section.

**Sec. 51.903. ACTION ON FRAUDULENT LIEN ON PROPERTY.** Sets forth a form which is authorized to be filed with the district clerk by a person who is a debtor or obligor or who owns real property and has reason to believe a filing previously filed to create a lien or a claim against the real property of the person is fraudulent. Sets forth a form for an ordinary certificate of acknowledgment. Sets forth actions to be taken by a judge on a motion filed under this section. Requires an appellate court to

expedite review of court's finding under this section prohibits a district clerk from collecting a fee for filing a motion under this section. Requires the judge to enter an appropriate finding of fact and conclusion of law, which is to be filed. Prohibits a district clerk from collecting a fee for filing a motion under this section. Requires a district judge to enter an appropriate finding of fact and conclusion of law under this section. Prohibits the county clerk form collecting a filing fee for a district judge's finding of fact and conclusion of law. Sets forth a suggested form order appropriate to comply with this section.

Sec, 51.904. WARNING SIGN. Sets forth requirements of a warning sign stating that it is a crime to file a fraudulent court record or instrument with the clerk, to be posted by a clerk described in Section 51.901(c), Government Code.

Sec. 51.905. DOCUMENTS FILED WITH SECRETARY OF STATE. Authorizes any person to file a judicial finding of fact and conclusion of law in the records of the secretary of state, who is required to file a certified copy of the finding in the same class of records as the subject document or instrument was originally filed and index it using the same names that were used in indexing the subject document or instrument, if the lien or claim is the subject of a judicial finding of fact and conclusion of law. Authorizes the secretary of state to charge a filing fee of $15 to file a judicial finding of fact and conclusion of law.

SECTION 15. Amends Section 12.013, Property Code, to set forth certain situations in which a judgment or abstract may be recorded. Makes a conforming change.

SECTION 16. Amends Title 2A, Civil Practice and Remedies Code, by adding Chapter 11, as follows:

CHAPTER 11. LIABILITY RELATED TO A FRAUDULENT COURT RECORD OR A FRAUDULENT LIEN OR CLAIM FILED AGAINST REAL OR PERSONAL PROPERTY

Sec. 11.001. DEFINITIONS. Defines "court record," "exemplary damages," "lien," and "public servant."

Sec. 11.002. LIABILITY. Prohibits a person from making, presenting or using a document with certain knowledge or intent. Provides that a person is liable to each injured person for certain costs, fees, and damages for violating Subsection (a).

Sec. 11.003. CAUSE OF ACTION. Sets forth a list of persons authorized to enjoin violation of this chapter. Provides that a person does not have the duty to disclose certain fraudulent documents, notwithstanding any other law.

Sec. 11.004. VENUE. Authorizes an action to be brought in any district court in the county in which the document was recorded or where the real property is located.

Sec. 11.005. FILING FEES. Sets forth requirements for the payment of filing fees.

Sec. 11.006. PLAINTIFF'S COSTS. Requires the court to award the plaintiff costs of bringing the action if certain provisions are met. Sets forth the costs of bringing an action.

Sec. 11.007. EFFECT ON OTHER LAW. Provides that this law is cumulative of other law under which a person may obtain judicial relief with respect to a recorded document or record.

SECTION 17. Repealer: Section 9.412(c), Business and Commerce Code

(Fraudulent filing).

**SECTION 18.** Makes application of Chapter 51J, Government Code, retroactive.

**SECTION 19.** Requires a clerk to successfully complete one hour of continuing education regarding fraudulent court documents before September 1, 1998.

**SECTION 20.** Makes application of SECTION 16 of this Act prospective.

**SECTION 21.** Makes application of this Act prospective.

**SECTION 22.** Emergency clause.
   Effective date: upon passage.

SUMMARY OF COMMITTEE CHANGES

Amendment 1.

On page 7 of the bill, line 15, strike the words "felony of the third degree" and add the words "state jail felony."

2

ClickPDF - www.finebio.com

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 25 of 38

SRC-AAA H.B. 1185    R)    BILL ANALYSIS

Senate Research Center H.B. 1185
By: Hightower (Sponsor)
Jurisprudence
3-16-97
Engrossed

## DIGEST

Currently, individuals and organizations have begun to take action based on their refusal to recognize the authority and sovereignty of the government of the State of Texas. These entities have filed fraudulent judgment liens issued by so-called "common law courts" and fraudulent documents purporting to create liens or claims on personal and real property with the secretary of state and many county and district court clerks throughout the state. Many of the filings have been against the State of Texas and public officers and employees, as well as private individuals. These filings have clogged the channels of commerce and have amounted to harassment and intimidation of both public officials and ordinary citizens. This bill provides both civil and criminal remedies for those against whom such fraudulent filings have been made. Specifically, this bill creates a criminal offense for filing a fraudulent court document or record, exercising a function of public office that has no lawful existence, to deliver or cause to be delivered a document that simulates a legal process, and refusing to execute a release of a fraudulent instrument purporting to create a lien or claim. This bill creates an expedited judicial process that permits someone aggrieved by the fraudulent filing to obtain an expedited legal process to obtain a court order declaring the filing to be fraudulent. This bill also provides for civil remedies by creating a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to create a lien against real or personal property in favor of a person aggrieved by the filing or an attorney representing the state, county, or municipality.

