UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
JUN 07 2002
CHARLES R. FULBRUGE III
CLERK

No. 00-41265

CA-C-00-126

ARTHUR and MOLLY GOCHMAN,

Plaintiffs-Appellants and Cross-Appellees,

versus

KEN and ANDREA OAKLEY, CITY OF PORT ARANSAS,
URBAN ENGINEERING, THE PERALLA CORPORATION,
LARRY L. URBAN, DAN URBAN, EUGENE URBAN, JAMES
URBAN, and STANLEY A. STARRETT, JR.,

Defendants-Appellees and Cross-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
(C-00-CV-126)

Before DeMOSS, Circuit Judge, and LIMBAUGH,* District Judge.**

PER CURIAM:***

---

*District Judge of the Eastern District of Missouri, sitting by designation.

**Judge Jones heard oral argument in this case but had to recuse. Accordingly the case is being decided by a quorum. See 28 U.S.C. §46(d).

***Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants Arthur and Molly Gochman appeal from the district court's decision granting summary judgment against them on all their claims for alleged damage to their beachfront property in Port Aransas, Texas. Appellee and cross-appellant Stanley A. Starrett, Jr., appeals from the district court's decision denying his request for attorney's fees. Having carefully considered this appeal in light of the briefs, oral argument and pertinent portions of the record, we find no reversible error of fact or law in the district court's decision. There is no need to recount the facts and procedural history of the case.

### A. The Gochmans' Appeal

The Gochmans principally contend that the district court's order deprived them of their statutory right to appeal under the Texas Dune Protection Act, Tex. Nat. Res. Code §§ 63.001 et seq., and argue on the merits that the Act was violated. Assuming for purposes of decision that the Gochmans had a right of action under the Act, the district court held that they had not offered adequate evidence of injury under the Act to withstand summary judgment. The court offered a variety of reasons for this conclusion. Without passing on the validity of the other reasons, we agree with its finding that Arthur Gochman's affidavit testimony

on damages, if admissible, was conclusory and lacked factual support.[1] This conclusion makes it unnecessary to pass on the appellants' contention that the district court should have given them a hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), on the admissibility of Arthur's affidavit as expert testimony. Whether or not the affidavit were ruled admissible under Daubert, it would not have sufficed to preclude summary judgment.

All that the affidavit says about injury or damages is that in Arthur's "opinion," Molly's property, Lot 24, declined in value by "not less than $650,000." The affidavit states no specific facts on which to base this opinion; it does not even state the present or former value of the property. The only specific harm mentioned in the affidavit is "the blocking of the view of the Gulf occasioned by the building of the Oakley House."

---

[1] Section 63.151 of the Act provides that "[a] littoral owner aggrieved by a decision of the commissioners court or governing body of the municipality under this chapter may appeal to a district court in that county." Assuming for purposes of decision that the Act creates a private right of action cognizable in federal court, "aggrieved" means at a minimum that to recover under the Act, a littoral owner must be harmed in some way. We reject the Gochmans' suggestion that the legislative findings stated in section 63.001 of the Act obviate the need for a plaintiff to prove injury to himself or herself.

"[T]he general principle" is "acknowledged in this circuit[] that the owner of property is qualified by his ownership alone to testify as to its value." *LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 433 (5th Cir. 1982) (footnote omitted).[2] This principle applies even in diversity cases. *LaCombe*, 679 F.2d at 433 n.3.[3] Yet an owner's testimony on the value of his property "cannot be based on naked conjecture or solely speculative factors." *King v.*

---

[2] *See King v. Ames*, 179 F.3d 370, 376 (5th Cir. 1999); *United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1981) (opinion testimony of landowner as to value of his land is admissible without further qualification because of presumption of special knowledge that arises from ownership of the land); *United States v. Laughlin*, 804 F.2d 1336, 1341 (5th Cir. 1986) (owner's testimony is within scope of expert opinion exception to hearsay provided by Fed. R. Evid. 702); *LaCombe*, 679 F.2d at 434 n.4.

[3] The rule in Texas courts nonetheless seems to be the same as the federal rule. *See Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex. 1996) ("A property owner is qualified to testify to the market value of his property. This evidence is probative if it is based on the owner's estimate of market value and not some intrinsic or other value such as replacement cost.") (citation omitted); *Porras v. Craig*, 675 S.W.2d 503, 504-05 (Tex. 1984) ("In order for a property owner to qualify as a witness to the damages to his property, his testimony must show that it refers to market, rather than intrinsic or some other value of the property. This requirement is usually met by asking the witness if he is familiar with the market value of his property.") (reversing judgment in favor of plaintiff on ground that plaintiff had presented no evidence of actual damages; plaintiff's testimony went only to personal, not market, value, of land).

*Ames*, 179 F.3d 370, 376 (5th Cir. 1999).[4] Here Arthur Gochman (a) was not in fact the owner of Lot 24, but was only sublessee of the property, thus lessening (if not eliminating) whatever presumption of special knowledge would arise from ownership; (b) did not even attest to the <u>market value</u> of the property (before or after the actions complained of by the Gochmans), but only as to the amount of its alleged diminution in value, asserting simply that the property had declined in value by "not less than" $650,000;[5] and (c) offered no factual support whatsoever for this assertion.[6]

---

[4]   See *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 331 (5th Cir. 1998) ("We have previously rejected the argument that, in the context of summary judgment, Fed. R. Evid. 705 does not require an expert's affidavit to contain factual support for the opinion expressed therein. For the purposes of summary judgment under Fed. R. Civ. P. 56(e), an expert affidavit must include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion.") (citations omitted).