## PURPOSE

As proposed, H.B. 1185 creates a criminal offense for filing a fraudulent court document or record, exercising a function of public office that has no lawful existence, delivering a document that simulates a legal process, and refusing to execute a release of a fraudulent instrument purporting to create a lien or claim. This bill creates an expedited judicial process that permits someone aggrieved by the fraudulent filing to obtain a court order declaring the filing to be fraudulent. This bill also provides for civil remedies by creating a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to create a lien against real or personal property in favor of a person aggrieved by the filing or an attorney representing the state, county, or municipality.

## RULEMAKING AUTHORITY

This bill does not grant any additional rulemaking authority to a state officer, institution, or agency.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends Sections 32.21(e) and (f), Penal Code, to provide that an offense under this section is a felony if the writing is a government record listed in Section 37.01(2)(C), rather than 37.01(1)(C), Penal Code.

Makes a conforming change.

**SECTION 2.** Amends Section 32.46, Penal Code, to provide that a person commits an offense if, by deception, the person induces a public servant to file certain documents containing certain deceptive information. Provides that an offense under Subsection (a)(2) is a state jail felony. Defines "deception."

**SECTION 3.** Amends Chapter 32D, Penal Code, by adding Section 32.48, as follows:

**Sec. 32.48. SIMULATING LEGAL PROCESS.** Sets forth requirements under which a person commits an offense for simulating legal process. Provides that proof the document was mailed is proof of delivery. Provides that it is not a defense to prosecution that the simulating document contains certain provisions. Sets forth the conditions whereby there is a rebuttable presumption that a simulated document was delivered with certain intent. Provides that an offense under this section is a Class A misdemeanor, except as provided by Subsection (f). Provides that an offense under this section is a state jail felony if the defendant has previously been convicted of a violation under this section

**SECTION 4.** Amends Chapter 32D, Penal Code, by adding Section 32.49, as follows:

**Sec. 32.49. REFUSAL TO EXECUTE RELEASE OF FRAUDULENT LIEN OR CLAIM.** Provides that a person commits a Class A misdemeanor of the person takes certain actions with an intent to defraud or harm another person.

**SECTION 5.** Amends Section 37.01, Penal Code, to define "court record" and redefine "governmental record." Makes a conforming change.

**SECTION 6.** Amends Section 37.10, Penal Code, by amending Subsection (d) and adding Subsection (h), to provide that an offense under this section is a third degree felony if the governmental record was shown at trial to be a letter of patent. Authorizes a person to be prosecuted under this section and Sections 32.48 or 37.13, Penal Code.

**SECTION 7.** Amends Section 37.11, Penal Code, to provide that it is a third degree felony, rather than a Class A misdemeanor, if a person knowingly exercises any function of certain public servants and the position has no lawful existence under the constitution of the United States or this state.

**SECTION 8.** Amends Chapter 37, Penal Code, by adding Section 37.13, as follows:

**Sec. 37.13. RECORD OF A FRAUDULENT COURT.** Provides that a person commits a Class A misdemeanor if a person makes, presents, or uses any document or record with knowledge or intent that the record is not a genuine court record. Provides that an offense under this section is a Class A misdemeanor, except that the offense is a felony of the third degree if it is shown on the trial of the offense that the defendant has previously been convicted under this section on two or more occasions. Authorizes an offender to be prosecuted under this section or Section 32.49 or 37.10, Penal Code, if conduct that constitutes an offense under this section also constitutes an offense under the above sections.

**SECTION 9.** Amends Section 71.02(a), Penal Code, to provides that a person commits an offense if he or she commits or conspires to commit an offense under Section 37.11(a), Penal Code.

**SECTION 10.** Amends Chapter 37, Penal Code, by adding Section 37.101, as follows:

.../viewtext.cmd?LEG=75&SESS=R&CHAMBER=H&BILLTYPE=B&BILLSUFFIX=01185&17/2000

Sec. 37.101. FRAUDULENT FILING OF FINANCING STATEMENT.  Provides that a person commits an offense if he or she files or causes a financing statement to be presented for filing if certain provisions are met. Sets forth the classes of the offense.