[5]   But cf. *South Central Livestock Dealers, Inc. v. Security State Bank of Hedley, Texas*, 614 F.2d 1056, 1061 (5th Cir. 1980) (corporation's financial officer's testimony that corporation's assets exceeded liabilities by $100,000 was admissible; testimony was "closely akin to the testimony of an owner of a business about that business's value").

[6]   In <u>King v. Ames</u>, by contrast, this court held that the plaintiff, King, the daughter of a blues artist, had offered competent and adequate evidence of the value of her father's name and likeness by her testimony. King had testified not only that she had informally conducted business on behalf of her father's heirs and his estate for over ten years, but that she was familiar with the commercial value of her father's name and likeness because

Arthur's testimony does not meet the Gochmans' burden to produce evidence of injury. As the district court concluded, the "statements in his affidavit are conclusory and unspecific, and as such are inadequate to raise a genuine issue of fact in this case" as to injury. The Gochmans presented no other evidence of damages. The district court thus was right to enter summary judgment for the appellees.

For the same reasons that the Gochmans are not entitled to damages under the Dune Protection Act, their request for injunctive and mandamus relief under the Act must also fail. The same reasoning disposes of the Gochmans' claims under Texas' Deceptive Trade Practices Act and for fraud under Texas statutory and common law. Injury or damages is an essential element of each of these claims.

The Gochmans also argue that the City of Port Aransas denied them procedural due process in issuing the dune permit at issue in this case. Their argument hinges on characterizing the City Council's decision to grant the Oakley permit as a quasi-judicial decision, since it is well settled, and the Gochmans do not contest, that legislative zoning decisions are not required to

---

of her prior involvement in negotiations to market them on T-shirts.

measure up to procedural due process standards. *See Jackson Court Condominiums, Inc. v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989), citing *South Gwinnett Venture v. Pruitt*, 491 F.2d 5,7 (5th Cir.) (en banc), cert. denied. 95 S.Ct. 66 (1974).[7] The Gochmans' state law arguments for quasi-judicial characterization are unpersuasive in light of our uniform caselaw to the contrary. This court has never held or intimated that zoning decisions by a city council, like this one, should be characterized as quasi-judicial or quasi-legislative according to state law delegation theories concerning the source of the council's power. And in any event, the Gochmans' failure to provide admissible evidence of damages further supports the grant of summary judgment on this claim. Because the Gochmans' due process claim fails, their claim of conspiracy to violate their due process rights also fails.[8]

By failing to raise other claims in their opening brief to this court, the Gochmans have abandoned them.

---

[7] Although *Jackson Court* footnotes a caveat as to whether the exemption from procedural due process is a "flat rule," *Id.* at 1074 n.3, this court's en banc decision in *Shelton v. City of College Station*, 780 F.2d 475, 482 (5th Cir. 1986), states that zoning decisions, which are quasi-legislative, need only the support of "a" rational basis to justify the decision. The Gochmans make no argument concerning such niceties.

[8] *Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999).

## B. Starrett's Cross-Appeal

The earnest money contract between Starrett and Arthur Gochman provides that certain prevailing parties "in any legal proceeding brought under or with relation to this contract" are entitled to recover costs and attorneys' fees from non-prevailing parties. Starrett argues that the Gochmans' claims against him fall within this provision because their suit against him "arises directly from their ownership" of the lots that they purchased pursuant to the contract. We reject this argument. Whatever "under or with relation to the contract" means, it does not extend to all suits arising out of subsequent ownership of property that was the subject of the contract.[9]

Starrett also argues that he is entitled under the Texas Deceptive Trade Practices Act for expenses incurred in defending

---

[9] The two cases that Starrett cites on this issue are distinguishable. In *Weng Enters., Inc. v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 222-23 (Tex. App.-Houston [1st Dist.] 1992), the "prevailing party" prevailed on a breach of contract action. No action for breach of contract was brought by the Gochmans in this case. In *G. Richard Goins Const. Co., Inc., v. S.B. McLaughlin Assocs., Inc.*, 930 S.W.2d 124 (Tex. App.-Tyler 1996), the contractual fee-shifting provision at issue applied to "any legal proceeding brought under or with relation to this contract or transaction." *Id.* at 130 (emphasis added). Moreover, the underlying dispute in that case was over the defendant's obligations to develop the residential community in which the plaintiff, pursuant to the contract, purchased its lot, *id.* at 126, 130; presumably these obligations had some relationship to that contract. If not, the decision does not say so.

the Gochmans' claims under this statute. The Act provides, Tex. Bus. & Com. Code § 17.50(c), that "[o]n a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs." Starrett offers no persuasive reason for holding that the district court should have awarded fees under this provision.

We **AFFIRM** the judgment of the district court.