SECTION 11. Amends Chapter 1, Code of Criminal Procedure, by adding Article 1.052, as follows:

Art. 1.052. SIGNED PLEADINGS OF DEFENDANT. Sets forth who is to sign a pleading or motion filed for or on behalf of a defendant. Sets forth the effect of a signature on a pleading or motion. Sets forth the effect of an unsigned pleading or motion. Sets forth sanctions for pleadings or motions signed in violation of this article. Requires a court to presume a pleading or motion is filed in good faith. Prohibits sanctions from being imposed except for good cause stated in a sanction order. Sets forth certain pleas which do not constitute a violation of this article. Provides that an allegation that an event took place on or about a particular date does not constitute a violation of this article. Defines "groundless."

SECTION 12. Amends Chapter 13, Code of Criminal Procedure, by adding Article 13.26, as follows:

Art. 13.26. SIMULATING LEGAL PROCESS. Authorizes an offense under Section 32.46, 32.48, 32.49, or 37.13, Penal Code, to be prosecuted in the county from which the document was sent or in the county in which the document was delivered.

SECTION 13. Amends Section 51.605(c), Government Code, to require 20 hours of a required continuing education course to include at least one hour of continuing education regarding fraudulent court documents and filings.

SECTION 14. Amends Chapter 51, Government Code, by adding Subchapter J, as follows:

SUBCHAPTER J. CERTAIN FRAUDULENT RECORDS OR DOCUMENTS

Sec. 51.901. FRAUDULENT DOCUMENT OR INSTRUMENT. Requires certain clerks to take certain actions if there is reason to believe that a document or instrument is fraudulent. Sets forth requirements of a clerk's written notice. Sets forth provisions by which a document or instrument is presumed fraudulent.

Sec. 51.902. ACTION ON FRAUDULENT JUDGMENT LIEN. Sets forth a form which is authorized to be filed with the district clerk by a person against whom a judgment was rendered and has reason to believe a filing previously filed against him or her is fraudulent. Sets forth actions to be taken by a judge on a motion filed under this section. Prohibits a district clerk from collecting a fee for filing a motion under this section. Requires the judge to enter an appropriate finding of fact and conclusion of law, which is to be filed, and prohibits a district clerk from collecting a fee for filing a motion under this section. Prohibits a district clerk from collecting a fee for filing a district judge's finding of fact and conclusion of law under this section. Sets forth a suggested form order appropriate to comply with this section.

Sec. 51.903. ACTION ON FRAUDULENT LIEN ON PROPERTY. Sets forth a form which is authorized to be filed with the district clerk by a person who is a debtor or obligor or who owns real property and has reason to believe a filing previously filed to create a lien or a claim against the real property of the person is fraudulent. Sets forth a form for an ordinary certificate of acknowledgment. Sets forth actions to be taken by a judge on a motion filed under this section. Requires an appellate court to

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 28 of 38

expedite review of court's finding under this sectio. Prohibits a
district clerk from collecting a fee for filing a motion under this
section. Requires the judge to enter an appropriate finding of fact and
conclusion of law, which is to be filed. Prohibits a district clerk from
collecting a fee for filing a motion under this section. Requires a
district judge to enter an appropriate finding of fact and conclusion of
law under this section. Prohibits the county clerk form collecting a
filing fee for a district judge's finding of fact and conclusion of law.
Sets forth a suggested form order appropriate to comply with this section.

Sec. 51.904. WARNING SIGN. Sets forth requirements of a warning sign
stating that it is a crime to file a fraudulent court record or
instrument with the clerk, to be posted by a clerk described in Section
51.901(a), Government Code.

Sec. 51.905. DOCUMENTS FILED WITH SECRETARY OF STATE. Authorizes any
person to file a judicial finding of fact and conclusion of law in the
records of the secretary of state, who is required to file a certified
copy of the finding in the same class of records as the subject document
or instrument was originally filed and index it using the same names that
were used in indexing the subject document or instrument, if the lien or
claim is the subject of a judicial finding of fact and conclusion of law.
Authorizes the secretary of state to charge a filing fee of $15 to file a
judicial finding of fact and conclusion of law.

SECTION 15. Amends Section 12.013, Property Code, to set forth certain
situations in which a judgment or abstract may be recorded. Makes a
conforming change.

SECTION 16. Amends Title 2A, Civil Practice and Remedies Code, by adding
Chapter 11, as follows:

CHAPTER 11. LIABILITY RELATED TO A FRAUDULENT COURT RECORD OR A
FRAUDULENT LIEN OR CLAIM FILED AGAINST REAL OR PERSONAL PROPERTY

Sec. 11.001. DEFINITIONS. Defines "court record," "exemplary damages,"
"lien," and "public servant."

Sec. 11.002. LIABILITY. Prohibits a person from making, presenting or
using a document with certain knowledge or intent. Provides that a person
is liable to each injured person for certain costs, fees, and damages for
violating Subsection (a).

Sec. 11.003. CAUSE OF ACTION. Sets forth a list of persons authorized to
enjoin violation of this chapter. Provides that a person does not have
the duty to disclose certain fraudulent documents, notwithstanding any
other law.

Sec. 11.004. VENUE. Authorizes an action to be brought in any district
court in the county in which the document was recorded or where the real
property is located.

Sec. 11.005. FILING FEES. Sets forth requirements for the payment of
filing fees.

Sec. 11.006. PLAINTIFF'S COSTS. Requires the court to award the plaintiff
costs of bringing the action if certain provisions are met. Sets forth
the costs of bringing an action.

Sec. 11.007. EFFECT ON OTHER LAW. Provides that this law is cumulative of
other law under which a person may obtain judicial relief with respect to
a recorded document or record.

SECTION 17. Repealer: Section 9.412(c), Business and Commerce Code

(Fraudulent filing

SECTION 18. Makes application of Chapter 51J, Government Code, retroactive.

SECTION 19. Requires a clerk to successfully complete one hour of continuing education regarding fraudulent court documents before September 1, 1998.

SECTION 20. Makes application of SECTION 16 of this Act  prospective.

SECTION 21. Makes application of this Act prospective.

SECTION 22. Emergency clause.
  Effective date: upon passage.

3

CitePDF - www.fastio.com

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 31 of 38

AEZ C.S.H.B. 1185 75(R)BILL ANALYSIS

CRIMINAL JURISPRUDENCE
C.S.H.B. 1185
By: Hightower
3-3-97
Committee Report (Substituted)


BACKGROUND

During the last two years, individuals and organizations have begun to
take action based on their refusal to recognize the authority and
sovereignty of the government of the State of Texas. These individuals
have filed fraudulent judgment liens issued by so-called "common law
courts" and fraudulent documents purporting to create liens or claims on
personal and real property with the Secretary of State and many county and
district clerks throughout the state. Many of the filings have been
against the State of Texas and public officers and employees, as well as
private individuals. At a minimum, the fraudulent filings have clogged the
channels of commerce, an intended and espoused consequence advocated by
so-called anti-government groups. Often these filings have amounted to
harassment and intimidation of both public officials and ordinary
citizens.

PURPOSE

CSHB 1185, if enacted, would provide civil remedies for those against whom
such fraudulent filings have been made. In addition, it would provide for
criminal sanctions to be levied against those who seek to file such
fraudulent documents. The bill would amend the Penal Code by making it an
offense to file a fraudulent court document or record, to exercise a
function of a public office that has no lawful existence, to cause or
induce a public servant to record a fraudulent court document, to deliver
or cause to be delivered a document that simulates legal process, and to
refuse to execute a release of a fraudulent instrument purporting to
create a lien or claim. Additionally, the bill would make it a violation
of the organized crime provisions of the Penal Code to exercise a function
of a public office that has no lawful existence. The bill would create an
expedited judicial process that permits someone aggrieved by a fraudulent
filing to obtain a court order declaring the filing to be fraudulent. The
bill would also create a private cause of action against a person who
files fraudulent judgment liens or fraudulent documents purporting to
create a lien or claim against real or personal property in favor of a
person aggrieved by the filing or an attorney representing the state,
county, or municipality.

RULEMAKING AUTHORITY

It is the committee's opinion that this bill does not expressly grant any
additional rulemaking authority to a state officer, department, agency or
institution.

SECTION BY SECTION ANALYSIS

SECTION 1. Amends Sections 32.21 (e) and (t), Penal Code, by deleting
"37.01(1)(C)" and adding "37.01(2)(C)" in subsections (e) and (t).
SECTION 5 of this bill amends 37.01, by adding a new subdivision. This
change is necessary in order to properly cite the subdivision of 37.01
dealing with governmental records.

SECTION 2. Amends Section 32.46 of the Penal Code, by creating an offense

CMPDF www.texlaw.com

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 32 of 38

for causing or inducing a public servant to record a fraudulent court
document and expands the scope of the section to include as a penal
offense  causing or inducing a public servant to file or record any
judicial process of a legal court, judicial entity or judicial officer
created under the laws of this state or of the United States. An offense
under the amendment is a state jail felony.  The definition of "deception"
in this section has the meaning assigned by Section 31.01 of the Penal
Code.

SECTION 3.  Chapter 32, Penal Code, which governs the offense of fraud, is
amended by  adding  Section 32.48, which expands the offense of "fraud" to
include "simulating legal process."  The proposed section provides that a
person commits an offense if the person recklessly causes to be delivered
to another any document which simulates a summons, complaint, judgment, or
other court process.   The intent of the document must include: inducing
payment of a claim from another person or causing another to submit to the
putative authority of the document or causing another to take any action
or refrain from taking any action in response to the claim.  The fact that
the "simulating document" contains a statement that it is not legal
process or that it purports to have been issued or authorized by a person
who had no lawful authority to issue it is not a defense to the offense.
If it is proven that the simulating document is filed with, presented to,
or delivered to a clerk or any employee of a clerk of a court created by
or established under the constitution or laws of this state or of the
United States, there shall be a rebuttable presumption that the simulating
document is filed with the intent of violating this section.  The first
violation of this section is a Class A misdemeanor; a subsequent violation
is a state jail felony.

SECTION 4.  Amends Chapter 32, Penal Code, by adding Section 32.49.
Section 32.49 makes it an offense if a person, with intent to defraud or
harm another person, is the owner, holder, or beneficiary of a purported
lien or claim asserted against real or personal property that is
fraudulent, as defined by Section 51.901(c), Government Code and the owner
of  the lien refuses to execute a release within 21 days after receiving
actual notice or written notice sent by either certified mail, return
receipt requested,  or by telephonic document transfer to the recipient's
current telecopier requesting the execution of a release of the fraudulent
lien or claim upon request of the obligor, debtor, or any person who owns
the real or personal property or an interest in the real or personal
property described in the document or instrument.  Subsection (b) is added
to provide presumption of intent to defraud or harm another if the person
refused to execute a release of lien within 21 days after receipt of
actual notice or written notice as provided.  An offense under this
section is a Class A misdemeanor.

SECTION 5.  Amends 37.01, Penal Code, which governs perjury and other
falsification of governmental records or statements. Subdivision (1) is
added which defines "court record". Subsequent subdivisions are renumbered
accordingly.  Under the amendment, a "court record" for purposes of
Chapter 37 of the Penal Code is a decree, judgment, order, subpoena,
minutes, or warrant.  "Court record" also includes other documents issued
by: a court of this state; another state; the United States; a foreign
country recognized by an act of Congress or a treaty or other
international convention to which the United States is a party; an Indian
tribe recognized by the United States; or any other jurisdiction,
territory, or protectorate entitled to the full faith and credit in this
state under the United States Constitution.  The definition of
"governmental record" is expanded to include letter of patent.  By adding
a definition of "court record" to Section 37.01 of this section, and in
conjunction with SECTION 6, the filing of fraudulent court records is an
offense under Section 37.10 of the Penal Code, which governs tampering
with a governmental record.

CMPDF - www.fenix.com

Case 2:00-cv-00126  Document 90  Filed in TXSD on 08/30/2000  Page 33 of 38

SECTION 6. Amends Section 37.10, Penal Code, which governs the offense of tampering with a governmental record. Subsection (d) is amended to include "letter of patent" to the list of governmental records that tampering with constitutes an offense. Subsection (h) is added and provides that an offense under this section also constitutes an offense under Section 32.48 or Section 37.13 and that a person may be prosecuted under any one of these sections.

SECTION 7. Amends Section 37.11, Penal Code, by adding Subdivision (2) to Subsection (a) and by amending Subsection (b). Currently, Section 37.11 of the code makes it an offense to impersonate a public servant with the intent to induce another to submit to his pretended official authority or to rely on his pretended official acts. The proposed addition of Subdivision (a)(2) would expand the offense of impersonating a public servant to include public officers. The expansion of the offense includes exercising by a person of any function of a public officer or public employee, including judges and courts, if that person does so knowingly and the office of position through which he purports to exercise a governmental function has no lawful existence under the Constitution or laws of the State of Texas or of the United States.

Subsection (b) currently provides that an offense under Section 37.11, Penal Code, is a Class A misdemeanor unless the person impersonated a peace officer, in which event the offense is a third degree felony. The proposed amendment to Subsection (b) makes an offense under this section a felony of the third degree in all instances.

SECTION 8. Amends Chapter 37, Penal Code, by adding Section 37.13. Section 37.13 makes it an offense if a person makes, presents, or uses any document or other record with the knowledge that the document or other record is not a record of a court created under or established by the constitution or laws of this state or of the United States and the person intends that the record be given the same legal effect as a lawfully constituted court. An offense under this section is a Class A misdemeanor unless convicted under this section on two or more occasions then it is a felony of the third degree. An offense under this section also constitutes an offense under Sections 32.48 or 37.10 which allows an election of prosecutors to choose for prosecution of strongest cases.

SECTION 9. Amends Section 71.02(a), Penal Code, by amending Subdivisions (9) and (10) and by adding Subdivision (11). Chapter 71 of the Penal Code governs organized crime, making it an offense to engage in "organized criminal activity," as defined by the chapter. Section 71.02(a) of the Penal Code currently defines what constitutes engaging in organized criminal activity. The proposed amendment would expand the definition to include any offense under Sections 37.11(a) of the Penal Code, which makes it an offense to impersonate a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts. Thus, a combination of three or more persons impersonating a public servant in violation of Section 37.11, Penal Code, constitutes "organized criminal activity" in violation of Section 71.02 of the code.

SECTION 10. Amends chapter 37 of the Penal Code by adding Section 37.101, which makes it an offense to file a fraudulent financing statement. During the 74th Legislature, Section 9.412 of the Business and Commerce Code was amended by adding Subsection (c), which makes it a criminal offense to file a false financing statement that is forged, that contains a material statement that is false, or that is groundless; the provision also created a private cause of action by behalf of anyone aggrieved by the fraudulent filing. This addition to the Penal Code merely codifies in that code that part of Section 9.412 that creates a criminal offense. The offense for filing a fraudulent financing statement that is forged is a third degree felony, unless the defendant has been convicted two or more

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 34 of 38

occasions, in which event the offense is a second degree felony.  The offense for filing a fraudulent financing statement that contains a material statement that is false or that is groundless is a Class A misdemeanor, unless the document is filed with the intent to defraud or harm another, in which event the offense is state jail felony.

SECTION 11.  Amends Chapter 1, Code of Criminal Procedure, by adding Article 1.052, which governs signed pleadings by a defendant.  Subsection (a) provides that every pleading, motion, or other paper filed by an accused person represented by an attorney must be signed by at least one attorney of record in the attorney's individual name and stating the attorney's address.  Subsection (a) further provides that, if an accused person is not represented by an attorney, that accused person must sign any pleading, motion, or other paper filed for or on behalf of the accused person and state the accused person's address.

Subsection (b) provides that the signatures of attorneys or of accused persons and defendants constitute a certificate by the signatories that they have read the pleadings and that, to the best of their knowledge, the instrument is not groundless or brought in bad faith or for harassment on unnecessary delay.

Subsection (c) provides that if the pleading is not signed, the court shall strike it from the record, unless it is promptly signed after the omission is brought to the attention of the person filing the pleading.

Subsection (d) provides that attorneys, accused persons, or defendants who file fictitious pleadings or make statements in pleadings that they know to be groundless or false for purposes of delay or harassment shall be held guilty of contempt.

Subsection (e) provides that if a pleading, motion, or other document is signed in violation of this article, the court shall impose appropriate sanctions on motion or on its own initiative, after notice and hearing. The sanctions may include an order to pay to the other party or parties to the prosecution or to the general revenue fund of the county in which the document was filed the amount  of reasonable expenses incurred because of the filing, including reasonable attorney's fees.

Subsection (f) provides that courts shall presume that pleadings, motions, and other documents filed are filed in good faith; no sanctions may be imposed except for good cause state in the sanction order.

Subsection (g) provides that a plea of "not guilty" or "no contest" or "nolo contendere" does not constitute a violation of this article.

Subsection (h) defines "groundless" for purposes of this article to mean without basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law.

SECTION 12.  Amends Chapter 13, Code of Criminal Procedure, by adding Article 13.26, creating an offense under Sections 32.48, 32.46, 32.49, and 37.13 of the Penal Code, which makes it an offense to simulate legal process and may be prosecuted either in the county from which the material document was sent or in the county in which it was delivered.

SECTION 13.  Amends Section 51.605(c), Government Code, to include a requirement that clerks, district clerks, county clerks, and district and county clerks, who already are required to complete 20 hours of continuing education courses in the performance of their duties, must include at least one hour of continuing education regarding fraudulent court documents and fraudulent document filings.

SECTION 14.  Amends Chapter 51, Government Code, by adding Subchapter J.

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 35 of 38

Currently, the clerks of courts are required to accept for filing whatever documents are presented to them; they have no discretion to reject a filing. Section 51.901(a) provides that if the Clerk of the Supreme Court, Clerk of the Court of Criminal Appeals, a Clerk of a Court of Appeals, a district clerk, a county clerk, district and county clerk or a municipal clerk has a reasonable basis to believe in good faith that a document or instrument previously filed or submitted for filing or for filing and recordation is fraudulent, as defined in the section, the clerk shall provide written notice of the filing or submitted filing to the stated or last known address of the person against whom a lien is filed. If the suspected document is a judgment lien, the person against whom the lien is filed shall be notified. If the suspected document is a lien or claim on real or personal property, or an interest therein the person who is the obligor or debtor or who owns the real or personal property or any interest in real or personal property or interest therein that is the subject of a purported lien or claim shall be notified in writing by the clerk.

Subsection 51.901(b) states that the notice required by subsection (a) must be provided within two business days after the date that the document or instrument is submitted for filing or recording. If the document or instrument has been previously filed or recorded, notice must be given not later than the second business day after the date that the clerk becomes aware that the document or instrument may be fraudulent.

Subsection (c) of Section 51.901 defines a fraudulent judgment lien as one judgment that is issued by a purported court or judicial officer that is not created or established by the constitution or laws of this state or of the United States. The subsection further defines a fraudulent lien or claim as one that: (1) is asserted against real or personal property or an interest in real or personal property; (2) is not provided for by specific state or federal statute or constitutional provision; (3) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property or by the implied or express agreement consent, fiduciary, or other representative of that person; (4) is not an equitable, constructive, or other lien imposed by a lawful court with jurisdiction.

Section 51.902 is added which permits the filing of an action on fraudulent judgment liens and sets forth model forms that may be used, both by the plaintiff seeking an order and by a judge issuing an order. Subsection (a) sets forth the suggested form of the verified motion to be filed with the district clerk by a person against whom a purported judgment was rendered. Subsection (b) is added which provides an affidavit to be signed and notarized, swearing to the truth of the allegations. Subsection (c) permits a district judge having jurisdiction over real property matters in the county in which the subject document was filed to review solely the documents in contention in an ex parte proceeding without notice to any party and without hearing evidence. The court's ruling is unappealable if it is substantially similar to the form suggested in Subsection (g). Subsection (d) prohibits a district clerk from collecting a fee for filing the motion. Subsection (e) provides that the ruling must be filed and indexed in the same class of records in which the subject document was originally indexed. Subsection (f) prohibits a county clerk from collecting a fee for filing the judge's finding of fact and conclusion of law under this section. Subsection (g) sets forth a suggested model form of the findings of fact and conclusion of law to be issued by the judge.

Section 51.903 permits a person who is the purported debtor or obligor or who owns real or personal property or an interest in real or personal property and who has reason to believe that the document purporting to create a non-judicial lien or a claim against the real or personal

property is fraudulent to file a motion seeking judicial review of the document in a judicial review process substantially similar to that set out in Section 51.902.  Like Section 51.902, Section 51.903 sets forth suggested model forms for the motion to be filed by a plaintiff and the ruling to be issued by a judge having proper jurisdiction, verified and reviewing only the documents in contention and without hearing evidence.  Any appeal under this section shall be expedited by the appellate courts.

Section 51.904 provides that a clerk shall post a sign, in letters at least one inch in height, in or near the clerk's office stating that it is a crime to knowingly and intentionally file a fraudulent court record or instrument with the clerk.

Section 51.905(a) authorizes a person to file certified copies a judicial finding of fact and conclusion of law authorized by this section with the secretary of state to be filed in the records of the same class.  Subsection (b) authorizes the secretary of state to charge a filing fee of $15 for filing such a document.

SECTION 15.  Amends Section 12.013, Property Code, which currently provides that a judgment or an abstract of judgment may be recorded if the judgment is attested under the signature and seal of the clerk of the court that rendered the judgment.  Under the proposed amendment, the phrase "judgment of a court of this state" is qualified by the phrase "expressly created or established under the Constitution or the laws of this State or of the United States", courts of a foreign country recognized by congressional act, treaty, or international agreement of the United States, or other jurisdiction entitled to the full faith and credit of the United States, thereby ensuring that only judgments and abstracts of judgments of authentic courts may be filed.

SECTION 16. Amends Subtitle A, Title 2, Civil Practice and Remedies Code, by adding Chapter 11, which permits the filing of an injunction and creates a private cause of action against a person who files a fraudulent court document or fraudulent lien or claim.  An action under this chapter may be brought by an attorney representing the state or municipality a person who is the debtor or obligor or who owns the real or personal property or the interest in real or personal property that is encumbered by the fraudulent lien or claim.  Liability attaches to individuals who file liens knowing that they are fraudulent with intent to give the same effect as a recognized valid lien with intent to cause physical injury, financial injury and injury or mental anguish or emotional distress.  An action under this section may be brought in any district court in the county where the recorded document was filed or is where the real property is located.

A filing fee for an action brought is $15 to be paid to the Clerk of the Court.  No other additional fees or costs may be charged except for service of notice for which a $20 fee for personal service shall be levied and the cost of postage if by registered or certified mail.  If unable to pay the fee, the plaintiff can file a pauper's oath under TRCP.  If the plaintiff prevails and the fees imposed are less than similar filings, the court may order the defendant to pay the difference.  In addition, the chapter provides for criminal remedies.  Liability is limited to the greater of $10,000 or the actual damages caused by the violation, in addition to court costs and reasonable attorney's fees.  Additionally, a court may impose punitive damages.

SECTION 17.  Repeals Section 9.412(c) of the Business and Commerce Code.

SECTION 18.  Provides that an action for an order brought under Subchapter J, Chapter 51, Government Code, may be brought without regard to whether the document was filed before, on, or after the effective date of this Act.

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 37 of 38

SECTION 19.   Requires clerks to complete one hour of continuing education regarding fraudulent court documents before September 1, 1998.

SECTION 20.   Provides that the change in law made by Section 16 of this Act applies only to a cause of action that accrues on or after the effective date of this Act.

SECTION 21.   Provides that the effective date with regard to criminal opposes applies may after the effective date of this Act.  By offense or element of offense accruing before the effective date of this Act is covered by former law.

SECTION 22.   EMERGENCY CLAUSE.


COMPARISON OF ORIGINAL TO SUBSTITUTE

Except for the following sections in which substantive differences occur, the substitute is substantively identical to the original:

(1)   SECTION 1 amends Penal Code, Section 32.21 (e) and (f), by deleting "37.01(1)(C)" and replacing with "37.01(2)(C)".  This is a new provision and all subsequent sections are renumbered throughout the bill.

(2)   SECTION 3 amends Chapter 32, Penal Code by adding Section 32.48 and adds language in subsection (a)"causes to be delivered" in the explanation of simulating legal process.   Subsection (a)(1) is changed by adding "from another person".

(3)   SECTION 4 is changed by amending the title of the section to "Refusal to Execute Release of Fraudulent Lien or Claim".  Section 4 also includes new language creating a process whereby a person against whom a fraudulent lien or claim has been filed and ruled invalid may request that the lien holder execute a release of said lien.  Should the lien holder fail to execute a release of the purported lien or claim within twenty-one days after receipt of actual or written notice, intent to harm or defraud another is presumed.  An offense under this newly created section of the Penal Code is a Class A misdemeanor.

(4)   SECTION 5 includes the term "minutes" in the definition of  "court record".

(5)   SECTION 7 amends Section 37.11, Penal Code and the language "knowingly purports to exercise" is added in subsection (a)(2).

(6)   SECTION 8 adds section 37.13 to the Penal Code.  The title of this section has been changed from "FRAUDULENT COURT RECORDS" to "RECORD OF A FRAUDULENT COURT" to better reflect the changes therein.  Additionally, the phrase "genuine court record" has been deleted and the phrase "record of a court created under or established by the constitution or laws of this state or of the United States" has been added.  The penalty for violation of this section has also increased from a Class B to a Class A misdemeanor and a third degree felony for subsequent offenses.

(7)   SECTION 14 includes new language in Section 51.901, Subsection (a), by adding "has a reasonable basis to believe in good faith" to the provision regarding the clerks' suspicion of fraudulent documents or instruments.

Subsection (a)(2) is changed by adding "personal" property along with real property which was contained in the original version.

Subsection (b)(2) is changed by deleting "is" and adding "may be" to clarify language.

Case 2:00-cv-00126   Document 90   Filed in TXSD on 08/30/2000   Page 38 of 38

Subsection (2)(B) is changed by adding "or agreement" to provision regarding whether a document or instrument purports to create a lien or claim.  Also, Subsection (2)(B) is amended by deleting "by the originally signed and attested or acknowledged signature".

Affidavit forms are also added to Section 51.902 and Section 51.903 which provides for a sworn statement.

Section 51.903, Subsection (c) is amended by adding "An appellate court shall expedite review of a court's finding under this section."

Section 51.902 is changed by adding paragraph IV as follows:
IV.
Movant further attests that the assertions contained herein are true and correct.

Section 51.902 is also changed by adding paragraphs IV and V as follows:
IV.
Movant attests that assertions herein are true and correct.
V.
Movant does not request the court to make a finding as to any underlying claim of the parties involved and acknowledges that this motion does not seek to invalidate a legitimate lien.  Movant further acknowledges that movant may be subject to sanctions, as provided by Chapter 10, Civil Practice and Remedies Code, if this motion is determined to be frivolous.

(8)  SECTION 19 is changed by adding a requirement for clerks to complete one hour of continuing education regarding fraudulent court documents before September 1, 1998.